UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

State of New York et al.,

                              Plaintiffs,

              -against-

Administration for Children and Families et al.,

                              Defendants.

26-CV-172 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

On January 8, 2026, plaintiffs filed an emergency motion for temporary restraining order, seeking to preserve the status quo pending the resolution of their forthcoming motion for a preliminary injunction. Acting in its Part I capacity, this Court received plaintiffs' motion, including the affirmation of Jessica Ranucci and accompanying exhibits, plaintiffs' memorandum of law, and plaintiffs' complaint. The Court held a hearing on the motion on January 9, 2026.

For the reasons stated in plaintiffs' motion, the Court finds that good cause has been shown for the issuance of a temporary restraining order under Fed. R. Civ. P. 65(b) and a stay under 5 U.S.C. § 705. The Court GRANTS plaintiffs' motion, and ORDERS the following relief. Defendants are:

1. Directed to restrain and stayed from implementing the ACF Funding Freeze, as applied to the Child Care Development Fund, Temporary Assistance to Needy Families, and Social Services Block Grants programs. *See* Dkt. 8 at 1. This includes the entirety of the letters sent to plaintiffs on January 5 and 6; and

2. Directed to immediately remove any restrictions, outside of permitted statutory authority, on plaintiffs' ability to draw down funds under the Child Care Development Fund, Temporary Assistance to Needy Families, and Social Services Block Grants programs.

The Court further finds that plaintiffs have demonstrated that no security is required. The Court exercises its discretion to decline to require plaintiffs to post a bond. *See Doctor's Assocs., Inc. v. Distajo*, 107 F.3d 126, 136 (2d Cir. 1997).

This relief is preliminary in nature and is designed to protect the status quo while plaintiffs' motion for a preliminary injunction is briefed and decided. The order shall automatically expire in 14 days, subject to any further order from the Court. *See* Fed. R. Civ. P. 65(b)(2).

Judge Broderick will inform the parties concerning the schedule for briefing on the preliminary-injunction motion.

SO ORDERED.

Dated: January 9, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge

2