UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
      :
State of New York, et al.,      :
      :
                  Plaintiffs,      :
      :    26-cv-172 (VSB)
            -against-      :
      :    **ORDER**
Administration for Children and Families, et  :
al.,      :
             Defendants.  :
      :
------------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

      On January 8, 2026, Plaintiffs filed an emergency motion for a temporary restraining order, seeking to preserve the status quo pending the resolution of their forthcoming motion for a preliminary injunction.  (Doc. 7.)  On January 9, 2026, Judge Arun Subramanian, sitting as the Part I judge, found that Plaintiffs sufficiently demonstrated good cause pursuant to Federal Rule of Civil Procedure 65(b) and granted the motion, ordering that Defendants were:  (1) directed to restrain and stayed from implementing the ACF Funding Freeze, as applied to the Child Care Development Fund, Temporary Assistance to Needy Families, and Social Services Block Grants programs, including the entirety of the letters sent to Plaintiffs on January 5 and 6; and (2) directed to immediately remove any restrictions, outside of permitted statutory authority, on Plaintiffs' ability to draw down funds under the Child Care Development Fund, Temporary Assistance to Needy Families, and Social Services Block Grants programs.  (Doc. 22.)

      On January 15, 2026, Plaintiffs filed their motion for a preliminary injunction.  (Doc. 38.)  Defendants filed their opposition on January 20, 2026, (Doc. 53), and Plaintiffs filed their reply on January 22, 2026, (Doc. 62).  On January 23, 2026 at 10:00 a.m., I held an oral argument with

the parties to discuss the motion for preliminary injunction. Accordingly, having considered the parties' positions in their briefings and during oral argument, it is hereby:

ORDERED that the temporary restraining order ("TRO") shall remain in effect until February 6, 2026, because I find that good cause exists under Rule 65(b)(2) of the Federal Rules of Civil Procedure to extend the TRO for an additional 14 days. The additional time will allow me to consider the motion for preliminary injunction, and the extension is supported by the reasons outlined in Plaintiffs' motion for a temporary restraining order, their motion for a preliminary injunction, and Judge Subramanian's initial order granting the TRO.

IT IS FURTHER ORDERED that the parties shall meet & confer beginning, at the latest, on Wednesday, January 28, 2026 and submit a joint letter by Friday, January 30, 2026, outlining the parties' respective positions on: (1) Defendants' potential request for a bond should a preliminary injunction be granted; and (2) whether the parties can stipulate to hold in abeyance during the pendency of this litigation (or another time frame agreed to by the parties) Defendants' plans to implement any "temporary restricted drawdown" and/or a freeze of the disbursement of funds related to Plaintiffs in connection with the Child Care Development Fund, Temporary Assistance to Needy Families, and Social Services Block Grants programs.

SO ORDERED.

Dated:   January 23, 2026
         New York, New York

Vernon S. Broderick
United States District Judge