

**Office of the New York State Attorney General**

**Letitia James
Attorney General**

February 12, 2026

> APPLICATION GRANTED
> SO ORDERED /s/ Vernon Broderick
> VERNON S. BRODERICK
> U.S.D.J.  Feb. 12, 2026
>
> The Court directs Defendants to file a status report no later than February 17, 2026 addressing each of the questions included in Plaintiffs' letter.

Honorable Vernon S. Broderick
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *New York v. Administration for Children and Families*, Case No. 26-cv-00172

Dear Judge Broderick,

    I write on behalf of all Plaintiffs to respectfully request that the Court order an emergency status report or status conference to address a potential violation of this Court's Preliminary Injunction Order, ECF No. 71 (the "Order").

    The Court's Order enjoined Defendants from implementing their funding freeze and directed them to "immediately remove any restrictions, outside of permitted statutory authority, on Plaintiffs' ability to draw down funds" under the three programs at issue in this case, including the Temporary Assistance for Needy Families (TANF) program. *Id*. The Order further enjoined Defendants from "reimposing such restrictions" on Plaintiffs' ability to draw down funds. *Id*.

    To date, Defendants have failed to obligate billions of dollars of funds to Plaintiff States for TANF, including urgently needed funds for the second quarter of Federal Fiscal Year 2026 (*i.e.*, January, February, and March 2026). These funds have been duly appropriated by Congress, first in the November 2025 Continuing Resolution and then again in the February Consolidated Appropriations Act, 2026. Pub. L. 119-37 § 101; Pub. L. 119-75 § 6304. Defendants are legally required to "pay each [TANF] grant payable to a State . . . in quarterly installments." 42 U.S.C. § 605(a). Plaintiff States—of course—cannot draw down funds that Defendants have failed to obligate to them. Defendants' failure to obligate these funds thus is a potential violation of the Court's Order.

    Plaintiff States notified Defendants of this issue more than two weeks ago and have attempted to resolve this issue with Defendants. Defendants have asserted that they have not violated the Order because the funds at issue are not yet available for Defendants to disburse.

Defendants have represented that the Office of Management and Budget (OMB) maintains sole control of these TANF funds and has not yet apportioned them (*i.e.*, made them available to Defendants for obligation to Plaintiff States).[1]

But at the same time, Defendants were unable to make any representations about whether Defendants had taken steps that they are required to take as a precursor to OMB apportioning the funds and the funds being distributed to the States by the Department of the Treasury. To assess whether Defendants have complied with the Order, Plaintiffs asked Defendants to provide the information below, but Defendants have not done so and were unable to provide a timeline for doing so. Accordingly, Plaintiffs request that the Court order Defendants to provide the answers to these questions via status report no later than the end of the day Tuesday, February 17, 2026, or call an emergency telephonic status conference to address this issue:

1. Have Defendants submitted to OMB the information required for the apportionment of Federal Fiscal Year 2026 TANF funds, per 31 U.S.C. § 1513(b)? If so, on what date(s) did they submit such information, and what amount(s) did they request for an apportionment?

2. Have Defendants estimated the amount to be paid to each eligible State for Federal Fiscal Year 2026, Quarter 2, and have they certified to the Secretary of the Treasury that amount, per 42 U.S.C. § 605(c)? If so, on what date(s) did they submit that certification, and what was the estimated amount(s) that they certified?

In any event, it is not at all clear to Plaintiff States that Defendants required any additional action from OMB at all in order for Defendants to be able to obligate the Q2 TANF funds to Plaintiff States. In accordance with OMB Bulletin No. 26-01 (Nov. 12, 2025), which provided OMB's instructions to all agencies about how to implement the November Continuing Resolution, programs like TANF "are *automatically* apportioned the amounts needed to maintain program levels under current law." (emphasis added); *see also* OMB Circular No. A-11 (2025) at § 20 (defining TANF as an "entitlement" or an "appropriated entitlement") and § 123.11 (describing treatment of appropriated entitlements during a short-term continuing resolution). Plaintiffs respectfully request that the status report also include any authority superseding OMB Bulletin No. 26-01 that Defendants believe prevents them from obligating the Q2 TANF funds to Plaintiff States *now*, even without further OMB action.

Without immediate action by Defendants to obligate the second-quarter TANF funds, Plaintiff States cannot draw down the funding Congress directed be provided to them, and the irreparable harms this Court has sought to prevent will recur. Plaintiff States rely on the availability of quarterly TANF funding to provide cash assistance and essential services to millions of vulnerable families and children, and any interruption of funding threatens the very programs this Court's Order aimed to protect. In some Plaintiff States, negative consequences will happen almost immediately. California is already experiencing strains on its ability to fund its TANF programs,

---

[1] Defendants also highlight that this issue affects all States. Plaintiffs' view is that whether harm will additionally result to non-parties does not bear on whether Defendants have violated their obligations to the Plaintiffs in this action under the Preliminary Injunction Order.

and absent obligation of Q2 TANF funds, California's state agency will imminently need to delay transfers of TANF funds. Plaintiffs appreciate the Court's prompt attention to this matter.

Sincerely,

*Molly Thomas-Jensen*
Molly Thomas-Jensen
*Attorney for Plaintiff State of New York*