

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

February 17, 2026

**Via ECF**
Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      **Re:**    *State of New York et al v. Administration for Children and Families et al*, 26 Civ. 172 (VSB)

Dear Judge Broderick:

      This Office represents Defendants in the above-referenced action. We write in accordance with the Court's February 12, 2026 Order (ECF No. 73) directing defendants to file a status report addressing the following questions raised in Plaintiffs' February 12, 2026 letter, ECF No. 72:

1. Have Defendants submitted to OMB the information required for the apportionment of Federal Fiscal Year 2026 TANF funds, per 31 U.S.C. § 1513(b)? If so, on what date(s) did they submit such information, and what amount(s) did they request for an apportionment?

2. Have Defendants estimated the amount to be paid to each eligible State for Federal Fiscal Year 2026, Quarter 2, and have they certified to the Secretary of the Treasury that amount, per 42 U.S.C. § 605(c)? If so, on what date(s) did they submit that certification, and what was the estimated amount(s) that they certified?

3. Plaintiffs also requested that Defendants provide Plaintiffs "any authority superseding OMB Bulletin No.26-01 that Defendants believe prevents them from obligating the Q2 TANF funds to Plaintiff States *now*, even without further OMB action." ECF No. 72 at 2.

      As Defendants' counsel explained to Plaintiffs on January 27, 2026 and again on February 9, 2026, Defendants have not, as Plaintiffs characterize it, frozen or restricted access to any funds in violation of the Preliminary Injunction Order.[1]  While Plaintiffs contend that Defendants have failed to obligate funds, the undersigned understand from Defendants—and have communicated to Plaintiffs—that the Quarter 2 TANF funds are not yet available to Defendants to disburse because OMB has not yet apportioned these for any states.  In sum Defendants are not attempting to improperly withhold funds—they cannot withhold funds that they do not have.

---

[1]  This Office has continually provided prompt responses to Plaintiffs' many requests for information, even when they fall outside the scope of the Court's Temporary Restraining Order and Preliminary Injunction Order.  We would have provided, and were in the process of obtaining, the instant information to Plaintiffs without involving the Court, had Plaintiffs afforded us a reasonable amount of time to do so (more than 24 hours).

With respect to Plaintiffs' question, the Department of Health and Human Services's ("HHS") counsel has advised that Defendants submitted to the Office of Management and Budget ("OMB") the information required pursuant to 31 U.S.C § 1513(b).  We are advised that Defendants requested apportionment for Fiscal Year ("FY") fundings for Quarters 1 and 2 in the amount of $8,298,261,188.00 on December 2, 2025.[2] We are further advised that, pursuant to its authority under the Anti-deficiency Act to apportion by quarters, OMB subsequently apportioned Quarter 1 funds in the amount of $4,156,625,595. Defendants therefore resubmitted a request for Quarter 2 funding on December 22, 2025.  The Quarter 2 funding amount remains pending OMB apportionment at this time.

With respect to Plaintiffs' second question, the undersigned also understand from HHS that Defendants estimated the amount to be paid to each eligible state for Quarter 2 of FY 2026. Defendants estimated that the total amount for distribution to all states for Quarter 2 is $4,108,563,658.00. Defendants have not yet certified the estimated amount to the Secretary of the Treasury.  HHS has conveyed that in the normal course, it makes its certification to the Secretary of Treasury after OMB has approved the apportionment in compliance with 31 § U.S.C. 1517(a), which prohibits "mak[ing] or authoriz[ing] an expenditure or obligation exceeding" an apportionment.

Plaintiffs further contend that OMB Bulletin No. 26-01 (Nov. 12, 2025) (the "Bulletin") indicates that Defendants can obligate Quarter 2 TANF funds without any further action from OMB. ECF No. 72 at 2. It is Defendants' position that Plaintiff's interpretation of the Bulletin is incorrect.  As an initial matter, the Bulletin provides for automatic apportionments of funds appropriated under Section 101 of the FY 2026 Continuing Resolution ("CR") (Pub. L. No. 119-37). TANF is not appropriated under this subsection.  Rather, it is appropriated through Title IV-A of the Social Security Act (42 U.S.C. 601 *et seq.*).  The FY 2026 CR extends the Full-Year Continuing Appropriations and Extensions Act, 2025 ("FY 2025 CR"), which expired on September 30, 2025. Sec. 101 of FY 2026 CR.  In turn, Section 1101 of the FY 2025 CR provides that appropriations are available for "projects or activities" funded by certain appropriation acts from FY 2024, including The Departments of Labor, Health and Human Services, and Education, and Related Agencies Appropriations Act, 2024 (division D of Pub. L. No. 118–47).  This act extends TANF appropriations but is not the source of the fund's appropriations.  As such, TANF does not fall into the automatic apportionment contemplated by the Bulletin. Plaintiffs appear to take the position that TANF funds should be automatically apportioned pursuant to paragraph 4 of the Bulletin.  ECF No. 72 at 2.  To make this connection, Plaintiffs cite to Section 20 which provides a definition of the term entitlement that includes TANF as an example.  However, paragraph 4 explains that the covered programs are the programs defined in Section 123.11 of OMB Circular N. A-11 (2025).  And, section 123.11 makes no reference to TANF.

We thank the Court for its attention to this matter.

---

[2] We are advised that Defendants submitted an initial request for apportionment on November 17, 2025, within 15 days of the passage of the FY 2026 Continuing Resolution, Pul. L. No. 119-37 enacted on November 12, 2025, as required by 31 U.S.C § 1513(b)(1)(B).  We understand that this initial request was withdrawn to make corrections.  We are advised that Defendants subsequently requested apportionment for Quarters 1 and 2, in the amount of $8,298,261,188.00 on December 2, 2025.

Respectfully submitted,

JAY CLAYTON
United States Attorney
Southern District of New York
*Attorney for Defendants*

By:    /s/ *Kamika S. Shaw*
KAMIKA S. SHAW
MALLIKA BALACHANDRAN
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: 212-637-2768/2781
Email:Kamika.shaw@usdoj.gov
       mallika.balachandran@usdoj.gov

cc: All counsel of record (via ECF)