

**Office of the New York State**
**Attorney General**

**Letitia James**
**Attorney General**

May 11, 2026

Honorable Vernon S. Broderick
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *New York v. Administration for Children and Families, Case No. 26-cv-00172*

Dear Judge Broderick,

I write on behalf of all Parties to provide a joint status report, *see* ECF No. 86. The Parties' prior status report explained:

> Defendants produced the Administrative Record on April 1, 2026. On April 9, Plaintiffs sent a letter to Defendants stating Plaintiffs' position that the Administrative Record is substantially incomplete, asserting that it does not contain information regarding the key aspects of the Agency's decision, including nine categories of information identified in the letter. Plaintiffs asked Defendants to review their records and produce a revised Administrative Record by April 27, along with a privilege log of any materials in the Record over which Defendants assert any privilege.

> On April 16 and again on April 17, the Parties met and conferred. Defendants' position is that the agency conducted a reasonable and appropriate search for the relevant materials and that the Administrative Record as produced on April 1 is complete. Nevertheless, in an abundance of caution, Defendants agreed to conduct further searches for relevant materials, including the nine specific categories of information Plaintiffs identified in their April 9 letter, to the extent not previously searched. Defendants have agreed to amend the Administrative Record with any additional relevant materials on or before May 1. Defendants also agreed to provide a privilege log identifying any documents withheld for privilege on or before May 1.

*Id.*

Since the last status report, Defendants completed their search for relevant documents to potentially add to the administrative record. Defendants advised Plaintiffs that they needed more time to finalize their decision-making with respect to the administrative record. Although Defendants had initially indicated that they would be able to complete this process by May 5 and then May 8, Defendants ultimately needed until May 11 to do so. Accordingly, this afternoon, Defendants produced one document with redactions to Plaintiffs, which Defendants have indicated

they will add to the administrative record after the parties have agreed to, and the Court has approved, a protective order in this action.  Defendants also provided a log identifying its privilege claims with respect to the document they produced.  Defendants further advised Plaintiffs that they had identified one additional document that they declined to add to the record, but that Defendants would agree to produce the record with appropriate redactions pursuant to a discovery request.

The Parties agree that Plaintiffs may conduct some discovery in this matter, although Defendants reserve their rights to object to the scope of such discovery and any individual discovery requests, and Plaintiffs reserve their rights to seek additional discovery. On May 8, Plaintiffs provided Defendants with a written description of scope of discovery they are seeking, and the parties will confer regarding the scope of discovery by no later than May 15.  Plaintiffs intend to soon serve Defendants with discovery requests and the parties will meet and confer concerning the scope of these requests.  The parties propose to provide the Court with a further status report in one month, or June 12, 2026.

Sincerely,

Jessica Ranucci
*Attorney for Plaintiff State of New York*

2