

**Office of the New York State**
**Attorney General**

**Letitia James**
**Attorney General**

June 12, 2026

Honorable Robyn F. Tarnofsky
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007

Re: *New York v. Administration for Children and Families, Case No. 26-cv-00172*

Dear Judge Tarnofsky,

I write on behalf of Plaintiffs to oppose Defendants' request for leave to file additional briefing and declarations concerning the pending discovery dispute, ECF No. 99. Defendants waived the opportunity for additional submissions at the June 9, 2026, conference, and such submissions are in any event unnecessary and would cause undue delay.

The Parties have already submitted briefing on the relevant issue, ECF No. 91, and the Court has already held a hearing. At that hearing, Defendants consented to submitting the document at issue to the Court for *in camera* review without any further written submissions from the parties. Indeed, when specifically asked if they wanted to make any additional submissions before the Court's *in camera* review, Defendants declined—thus waiving any such request. Defendants now are attempting to reverse their position without explanation, and in doing so delay an already long-pending dispute over a single document by nearly a month.

Defendants have had every opportunity to submit a declaration in support of their assertions of privilege in relation to the document at issue, and have not done so. There is no basis for further delay. During the initial meet-and-confer process in April, prior to the specific document at issue being produced, Plaintiffs explained that assertions of privilege that are not facially supported should be supported by an agency official's declaration. Plaintiffs then raised the same issue with respect to this specific document in a May 13 letter, and the Parties conferred regarding this issue on May 15 and again on May 26—and Defendants continued to decline to provide a declaration justifying their privilege assertions, going so far as to say that they "did not agree to provide a date by which [Defendants] would provide a declaration regarding the deliberative process privilege." Instead, on June 1, the Parties submitted their briefing setting forth their respective positions. Defendants plainly could have provided a declaration in connection with that briefing, but they declined to do so, just as they again declined to request an opportunity to file such a declaration at the hearing. There is no basis to reward Defendants' dilatory tactics by sanctioning further unnecessary delay.

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' request.

Sincerely,

Jessica Ranucci
*Attorney for Plaintiff State of New York*

2