



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

June 16, 2026

<u>**Via ECF**</u>
Honorable Robyn F. Tarnofsky
United States Magistrate Judge
500 Pearl Street
New York, New York 10007

Re:    *State of New York et al v. Administration for Children and Families et al*, 26 Civ. 172 (VSB)

Dear Judge Tarnofsky:

This Office represents Defendants (the "Government")in the above-referenced action. We write respectfully to respond briefly to supplement the record in support of the Government's assertion of work product and deliberative process privilege, with respect to the redactions in a January 5, 2026 email chain (the "Email Chain").[1]  As stated at the June 9, 2026 Court conference, the Government has properly asserted work product and deliberative process privileges here.

**Work Product**

The redaction at ACF_000740 of the Email Chain properly withholds attorney work-product.  The redacted material reflects an agency attorney's opinion about the content of draft letters that HHS OGC participated in drafting.[2] The fact that counsel's opinion was conveyed by a non-attorney to other non-lawyers does not affect the work product protection*.  See, e.g., Greenlight Cap., Inc. v. Fishback*, No. 24 CIV. 4832 (PAE), 2025 WL 2642583, at \*4 (S.D.N.Y. Sept. 15, 2025) (summary of attorney's conclusions shared among non-lawyers constituted work product).  Further, HHS OGC attorneys commenting on letters were keenly aware that the decision the letters conveyed—the implementation of pre-payment documentation requirements—was likely to trigger litigation.  Attorneys within OGC were aware of other lawsuits—some brought by the plaintiffs that are now party to this litigation—over similar efforts by federal agencies to restrict or modify funding streams.  *See* Declaration of Marie Scott dated June 16, 2026 ("Scott Decl.") ¶ 7.[3] The fact that Government faced similar lawsuits in the last year over similar conduct provides a reasonable basis to believe that the conduct here would trigger litigation.  *See Equal Rts. Ctr. v. Post Props., Inc*., 247 F.R.D. 208, 211 (D.D.C. 2008) (Defendant's actions were in anticipation of

---

[1] Upon further consideration, on June 16, the Government withdrew portions of the redactions it had previously asserted. The Government sent an updated version of the redacted email chain to Plaintiffs that same day.  The Government also requested leave to submit an updated unredacted copy to the Court for its *in camera* review.

[2] In the parties' June 1, 2026 submission, the Government stated that the working drafts of the referenced letters were "authored by agency counsel."  ECF No. 91 at 5.  The Government clarifies that agency counsel participated in drafting of the letters but was not the sole author.  As indicated in the Scott Decl., agency counsel reviewed and provided revisions to drafts of the letter.

[3] Indeed, all five states that are Plaintiffs in this matter were Plaintiffs in *New York v. Trump*, No. 25-cv-39 (D.R.I.).

litigation where Defendant was aware that Plaintiff had filed similar lawsuits against similar companies on same issue.).

**Deliberative Process Privilege**

The redacted portions of the Email Chain are predecisional and deliberative. *Nat'l Council of La Raza v. DOJ*, 411 F.3d 350, 356 (2d Cir. 2005). The redacted material contains deliberations regarding the process HHS was using to draft letters to the States concerning the pre-payment documentation requirements. *See* Declaration of Reese Cody Inman dated June 16, 2026 ("Inman Decl.") ¶ 4.  It reflects the analytical work of ACF and OMB staff, tasked with collaboratively drafting the letters that would ultimately result in the final decision. *Id.* The redacted material predates the agency's final decision. *Id.*

Plaintiffs' claim that the Government's intent is at issue does not negate the deliberative process privilege here.  Courts in this district weigh a plaintiff's need for documents reflecting the deliberative process against the government's interest in candid discussions by assessing five factors: "(1) the relevance of the evidence the agency seeks to protect; (2) the availability of other evidence; (3) the seriousness of the litigation; (4) the role of the agency in the litigation; and (5) the possibility that disclosure will inhibit future candid debate among agency decision-makers." *In re Delphi Corp.*, 276 F.R.D. 81, 85 (S.D.N.Y. 2011).  Importantly here, the redacted material is not relevant to Plaintiffs' claims—officials were communicating regarding the status of and the process used to generate the drafts—this evidence is immaterial to Plaintiff's claims about the agency's motivations. "The weight of the relevance factor is likely to play a significant, although not necessarily determinative, role in this exercise." *Noel v. City of New York*, 357 F. Supp. 3d 298, 304 (S.D.N.Y. 2019).

As to the second factor, the parties have just begun discovery, so there may be other evidence relevant to Plaintiffs' claims. *N.J. Dep't of Envtl. Prot. v. Atl. Richfield Co.*, 274 F.R.D. 106 (S.D.N.Y. 2011) (availability of other evidence weighs in favor of the government).  As to the third and fourth factors, the seriousness of this case and HHS' key role are undisputed.  But, as to the fifth factor, if the Government were required to reveal comments between agency officials that do not reflect agency intent behind the decision at issue, this will inhibit future deliberations. And further, when a party seeks merely to "glean circumstantial evidence," as Plaintiffs do here, this factor weighs in favor of the Government. *Noel,* 357 F. Supp. 3d at 304 (citation omitted). Therefore, Plaintiffs have not demonstrated "that their need outweighs this important governmental interest*." In re New York City Policing During Summer 2020 Demonstrations*, 656 F. Supp. 3d 486, 495 (S.D.N.Y. 2023)

Should the Court find the deliberative process privilege does not apply to this document, it should not extend this ruling to all documents the agency produces, as Courts address the availability of the privilege on a document by document basis. *See, e.g., Montrevil v. Decker*, No. 20 Civ. 264(WFK) (LB), 2021 WL 11690690, at \*6 (E.D.N.Y. July 19, 2021) (deliberative process ruling did not apply to documents not before the Court); *United States v. Zingsheim*, 384 F.3d 867, 872 (7th Cir. 2004) ("whether an exception applies must be addressed and resolved … one document—at a time"); *Illinois Coal. for Immigrant & Refugee Rts., Inc. v. Wolf*, No. 19 Civ. 6334, 2020 WL 7353408, at \*2 (N.D. Ill. Dec. 15, 2020) (assessing deliberative process privilege on a document by document basis).

We thank the Court for its attention to this matter.

Respectfully submitted,

JAY CLAYTON
United States Attorney
Southern District of New York
*Attorney for Defendants*


By:     /s/ *Mallika Balachandran*
KAMIKA S. SHAW
MALLIKA BALACHANDRAN
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: 212-637-2768/2781
Email:kamika.shaw@usdoj.gov
        mallika.balachandran@usdoj.gov


cc: All counsel of record (via ECF)