**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATE OF NEW YORK; STATE OF CALIFORNIA; STATE OF COLORADO; STATE OF ILLINOIS, and STATE OF MINNESOTA,<br><br>*Plaintiffs,*<br><br>v.<br><br>ADMINISTRATION FOR CHILDREN AND FAMILIES; ALEX J. ADAMS, in his official capacity as the ASSISTANT SECRETARY OF THE ADMINISTRATION FOR CHILDREN AND FAMILIES; U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; and ROBERT F. KENNEDY, JR., in his official capacity as the SECRETARY OF THE U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>*Defendants.* | No. 26 Civ. 172 (VSB) |

**DECLARATION OF MARIE SCOTT**

I, Marie Scott, hereby declare under penalty of perjury:

1. I am the Associate General Counsel for the Children, Families, and Aging Division (CFAD) of the Office of the General Counsel (OGC) of the U.S. Department of Health and Human Services (HHS). I have held this position since May 2023. CFAD provides legal advice to the Administration for Children and Families (ACF), a component of HHS.

2. I submit this declaration in support of certain redactions HHS) made to a January 5, 2026 email chain produced to Plaintiffs in this action (Bates Nos. ACF 000738-741) on the ground that the withheld material is protected by the attorney work-product doctrine.

3. The matters contained in this declaration are based upon my review of the January 5, 2026 email chain; my personal knowledge of the documents kept by ACF in the ordinary course of business; and on information provided to me in the course of my official duties as Associate General Counsel.

4. The work product privilege protects such tangible and intangible items as interviews, memoranda, correspondence, mental impressions, and personal beliefs prepared or developed in reasonable anticipation of litigation. The privilege is predicated on the recognition that proper preparation of a case depends on an attorney's ability to assemble information, sort relevant from irrelevant facts, and prepare his/her legal theories and strategies without intrusive or needless scrutiny.

5. The January 5, 2026 email chain concerns HHS's review of the content of draft letters that ACF later sent to the Plaintiff States on January 5 and January 6, 2026. ACF personnel as well as attorneys from HHS OGC participated in drafting and reviewing the content of the letters.

6. The redacted material consists of a comment regarding OGC's revisions to the draft letters before the content of the letters was finalized. Specifically, at 12:15 p.m. on January 5, 2026, Alex J. Adams, Assistant Secretary, sent an email to Anne DeCesaro, Associate Director for Education, Income Maintenance and Labor Programs in the Office of Management and Budget, copying Kaitlyn Stumpf, Advisor for Education, Income Maintenance and Labor Programs in the Office of Management and Budget, Martha Verno, ACF Chief of Staff, and HHS OGC noting that the draft letters were "still going through OGC," and then relating what one of the OGC attorneys had told him about OGC's comments on the drafts. HHS withheld this information because it reflects attorney opinions, conclusions, and/or mental impressions.

2

7.   In providing revisions to the letters, OGC attorneys, including myself, were aware that HHS's decision to implement the pre-payment documentation requirements set forth in the letters that are at issue in this litigation were reasonably likely to result in legal challenges from some or all of Plaintiff States because any failure to comply with the documentation requirements could result in payment delays to the States of substantial funding amounts. Specifically, Plaintiffs allege that hundreds of millions of dollars of fundings were subject to the pre-payment documentation requirements.  See ECF No. 39 at 39.  HHS OGC was also aware of other lawsuits filed against the United States and its agencies during 2025 relating to restrictions or modifications to funding mechanisms, such as *New York v. Trump*, No. 25-cv-39 (D.R.I.) (lawsuit brought by numerous states against numerous agencies, including HHS, challenging an Executive Order that terminated or paused various federal funding programs).

8.   As explained above, because the redacted material consists of attorney opinions, conclusions, and/or mental impressions concerning the draft letters provided with an eye towards potential litigation, HHS withheld this information on the grounds that it is protected by the attorney work-product doctrine.

June 16, 2026

_____
Marie Scott
Associate General Counsel

3