**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

STATE OF NEW YORK; STATE OF CALIFORNIA; STATE
OF COLORADO; STATE OF ILLINOIS, and STATE OF
MINNESOTA,

> *Plaintiffs,*

> v.

ADMINISTRATION FOR CHILDREN AND
FAMILIES; ALEX J. ADAMS, in his official capacity as the
ASSISTANT SECRETARY OF THE ADMINISTRATION
FOR CHILDREN AND FAMILIES; U.S. DEPARTMENT OF
HEALTH AND HUMAN SERVICES; and
ROBERT F. KENNEDY, JR., in his official capacity as the
SECRETARY OF THE U.S. DEPARTMENT OF HEALTH
AND HUMAN SERVICES,

> *Defendants*.

No. 26 Civ. 172 (VSB)

**DECLARATION OF REESE CODY INMAN**

I, Reese Cody Inman, hereby declare under penalty of perjury:

1. I am the Principal Deputy Assistant Secretary at the Administration for Children and Families (ACF) a component of the U.S. Department of Health and Human Services (HHS). I have held this position since March 9, 2026. Prior to that, I served as Deputy Assistant Secretary for Management from December 3, 2025.

2. I submit this declaration to assert the deliberative process privilege over the January 5, 2026, email chain with the Bates-stamp range ACF 000738-741, which was redacted due to an assertion of deliberative process privilege in the case of *New York, et al., v. Administration of Children and Families, et. al*., No. 26 Civ. 172 (VSB) (RFT). The redacted portions of the January 5, 2026 email chain concern deliberative comments made by ACF and Office of Management and Budget ("OMB") officials, with respect to the agency's determination to

implement pre-payment documentation requirements and data requests for the five Plaintiff States.  This declaration is responsive only to the assertions of deliberative process privilege with respect to the January 5, 2026 email chain and does not waive any undiscussed assertions of privilege.

3.   The matters contained in this declaration are based upon my review of the January 5, 2026 email chain; my personal knowledge of the documents kept by ACF in the ordinary course of business; and on information provided to me in the course of my official duties as Principal Deputy Assistant Secretary.

4.   The email chain contains a redaction pursuant to the deliberative process privilege on pages ACF 000739-40.  The redacted material appears in one email, concerning ACF's review of the content of draft letters to the Plaintiff States.  The redacted material reflects deliberations regarding the draft language circulated among agency personnel about the prepayment documentation requirements with respect to funding drawdowns by the five Plaintiff States. Specifically, the redacted material contains deliberations regarding the process HHS was using to draft the letters to the Plaintiff States.  The redacted material reflects the analytical work of ACF and OMB staff, tasked with collaboratively drafting the letters that would ultimately result in the final decision.  These communications predate the agency's final decision.

5.   Based on my personal review of the document, I have determined to assert the claim of deliberative process privilege with respect to the redacted portion of the document referenced in ¶ 4.

6.   The deliberative process privilege protects pre-decisional, deliberative information or documents from disclosure.   The deliberative process privilege protects the internal

deliberations of the government by exempting from release those recommendations, analyses, and discussions—both factual and legal—prepared to inform or in anticipation of decision-making.

7.    In determining to assert a formal claim of privilege with respect to pre-decisional deliberative documents, the agency considers whether the documents are properly characterized as falling within the scope of the deliberative process privilege, that is, whether the documents predate the adoption of an agency policy or decision and whether the documents reflect the give-and-take of the consultation process leading up to the formulation of an agency policy or decision.  Generally, the privilege is claimed only to protect those intra-governmental documents reflecting advisory opinions, draft documents, recommendations, reasoning, and deliberations that make up part of the process by which agency decisions and policies are formulated.  The agency does not seek to protect documents containing factual matters unless such factual matters are so intertwined with advisory opinions, draft material, recommendations, or reasoning by officials that the factual material cannot be excised from the privileged material or unless the factual matter itself, through its selection and distillation by the author, would reveal the author's mental processes or the agency's deliberations. Whenever possible, reasonably segregable non-privileged portions of documents are produced. The privilege is not claimed to protect all opinions, conclusions, mental impressions, and thought processes of government officials, but only those whose disclosure would interfere with vital government functions or would cause injury to the quality of agency decisions.

8. Based on my experience as Principal Deputy Assistant Secretary, I believe disclosing the redacted portion of the document would negatively impact ACF's decision-making by inhibiting candid discussion of policy matters.  It is important for agency personnel

3

and interagency partners to be able to freely share their views and recommendations during the decision-making process without the prospect of the content of pre-decisional discussions being publicly disclosed.

9.   The deliberations and commentary reflected in the withheld material occurred prior to the government reaching its final decisions regarding pre-payment documentation requirements and data requests for the five Plaintiff States.  The withheld material does not reflect statements of agency policy or final decisions as to the implementation of restricted drawdowns with respect to Plaintiff states.

10. For the reasons described above, asserting the claim of deliberative process privilege in this instance is necessary to protect the confidentiality of predecisional agency deliberations.

June 16, 2026

---

REESE CODY INMAN
Principal Deputy Assistant Secretary
Administration for Children and Families