

**Office of the New York State**
**Attorney General**

**Letitia James**
**Attorney General**

June 18, 2026

Honorable Robyn F. Tarnofsky
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.,
New York, NY 10007

Re: *New York v. Administration for Children and Families, Case No. 26-cv-00172*

Dear Judge Tarnofsky,

I write on behalf of Plaintiffs in response to Defendants' assertion of work product and deliberative process privilege over the Email Chain, ECF Nos. 103, 104, 105.[1] For the reasons detailed below, Plaintiffs respectfully request that the Court order Defendants to remove the two remaining redactions and produce any attachments to the Email Chain.

Defendants have now decided to "withdr[a]w portions of the redactions [they] had previously asserted." ECF No. 103 ("Ltr.") at 1 n.1. To be clear, Defendants asserted privilege over these now-withdrawn redactions at least five times: in the privilege log; in a May 21, 2026 letter to Plaintiffs; in the Parties' meet and confer; in the joint letter to the Court, ECF No. 91; and at the June 9, 2026 hearing. The now-unredacted material shows that Defendants' assertions of privilege have been exceedingly broad and inappropriate. Further, it is difficult to fully square the now-uncovered redactions with Defendants' earlier representations about them. *Compare* ECF No. 91 at 5 ("[T]he redacted material consists of comments regarding working drafts of the letters.") *with* ACF000740 ("Let us know if any concerns/edits/feedback. Call if easier!"); *compare* ECF No. 91 at 6 ("[T]he redacted text relates to draft language that was being circulated among agency personnel prior to the decision being made.") *with* ACF000740 ("Thank you. I might be in meetings so please include Kaitlin when they come over. I have everyone standing by. Also, could you please, for our records, send the December MN letters on CC, TANF, and SSBG?").

Work Product Privilege: Defendants assert the work product privilege only as to the first remaining redaction. Defendants' work product argument maintains its previous fatal flaw: Defendants have never asserted, and do not now assert, that the Email Chain was prepared in anticipation of litigation, the key requirement of the work product privilege. Defendants, instead, assert work product on the basis that other individuals—"OGC attorneys" who did not author the Email Chain—were merely "aware that HHS's decision . . . [was] reasonably likely to result in legal challenges" and "aware of other lawsuits filed against the United States." ECF No. 104 ¶ 7; *see also id.* ¶ 8 ("an eye towards potential litigation."); Ltr. 1 ("keenly aware that the decision . . . was likely to trigger litigation"). Courts in this Circuit squarely reject the view that "avoidance of litigation without more constitutes in anticipation of litigation" because this would "subsume all compliance activities by a [defendant] as protected from discovery." *Durling v. Papa John's Int'l,*

---

[1] Defendants submitted three filings totaling nine pages, notwithstanding that the Court's order limited them to "a filing of not more than two pages in support of their position," ECF No. 102.

*Inc.*, No. 16 Civ. 3592, 2018 WL 557915, at *7 (S.D.N.Y. Jan. 24, 2018) (quotation omitted); *Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 547, 553 (S.D.N.Y. 2013). Nor do Defendants assert that they would have taken any different steps in the absence of potential litigation, required for the Second Circuit's but-for causation test. *Cf. Equal Rts. Ctr. v. Post Props., Inc.*, 247 F.R.D. 208, 211 (D.D.C. 2008) (out-of-Circuit case cited at Ltr. 1 that, by contrast, satisfied but-for causation). Finally, Ms. Scott's declaration, ECF No. 104, does not contain the requisite personal knowledge to be credited: she was not on the Email Chain and does not purport to have any personal knowledge of the Email Chain or the letters.

Deliberative Process Privilege: Defendants assert the deliberative process privilege only as to the second remaining redaction. That assertion continues to be inapt. First, Defendants have failed to show this document was deliberative and pre-decisional. Mr. Inman's declaration makes no suggestion that the redacted text has anything to do with the "back-and-forth exchange of ideas, constructive feedback, and internal debate. . . at the heart of the deliberative process privilege." *Nat. Res. Def. Council v. Env't Prot. Agency*, 19 F.4th 177, 189 (2d Cir. 2021). It says that "the redacted material contains deliberations regarding the process HHS was using to draft the letters to the Plaintiff States." ECF No. 105 ¶ 4. It is unclear why a mere discussion of process used to draft the letters implicates the privilege. And this declarant likewise lacks personal knowledge: Mr. Inman was not on the Email Chain at the relevant time period; does not purport to have any personal knowledge of the relevant events; and states that his declaration is based merely on his "personal review of the document," which Plaintiffs understand to mean post hoc review during this litigation. *Id*. ¶ 5. And to the extent that the redacted text was "adopted as a rationale for [the] decision" or reflected Defendants' policy as ultimately reflected in the letters, the privilege "evaporates." *Nat'l Council of La Raza v. Dep't of Just.*, 411 F.3d 350, 358 (2d Cir. 2005) (quotations omitted).

Second, deliberative process is a qualified privilege that should, in any event, not apply here, where Defendants' intent is at issue and the Court has already found Plaintiffs likely to succeed in challenging Defendants' arbitrary political animus. *See* ECF No. 80 at 44; ECF No. 91 at 3-4 (citing cases). And all the balancing factors cited by Defendants, *see* Ltr. 2, favor Plaintiffs: Defendants admit that the seriousness of this case and HHS's key role are in Plaintiffs' favor; the redactions relate directly to the letters transmitting the challenged agency action and the Email Chain was written just the day before those letters were sent; Defendants' boilerplate statement about "inhibiting candid debate" based on no personal knowledge and limited experience should not be credited, *see* ECF No. 104 ¶¶ 1, 8; and Defendants have not pointed to any other evidence that could provide similar information to Plaintiffs. *See* Ltr. 2.

Missing Attachments: Defendants' withdrawn redactions suggest the existence of draft document attachments, yet Defendants neither produced them nor withheld them on privilege grounds. These should be produced, and no privilege should shield these drafts either, for the same reasons that the privileges should not apply to the Email Chain and discussion therein (see ECF No. 91), particularly where these documents may reveal further evidence of the pretext, intent, and irregular process that Plaintiffs have alleged motivated the ACF Funding Freeze.

Sincerely,

Jessica Ranucci
*Attorney for Plaintiff State of New York*