

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

July 6, 2026

<u>**Via ECF**</u>
Honorable Robyn F. Tarnofsky
United States Magistrate Judge
500 Pearl Street
New York, New York 10007

> Re:  *State of New York et al v. Administration for Children and Families et al*, 26 Civ. 172 (VSB)

Dear Judge Tarnofsky:

This Office represents Defendants in the above-referenced action. We write respectfully to respond to the Court's Order dated June 29, 2026, directing Defendants to provide a supplemental letter explaining their basis for withholding draft documents that Defendants submitted to the Court for *in camera* review on June 26, 2026. ECF No. 110. As explained further below, Defendants did not produce these records to Plaintiffs as part of the administrative record because they are not among the documents the agency considered in making the decision at issue. Specifically, the documents are not attachments to the email chain that Defendants added to the administrative record containing information the agency did consider in issuing its decision. While the records were attached to an earlier email appearing in the same chain, the agency did not consider them in rendering its decision. In addition, as the three documents are draft letters to Plaintiffs communicating the agency's decision on which agency counsel commented, they are protected from disclosure by the attorney work-product and deliberative process privileges. Defendants recently agreed to produce certain discovery Plaintiffs requested beyond the administrative record and, to the extent these documents are responsive to Plaintiffs' requests, Defendants intend to identify these records on the privilege log it provides in connection with its document production.

On April 1, 2026, Defendants produced and filed the administrative record in this Administrative Procedure Act ("APA") litigation. ECF No. 85.  On May 11, 2026, Defendants supplemented the Administrative Record by producing to Plaintiffs the email chain dated January 5, 2026 at bates number ACF 000739 to ACF 00040 (the "Email Chain").  Defendants decided to add the Email Chain to the Administrative Record because portions of the document contain information that the HHS directly or indirectly relied upon in making the decision to implement temporary restricted drawdowns and make data requests for the five plaintiff states for the three programs in question.  Specifically, the email from Anne DeCesaro that starts on ACF 00038 and ends on ACF 000739 is the relevant portion of the Email Chain that includes information HHS considered regarding California, Illinois, and New York.  This information is properly part of the Administrative Record.

Conversely, earlier parts of the Email Chain do not include information that HHS directly or indirectly relied upon in making its decision.  Therefore, Defendants only included this version of the Email Chain in the Administrative Record because it reflects the portion of the Chain that contains information the agency relied on in reaching its decision. *See, e.g., Nat. Res. Def. Council, Inc. v. U.S. Food & Drug Admin.*, 598 F. Supp. 3d 98, 108 (S.D.N.Y. 2022) ("the administrative

record should not include materials that were not considered by agency decisionmakers"). The three attachments that are referenced in the email starting at the bottom of ACF 000739 and ending at the top of ACF 000740 are attached only to that email; they were not attached to the Email Chain. Because neither the draft letters nor the email they were attached to were relied upon in HHS' decision-making, they were not included in the Administrative Record or produced to Plaintiffs.

While the attachments may be responsive to Plaintiffs' requests for documents beyond the administrative record, to which Defendants are in the process of responding, Defendants assert that all three draft letters are protected by the work-product and deliberative process privileges. Work-product would properly apply because the attachments are drafts that were sent to lawyers in anticipation of litigation. Agency counsel later reviewed these drafts and provided legal advice. *See* Declaration of Marie Scott, ECF No. 104 ¶ 5. Should they be produced, any differences between these drafts and the final drafts of the letters that were sent to Plaintiff states would clearly reveal agency attorney's opinions and advice. *Nesse v. Pittman*, 202 F.R.D. 344, 351 (D.D.C. 2001) ("If [counsel] modifies the draft, comparing the draft with the modified final discloses her mental processes if the changes are more than typographical. . . . Since drafts can so obviously reflect of a lawyer's mental processes, it is hardly surprising that they have been accorded work-product protection").

Similarly, any differences between these drafts and the final drafts would reveal the agency's deliberation and as such, these draft letters are also protected by the deliberative process privilege.[1] "[W]here communications are of a nature that they would reveal the deliberative process underlying a not-yet-finalized policy decision, or a not-yet-announced policy decision, deliberations about what message to deliver, and how to go about doing so, can fall within the protections of the deliberative process privilege." *Nat'l Day Laborer Org. Network v. United States Immigr. & Customs Enf't*, 486 F. Supp. 3d 669, 701 (S.D.N.Y. 2020) (citation modified). For the same reasons explained in Defendants' June 16, 2026 letter to the Court, ECF No. 103, these documents are protected by the work product and deliberative process privileges.

We thank the Court for its attention to this matter.

---

[1] If the Court is inclined to consider and issue a ruling on Defendants' privilege assertions with respect to these three attachments, Defendants requests the opportunity to provide supporting declarations.

Respectfully submitted,

JAY CLAYTON
United States Attorney
Southern District of New York
*Attorney for Defendants*

By:      /s/ *Mallika Balachandran*
KAMIKA S. SHAW
MALLIKA BALACHANDRAN
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: 212-637-2768/2781
Email:kamika.shaw@usdoj.gov
      mallika.balachandran@usdoj.gov

cc: All counsel of record (via ECF)