

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

July 13, 2026

**Via ECF**

Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

>      Re:    *State of New York et al v. Administration for Children and Families et al*, 26
>             **Civ. 172 (VSB)**

Dear Judge Broderick:

This Office represents Defendants in the above-referenced action. We write respectfully to request that the Court enter the attached proposed permanent injunction order resolving this matter in its entirety or schedule a conference regarding the same. *See* Ex. A.

As Defendants explained in their July 9, 2026 letter, ECF No. 114, the Administration for Children and Families ("ACF") sent a letter to Plaintiff states on July 8, 2026, rescinding the January 5 and January 6, 2026 letters implementing the agency action that forms the basis of Plaintiffs' lawsuit and notifying Plaintiffs that any future agency action with respect to the relevant funding programs would comply with the preliminary injunction the Court issued on February 6, 2026., ECF No. 71.  *See* Ex. B, July 8, 2026 Letters to Plaintiff states.  In light of this, Plaintiffs' lawsuit is now moot.  Pursuant to Article III of the United States Constitution, "the judicial power extends only to cases or controversies," and "a federal court lacks jurisdiction to consider the merits of a moot case." *Chevron Corp. v. Donziger*, 833 F.3d 74, 123 (2d Cir. 2016) (cleaned up). A claim is moot "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Tann v. Bennett*, 807 F.3d 51, 52 (2d Cir. 2015) (citations omitted).  "[W]hen the challenged conduct ceases," the Court is no longer able to grant relief to the party challenging the discontinued conduct, and "any opinion as to the legality of the action would be advisory." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000).  Here, there is no longer a live case or controversy, as Defendants have rescinded the January 5 and 6, 2026 letters implementing what Plaintiffs refer to as the "ACF Funding Freeze." The agency is no longer implementing the temporary restricted drawdown laid out in the January 5 and 6, 2026 letters, it has rescinded the data requests, and it has agreed to continue to comply with the Preliminary Injunction going forward.[1]

---

[1] No exceptions to the mootness doctrine apply here.  First, because Defendants have agreed to comply with the Court's Preliminary Injunction Order going forward, there is "no reasonable expectation that the alleged violation will recur." *Am. Freedom Def. Initiative v. Metro. Transp. Auth.*, 815 F.3d 105, 109 (2d Cir. 2016) (citation modified).  Second, "the effects of [Defendants'] challenged conduct have been completely eliminated," and Plaintiffs "suffer[] no ongoing harm or lingering effect" because Defendants have completely withdrawn the decisions articulated in the January 5 and January 6, 2026 letters. *Id.* at 111. Accordingly, it cannot be fairly disputed that this case is moot.

As Plaintiffs have now received all the relief they could obtain through this lawsuit, Defendants reached out to Plaintiffs' counsel to attempt to resolve this matter on consent. However, the Government's efforts to date have been unsuccessful, and the parties appear to be at an impasse at this time.

Defendants therefore indicated in a July 9, 2026 adjournment request to Magistrate Judge Tarnofsky that should settlement discussions prove unsuccessful, Defendants would file a motion to dismiss for mootness. ECF No. 114. During a June 10, 2026 discovery conference, Judge Tarnofsky directed the parties to meet and confer regarding a briefing schedule for Defendants' anticipated motion to dismiss. *See* ECF No. 118. Hours after that conference, Plaintiffs notified Defendants that, six months after initiating this case, Plaintiffs are now contemplating expanding this lawsuit by adding the Office of Management and Budget ("OMB") as a defendant. This tactic, however, cannot change the fact that HHS, the only agency authorized to take the actions challenged in this lawsuit, has already agreed to the relief Plaintiffs seek, eliminating any potential harm or controversy and rendering this case moot.

In the interests of preserving the Court's and the parties' time and resources associated with briefing and adjudicating a motion to dismiss, during which time Plaintiffs have indicated that they will continue to seek discovery from Defendants, the Government submits that it would be more efficient for Defendants to consent to entry of an Order permanently enjoining them from engaging in the conduct set forth in the Court's Preliminary Injunction Order, which would resolve this lawsuit in its entirety. Accordingly, the Government respectfully requests that the Court review and approve the attached proposed Order and close this case or schedule a conference for the parties to discuss entry of a permanent injunction with the Court. If the Court is not inclined to consider entering a permanent injunction at this time, the parties will continue their discussions to set a proposed briefing schedule for Defendants' anticipated motion to dismiss. The Government solicited Plaintiffs' consent to this application earlier today and Plaintiffs' counsel objected to the proposed Order, arguing that it did not apply to OMB and that they needed more time to consider it. As the Government explained to Plaintiffs' counsel, however, since HHS is the only agency authorized to take the actions challenged in this lawsuit, there is no need to include OMB or any other agency in the Order. Indeed, if HHS were to re-impose drawdown restrictions or a funding freeze at the direction of any other federal entity, this would violate the preliminary injunction the Court has issued, as well as the proposed permanent injunction. Thus, the Government believes this issue is ripe for the Court's consideration at this time.

We thank the Court for considering this submission.

Respectfully submitted,

JAY CLAYTON
United States Attorney
Southern District of New York
*Attorney for Defendants*


By:      /s/ *Kamika S. Shaw*
KAMIKA S. SHAW
MALLIKA BALACHANDRAN
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: 212-637-2768/2781
Email:Kamika.shaw@usdoj.gov
        mallika.balachandran@usdoj.gov


cc: All counsel of record (via ECF)