

**Office of the New York State
Attorney General**

**Letitia James
Attorney General**

July 13, 2026

Honorable Vernon S. Broderick
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *New York v. Administration for Children and Families, Case No. 26-cv-00172*

Dear Judge Broderick

      I write on behalf of all Plaintiffs to oppose Defendants' pre-motion request for a permanent injunction. ECF No. 119. Plaintiffs seek an Order directing the Parties to confer regarding this motion and allowing Plaintiffs to file a substantive support or opposition to this motion following such conferral.

## I.      Background

      On July 8, Defendant ACF sent each Plaintiff State's benefits agency a substantially similar letter, which stated that ACF was "rescind[ing]" the January 5 and 6 Letters and "rescind[ing] the alleged funding decisions at issue in" this action. *See* ECF No. 115-1. On that same day, Defendants notified Plaintiffs of their view that the case is moot in light of the July 8 letters, and Plaintiffs shared their view that the case is not moot. The Parties appeared before Judge Tarnofsky on July 10 and were directed to discuss a briefing schedule for an anticipated motion to dismiss on mootness grounds. *See* ECF No. 118.

      Later that day, Plaintiffs notified Defendants that, in line with prior discussions between the Parties, Plaintiffs were considering whether to amend their complaint to add the Office of Management and Budget (OMB) and its Director as Defendants given that they were disclosed as directly involved in agency decision-making; that Plaintiffs would file any amended complaint within a week; and that Plaintiffs' view was that any motion to dismiss briefing should be conducted thereafter.

      At an 11:00 a.m. conferral today (July 13), Defendants first notified Plaintiffs that they would be seeking the entry of a permanent injunction. The Parties had a detailed conversation regarding the scope of that potential injunction, in which Plaintiffs raised significant points of concern. At noon today, Defendants first provided Plaintiffs with a draft permanent injunction order and sought "any comments by 3:00 p.m. as we plan to file our letter attaching this order at the end of the day." Plaintiffs informed Defendants both at the conferral and again in writing before 3:00 p.m. that Plaintiffs' position is that they need more than just a few hours to evaluate this

proposal; that any injunction must describe with specificity the future actions that are prohibited and be accompanied by some documentary proof that not only the letters, but the underlying policy documents have been rescinded; and that any injunction must include OMB. Experience has shown Plaintiffs that OMB may engage in funding disruption without going through agency decision making. Thus, in order to meaningfully resolve Plaintiffs' claims, Plaintiffs require an injunction that at minimum provides protection against future actions by OMB with respect to the ACF Funds, which may not flow via HHS.

**II.      Argument**

Having failed at their first gambit to convince Plaintiffs to consent to mootness, Defendants are now taking another tactic to avoid judicial review and the discovery to which they consented: dropping a motion for a permanent injunction on just hours' notice, without any good faith effort to resolve the concerns raised by Plaintiffs when they first learned of this effort earlier today. For weeks, Defendants have been actively resisting Plaintiffs' efforts to obtain discovery. Now, with limited options to avoid their obligation to turn over relevant and responsive documents, Defendants are attempting to unilaterally resolve the case. But Defendants cannot resolve this case through only a one-sided and self-serving stipulation, with no opportunity for Plaintiffs to respond.

Plaintiffs oppose the entry of this permanent injunction at this time. Plaintiffs' position is that any permanent injunction must include not only the current Defendants, but also OMB, for the reasons explained to Defendants, as described above. Furthermore, Plaintiffs' position is that any permanent injunction must include factual specificity regarding actions that Defendants may not take in the future, particularly in light of the lack of clarity as to the nature and scope of Defendants' challenged funding freeze that has been manifest throughout this case.

Sincerely,


*/s/ Rabia Muqaddam*
Rabia Muqaddam
*Attorney for Plaintiff State of New York*

2