# EXHIBIT 1

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATE OF NEW YORK; STATE OF CALIFORNIA; STATE OF COLORADO; STATE OF ILLINOIS; and STATE OF MINNESOTA, | |
| Plaintiffs, | Case No. 26-cv-00172 |
| v. | |
| ADMINISTRATION FOR CHILDREN AND FAMILIES; ALEX J. ADAMS, in his official capacity as the ASSISTANT SECRETARY OF THE ADMINISTRATION FOR CHILDREN AND FAMILIES; U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; and ROBERT F. KENNEDY, JR., in his official capacity as the SECRETARY OF THE U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; | |
| Defendants. | |

**PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION TO DEFENDANTS**

Plaintiffs hereby serve upon Defendants the following first set of requests for the production of documents within thirty days of service hereof, or such shorter time as the Court orders or the parties stipulate. These requests are subject to the instructions and definitions set forth herein and as specified in Rule 34 of the Federal Rules of Civil Procedure and Local Rule 26.3 of the Local Rules for the Southern District of New York.

**DEFINITIONS**

1. The term "ACF Funding Freeze" means any decision made between December 26, 2025 and January 6, 2026, to alter the normal course of TANF, CCDF, or SSBG payments to any Plaintiff State, including, but not limited to, any decision to implement any "temporary restricted drawdown"; any decision to implement any "enhanced defend the spend" procedures; and any

1

decision to restrict or "fr[ee]ze access to" any of these funds.

2.      The term "ACF Funding Freeze Payment Instruction" means any instruction, direction or guidance sent or received by any person regarding the processing of any Plaintiff State's TANF, CCDF, or SSBG payment between December 26, 2025, and January 20, 2026.

3.      The term "CCDF" means Child Care and Development Fund, *see* 42 U.S.C. § 9857 *et seq.*

4.      The term "Data Demands" means the requests included within the January 5 and 6 Letters for Plaintiff States to produce certain data or information concerning their administration of TANF, CCDF and SSBG programs.

5.      The term "Decision Memoranda" means the decision memoranda produced as part of the Administrative Record as ACF000033-000037 and ACF 000229-000232.

6.      The term "Executive Office of the President" includes, but is not limited to, the Office of Management and Budget, which is a component of the Executive Office of the President.

7.      The term "January 5 and 6 Letters" means the letters sent to the Governors of Plaintiff States by Defendants Alex J. Adams on January 5 and 6, 2026 (ACF000001-000032).

8.      The term "SSBG" means the Social Services Block Grant, *see* 42 U.S.C. § 1397 *et seq.*

9.      The term "TANF" means Temporary Assistance for Needy Families, *see* 42 U.S.C. §§ 601-619.

10.     The term "YouTube Video" means the YouTube video produced as part of the Administrative Record as ACF000737.

## **INSTRUCTIONS**

11.     Unless otherwise indicated, the relevant time period for purposes of these Requests is from December 26, 2025, to January 9, 2026.

12.     Unless otherwise indicated, the Requests encompass documents and information in Defendants' possession, custody, or control or within the knowledge, possession, custody, or control of any person or entity acting on Defendants' behalf or in concert with them, including, at a minimum individuals or entities in: Office of Management and Budget; Education, Office of Education, Income Maintenance, and Labor (EIML) within the Office of Management and Budget; Office of the HHS Secretary; Immediate Office of the Assistant Secretary (IOAS); Office of the Assistant Secretary for Financial Resources (ASFR); Office of the Deputy Assistant Secretary for Management; Office of the Assistant Secretary for Administration; and Program Support Center (PSC).

13.     If an objection is made to any part of a Request, the response shall state that there is an objection to the Request and the legal and factual basis for such objection. No part of a Request shall be unanswered merely because an objection is made to another part of the Request.

14.     If Defendants claim any responsive records, or portion thereof, may be withheld due to privilege, work product or any other privilege or immunity from disclosure, Defendants shall produce any record or portion thereof that is not subject to such a claim, and shall, simultaneous with production, indicate with specificity and particularity the basis of said withholding, including:

       (a)    the identity of the person(s) having knowledge of the information;
       (b)    the identity of all persons to whom the information was communicated or otherwise made available;
       (c)    the job title or position of every person identified in response to subparagraphs (a) and (b);
       (d)    the date(s) on which the information was received or became known by each

person having knowledge of its existence;

(e)    a brief description of the nature and subject matter of the information; and

(f)    the statute, rule or decision that is claimed to give rise to the privilege.

15.    If Defendants object to any Request based upon undue burden, then with respect to such response, Defendants shall:

(a)    provide such information as can be ascertained without undue burden; and

(b)    state with particularity the basis for such objection, including a description of the process or method required to respond to the Request and the estimated cost and time required to obtain the response.

16.    The interrogatories are continuing in nature.  In accordance with Rule 26(e) of the Federal Rules of Civil Procedure, Defendants are required promptly to serve supplementary responses and produce additional documents if the Defendants obtain further or different information.

17.    Except for documents produced in native format, all documents shall be Bates numbered, searchable, and produced in either TIFF or PDF format at 300 dpi or greater.

18.    Documents produced in electronic form – such as emails, Excel spreadsheets, word processing documents and presentations – shall be accompanied by a delimited text file (.DAT) or an Excel file (.xls) or a text file (.txt) containing as much of the original metadata as may reasonably be produced.

19.    Attachments, enclosures, and/or exhibits to any parent document shall be produced sequentially following the parent document.

20.    If spreadsheets are produced in their native format, they shall be produced in the order that they were stored in the ordinary course of business, i.e., emails and attached spreadsheets should not be separated from each other. A placeholder TIFF or PDF should also be produced in order to preserve the location of the native document in the production. The placeholder should say "Produced as Native File" (or an equivalent message) and list the

4

associated document Bates number at the bottom of the placeholder page. The original file name should be prepended with the document Bates number. The extractable metadata (to the extent the metadata is available) and text should be produced in the same manner as other documents that originated in electronic form.

## **REQUESTS**

### **Request No. 1**

The document identified in the Parties' May 11, 2026 Status Letter, ECF No. 89, as "one additional document that . . . Defendants would agree to produce . . . pursuant to a discovery request."

### **Request No. 2**

All communications between HHS and the Executive Office of the President relating to the ACF Funding Freeze, the January 5 and 6 Letters, the Data Demands, or the ACF Funding Freeze Payment Instructions.

### **Request No. 3**

All documents, electronically stored information, and communications relating to the YouTube Video.

### **Request No. 4**

All ACF Funding Freeze Payment Instructions.

### **Request No. 5**

All guidance relating to the ACF Funding Freeze, including, but not limited to, the "guidance to each of California, Colorado, Illinois, and New York to provide further instructions regarding the

temporary restricted drawdown steps for DTS," Amended Declaration of Reese Cody Inman, ECF No. 66 ¶ 35; the "guidance . . . as to what kind of documentation the states would have to submit with their payment requests in order to draw down payments, PI Tr. 9:4-7, 18-19; and the "guidance that went out to the payment system department . . . saying when you get these requests from Minnesota . . . please flag and escalate to this other department," *id.* 50:21-24.

**Request No. 6**

All documents, electronically stored information, and communications showing when, whether, or how Secretary Kennedy approved or did not approve the Decision Memoranda.

**Request No. 7**

All "media reports" reviewed by Defendants in connection with the ACF Funding Freeze. *See* PI Tr. 11:20-12:12.

**Request No. 8**

All documents, electronically stored information, and communications relating to the January 6, 2026 ACF Press Release titled "HHS Freezes Child Care and Family Assistance Grants in Five States," ECF No. 40-6, also available at https://acf.gov/media/press/2026/hhs-freezes-child-care-family-assistance-grants-five-states.

**Request No. 9**

All documents, electronically stored information, and communications relating to any documentation submission requirements imposed on Plaintiff States as part of the ACF Funding Freeze, including, but not limited to: the "documentation the states would have to submit with their payment requests," PI Tr. 9:5-7; "some sort of additional documentation," *id.* 9:16;

6

"documentation [that must be] submitted," *id.* 10:14; "documentation for each request for [Defendants] to assess whether or not the reimbursement request is legitimate," *id.* 10:17-19; "additional documentation in order to draw down their funds," *id.* 19-20; "some sort of documentation, which would then be reviewed by the agency," *id.* 16:21; "additional documentation requirements," *id.* 16:25-17:1, 17:6; "documentation[ to] confirm that the request is a legitimate one," *id.* 24:11; "documentations they would want the states to submit, *id.* 55:8-9, and "additional documentation with drawdown requests," *id.* 58:15-16.

**Request No. 10**

Documents, electronically stored information, and communications supporting your contention that "ACF did not freeze any funds," Amended Declaration of Reese Cody Inman, ECF No. 66 ¶ 38.

**Request No. 11**

All documents, electronically stored information, and communications relating to the ACF Funding Freeze.

**Request No. 12**

All documents, electronically stored information, and communications relating to:

(a) any decision made on or before December 31, 2025 to restrict or freeze CCDF, TANF, or SSBG funds for all states; and

(b) any decision made to limit any restrictions or freeze on CCDF, TANF, or SSBG funds to only Plaintiff States.

**<u>Request No. 13</u>**

All documents, electronically stored information, and communications relating to the January 5 and 6 Letters.

**<u>Request No. 14</u>**

All documents, electronically stored information, and communications relating to the Data Demands.

**<u>Request No. 15</u>**

All documents, electronically stored information, and communications relating to the ACF Funding Freeze Payment Instructions.

**<u>Request No. 16</u>**

All documents, electronically stored information, and communications showing consideration by Defendants of the impacts of the ACF Funding Freeze, January 5 and 6 Letters, or Data Demands on children, families, childcare providers, non-profit organizations, municipalities, states, or other persons or entities.

**<u>Request No. 17</u>**

All documents, electronically stored information, and communications including any of the terms attached in Exhibit A.

**<u>Request No. 18</u>**

All calendar invitations or other records of phone calls or meetings relating to the ACF Funding Freeze, the January 5 and 6 Letters, the Data Demands, or the ACF Funding Freeze Payment Instructions, including any notes or minutes memorializing the same.

**Request No. 19**

All documents, electronically stored information, and communications relating to the "misunderstanding between HHS and PSC" that caused the rejection of Minnesota CCDF drawdown requests between January 5 and January 14. *See* ECF No. 66 ¶ 39.

**Request No. 20**

All documents, electronically stored information, and communications relating to the "administrative oversight" that led drawdown requests by Colorado to be "not fully processed until a few business days after the TRO was entered." *See* ECF No. 66 ¶ 40.

**Request No. 21**

All documents, electronically stored information, and communications relating to Andrew Nixon's statements on or about December 31, 2025 that there would be a categorical freeze of federal child care funding to all states and that those funds would only be released "when states prove they are being spent legitimately." See ECF No. 1 ¶ 43.

**Request No. 22**

All documents, electronically stored information, and communications relating to any "sanctuary" state or jurisdiction.

Dated: May 15, 2026

**LETITIA JAMES**
Attorney General for the State of New York

9

By: */s/ Jessica Ranucci*
Rabia Muqaddam
*Chief Counsel for Federal Initiatives*
Jessica Ranucci
Molly Thomas-Jensen
*Special Counsel*
28 Liberty St.
New York, NY 10005
(212) 416-8333
rabia.muqaddam@ag.ny.gov
jessica.ranucci@ag.ny.gov
molly.thomas-jensen@ag.ny.gov

*Attorneys for the State of New York*

**ROB BONTA**
Attorney General for the State of California

By: */s/ Daniel C. Sheehan*
Daniel C. Sheehan*
*Deputy Attorney General*
Paul Stein*
Christine Chuang
Nicholas R. Green*
*Supervising Deputy Attorneys General*
Jesse Basbaum*
Alexis Piazza*
Harald Kirn*
*Deputy Attorneys General*
California Department of Justice
300 South Spring Street, Los Angeles, CA 90013
(213) 269-6078
Daniel.Sheehan@doj.ca.gov

*Attorneys for the State of California*

**PHILIP J. WEISER**
Attorney General for the State of Colorado

By: */s/ David Moskowitz*
David Moskowitz*
*Deputy Solicitor General*
Nora Passamaneck
*Senior Assistant Attorney General*
Colorado Department of Law
1300 Broadway, #10
Denver, CO 80203
(720) 508-6000
david.moskowitz@coag.gov

*Attorneys for the State of Colorado*

**KWAME RAOUL**
Attorney General of Illinois

By: */s/ Vikas Didwania*

**KEITH ELLISON**
Attorney General of the State of Minnesota
By: */s/ Lindsey E. Middlecamp*
Lindsey E. Middlecamp*

10

Vikas Didwania*
*Complex Litigation Counsel*
Sherief Gaber*
Michael Tresnowski*
*Assistant Attorneys General*
Office of the Illinois Attorney General
115 South LaSalle Street
31st Floor
Chicago, Illinois 60603
(312) 814-3000
Vikas.Didwania@ilag.gov
Sherief.Gaber@ilag.gov
Michael.Tresnowski@ilag.gov

*Attorneys for the State of Illinois*

Special Counsel, Rule of Law
445 Minnesota Street, Suite 600
St. Paul, Minnesota, 55101
(651) 300-0711
Lindsey.middlecamp@ag.state.mn.us

*Attorneys for the State of Minnesota*

11

**Exhibit A**

Freeze

pay

Shirley

Video

Youtube

Somali

Daycare

Child care

childcare

Blue states

Democratic States

Democrat States

slimeballs

Pritzker

Newsom

newscum

Hochul

SSBG

CCDF

TANF

Drawdown

Enhanced

Universe

President

Trump

sanctuary