# EXHIBIT 3

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| STATE OF NEW YORK; STATE OF CALIFORNIA; STATE OF COLORADO; STATE OF ILLINOIS; and STATE OF MINNESOTA,<br><br>      Plaintiffs,<br>v.<br><br>ADMINISTRATION FOR CHILDREN AND FAMILIES; ALEX J. ADAMS, in his official capacity as the ASSISTANT SECRETARY OF THE ADMINISTRATION FOR CHILDREN AND FAMILIES; U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; and ROBERT F. KENNEDY, JR., in his official capacity as the SECRETARY OF THE U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES;<br><br>      Defendants. | 26 Civ. 172 (VSB) (RFT)<br><br>**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION** |

Pursuant to Federal Rules of Civil Procedure 26 and 34 and Rule 26.3 of the Local Rules of the

United States District Court for the Southern District of New York (the "Local Civil Rules"),

Defendants Administration for Children and Families; Alex Alex J. Adams, in his official capacity as

the Assistant Secretary of the Administration for Children and Families; the U.S. Department of Health

and Human Services; and Robert F. Kennedy, Jr., in his official capacity as the Secretary of the U.S.

Department of Health and Humas Services (the "Government"), by their attorney, Jay Clayton, United

States Attorney for the Southern District of New York, hereby object and respond to Plaintiffs' First Set

of Requests for Production of Documents to Defendants dated May 15, 2026 (the "Document

Requests"), as follows:

## GENERAL OBJECTIONS AND RESERVATION OF RIGHTS

1

A.      The Government's objections are made without conceding that the Federal Rules of Civil Procedure or Local Civil Rules governing discovery in cases not involving administrative actions are applicable, or that Plaintiffs are entitled to take discovery at all.  The Government maintains that Plaintiffs have not made any showing, much less "a significant showing," that "[they] will find material in the agency's possession indicative of bad faith or an incomplete record."  *Chang v. United States Citizenship & Immigration Services*, 254 F. Supp. 3d 160, 161 (D.D.C. 2017); *see Nat'l Audubon Soc. v. Hoffman*, 132 F.3d 7, 10, 14 (2d Cir. 1997) ("[A]n extra-record investigation by the reviewing court may be appropriate when there has been a strong showing in support of a claim of bad faith or improper behavior on the part of agency decisionmakers or where the absence of formal administrative findings makes such investigation necessary in order to determine the reasons for the agency's choice.").

B.      The Government objects to the Requests for Production to the extent they seek documents from the Executive Office of the President, or the White House, without regard to the "special considerations" that control when discovery implicates the Executive Branch.  *See Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 385-89 (2004); *In re U.S. DOGE Service, et al.*, No. 24A1122, June 6, 2025, Dkt. Entry.

C.      The Government objects to Plaintiffs' definition of "ACF Funding Freeze" to the extent it implies that any funds requested by Plaintiff States were frozen between December 26, 2025 and January 6, 2026.  Defendants maintain that although pre-payment documentation requirements were implemented, funds were not frozen.

D.      The Government objects to Plaintiffs' definition of "ACF Funding Freeze Payment Instruction" as overbroad to the extent it seeks documents after January 6, 2026, which is the last date of the decisions relevant to this litigation and to the extent it implies that any funds requested by Plaintiff States were frozen between December 26, 2025 and January 6, 2026.  Defendants maintain that although pre-payment documentation requirements, funds were not frozen.

E.     The Government objects to Plaintiffs' definition of "Executive Office of the President" as overbroad to the extent it seeks documents from components or individuals other than individuals at the Office of Budget and Management ("OMB") had a direct role in drafting the January 5 and January 6 letters, and/or implementing the pre-payment documentation requirements.

F.     The Government objects to Plaintiffs' instruction that otherwise indicated, the relevant time period for purposes of these Requests for Production is from December 26, 2025 to January 9, 2026 as overbroad and not relevant to the extent it seeks information after January 6, 2026, which is the last date of the relevant agency decisions in this litigation.

G.     The Government objects to the Requests for Production to the extent they purport to require the disclosure of documents beyond the scope required or permitted by the Federal Rules of Civil Procedure, the Local Civil Rules, and any other applicable law.

H.     The Government objects to the Requests for Production to the extent they seek information protected from discovery under the attorney-client privilege, the work-product doctrine, the deliberative process privilege, the law enforcement privilege, the investigative privilege, the presidential communications privilege, or any other applicable privilege, immunity, statute, regulation, or rule.

I.     The Government objects to the Requests for Production to the extent they seek documents not relevant to a claim or defense in this litigation, are not proportional to the needs of the case, are vague, ambiguous, or overbroad, and/or are unduly burdensome to collect and produce.

J.     The Government objects to the Requests for Production to the extent they seek publicly available documents , or documents that are already in the possession of, or readily obtainable by, Plaintiffs.  With respect to such documents, the requests are unduly burdensome.

K.     In providing these responses, the Government reserves the right to supplement, clarify, revise, or correct any or all of the responses herein at any time.

3

L.      The Government objects to the Requests for Production to the extent they require a privilege log to be produced simultaneously with every production.  The Government will produce a privilege log as applicable, at appropriate times, in an efficient manner.

M.      These responses are accurate to the best of the Government's knowledge as of this date. The Government expressly reserves the right to supplement its responses based on subsequently discovered information.

N.      In providing these responses, the Government does not waive and hereby reserves its right to assert any and all objections as to the admissibility into evidence, at the trial of this action or in any other proceeding, of any response herein or of any documents produced herewith, on any and all grounds, including, but not limited to, competency, relevancy, materiality, and privilege.

O.      In providing these responses, the Government does not in any manner admit or imply that it considers any response provided or document produced in response to a request for production  to be relevant or material to the subject matter of this action, nor does the Government in any manner admit or imply that it considers any such response or document to be relevant to any party's claim or defense or proportional to the needs of the case.

P.      The Government expressly reserves the right to object to the use of its responses to the Requests for Production or any document produced in response thereto in any proceeding other than the above-captioned action.

Q.      The Government objects to the Requests for Production to the extent they seek documents protected by the Privacy Act.  The Government will make any productions of non-privileged documents in this action only after entry of an appropriate protective order.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

**Request No. 1**

The document identified in the Parties' May 11, 2026 Status Letter, ECF No. 89, as "one additional

document that . . . Defendants would agree to produce . . . pursuant to a discovery request."

**Response to Request No. 1**

The Government further objects to this request to the extent it seeks material protected from discovery under the attorney-client privilege, the work-product doctrine, the deliberative process privilege, the law enforcement privilege, the investigative privilege, the presidential communications privilege, or any other applicable privilege, immunity, statute, regulation, or rule.  Subject to and without waiving its objections, the Government agrees to produce non-privileged portions of the document referenced in this request, subject to an appropriate protective order.

**Request No. 2**

All communications between HHS and the Executive Office of the President relating to the ACF Funding Freeze, the January 5 and 6 Letters, the Data Demands, or the ACF Funding Freeze Payment Instructions.

**Response to Request No. 2**

The Government objects to this request on the ground that it is overly broad, unduly burdensome and not proportional to the needs of the case, including because it seeks documents from the Executive Office of the President, and the Executive Office of the President is defined as including components and individuals outside of individuals at OMB who had a direct role in drafting the January 5 and January 6 letters, the Data Demands or implementing the pre-payment documentation requirements.   The Government further objects to this request to the extent it seeks documents created after January 6, 2026, the last date of the relevant agency decisions at issue in this litigation.  Further, the Government objects to the term "ACF Funding Freeze" to the extent it implies that any funds requested by Plaintiff States

were frozen between December 26, 2025 and January 6, 2026.  Defendants maintain that although pre-payment documentation requirements were implemented, funds were not frozen.

The Government further objects to this request to the extent it seeks material protected from discovery under the attorney-client privilege, the work-product doctrine, the deliberative process privilege, the law enforcement privilege, the investigative privilege, the presidential communications privilege, or any other applicable privilege, immunity, statute, regulation, or rule. The Government refers Plaintiffs to the administrative record produced by the Government in this case, which includes documents responsive to this request.

Subject to and without waiving its objections, the Government will conduct a reasonable search of documents in the possession of HHS non-attorney custodians who had a direct role in HHS' decision to implement the pre-payment documentation requirements, drafting the January 5 and January 6 letters, and the decision to issue the Data Demands to Plaintiffs, to identify non-privileged documents reflecting information HHS considered in connection with its decisions to implement the pre-payment documentation requirements, issue the January 5 and January 6 letters, and issue the Data Demands, to the extent that such documents are not already included in the administrative record.  The Government also will conduct a similar search of documents in the possession of the Associate Director for Education, Income Maintenance and Labor Programs of OMB.

**Request No. 3**

All documents, electronically stored information, and communications relating to the YouTube Video.

**Response to Request No. 3**

The Government objects to this request on the ground that it is overly broad, unduly burdensome and not proportional to the needs of the case, and that it seeks information not relevant to the parties' claims or defenses.  The Government further objects to this request to the extent it seeks documents

6

created after January 6, 2026, the date of the relevant agency decisions at issue in this litigation.  The

Government also objects to this request to the extent it seeks material protected from discovery under

the attorney-client privilege, the work-product doctrine, the deliberative process privilege, the law

enforcement privilege, the investigative privilege, the presidential communications privilege, or any

other applicable privilege, immunity, statute, regulation, or rule.

Subject to and without waiving its objections, the Government will conduct a reasonable search

of documents in the possession of HHS non-attorney custodians who had a direct role in HHS' decision

to implement the pre-payment documentation requirements, drafting the January 5 and January 6 letters,

and the decision to issue the Data Demands to Plaintiffs, to identify non-privileged documents  related to

the YouTube Video that are not already included in the administrative record.  The Government also

will conduct a similar search of documents in the possession of the Associate Director for Education,

Income Maintenance and Labor Programs of OMB.

**Request No. 4**

All ACF Funding Freeze Payment Instructions.

**Response to Request No. 4**

The Government objects to this request to the extent it seeks documents created after January 6,

2026, the last date of the relevant agency decisions at issue in this litigation.  The Government further

objects to the term "ACF Funding Freeze Payment Instructions" to the extent it implies that any funds

requested by Plaintiff States were frozen between December 26, 2026 and January 6, 2026.  Defendants

maintain that although pre-payment documentation requirements were implemented, funds were not

frozen.  The Government further objects to this request to the extent it seeks material protected from

discovery under the attorney-client privilege, the work-product doctrine, the deliberative process

privilege, the law enforcement privilege, the investigative privilege, the presidential communications privilege, or any other applicable privilege, immunity, statute, regulation, or rule.

Subject to and without waiving its objections, the Government will conduct a reasonable search of documents in the possession of HHS non-attorney custodians who had a direct role in HHS' decision to implement the pre-payment documentation requirements, drafting the January 5 and January 6 letters, and the decision to issue the Data Demands to Plaintiffs, to identify non-privileged documents reflecting pre-payment documentation requirement instructions, to the extent that they are not already included in the administrative record.  The Government also will conduct a similar search of documents in the possession of the Associate Director for Education, Income Maintenance and Labor Programs of OMB.

**Request No. 5**

All guidance relating to the ACF Funding Freeze, including, but not limited to, the "guidance to each of California, Colorado, Illinois, and New York to provide further instructions regarding the temporary restricted drawdown steps for DTS," Amended Declaration of Reese Cody Inman, ECF No. 66 ¶ 35; the "guidance . . . as to what kind of documentation the states would have to submit with their payment requests in order to draw down payments, PI Tr. 9:4-7, 18-19; and the "guidance that went out to the payment system department . . . saying when you get these requests from Minnesota . . . please flag and escalate to this other department," *id.* 50:21-24.

**Response to Request No. 5**

The Government objects to this request as outside of the scope of this litigation because it seeks documents related to guidance created after January 6, 2026, the last date of the relevant agency decisions at issue in this litigation.  The Government further objects to the term "ACF Funding Freeze Payment Instructions" to the extent it implies that any funds requested by Plaintiff States were frozen between December 26, 2026 and January 6, 2026.  Defendants maintain that although pre-payment documentation requirements were implemented, funds were not frozen.  The Government therefore does

not currently plan to take additional measures to respond to this Request.

**Request No. 6**

All documents, electronically stored information, and communications showing when, whether, or how Secretary Kennedy approved or did not approve the Decision Memoranda.

**Response to Request No. 6**

The Government objects to this request to the extent it seeks documents created after January 6, 2026, the last date of the relevant agency decisions at issue in this litigation.  The Government further objects to this request to the extent it seeks material protected from discovery under the attorney-client privilege, the work-product doctrine, the deliberative process privilege, the law enforcement privilege, the investigative privilege, the presidential communications privilege, or any other applicable privilege, immunity, statute, regulation, or rule. The Government refers Plaintiffs to the administrative record produced by the Government in this case, which includes documents responsive to this request.

Subject to and without waiving its objections, the Government will conduct a reasonable search of documents in the possession of HHS non-attorney custodians who had a direct role in HHS' decision to implement the pre-payment documentation requirements, drafting the January 5 and January 6 letters, and the decision to issue the Data Demands to Plaintiffs, to identify non-privileged documents reflecting approval of HHS' decision to implement the pre-payment documentation requirements, to the extent that they are not already included in the administrative record.  The Government also will conduct a similar search of documents in the possession of the Associate Director for Education, Income Maintenance and Labor Programs of OMB.

**Request No. 7**

All "media reports" reviewed by Defendants in connection with the ACF Funding Freeze. *See* PI Tr. 11:20-12:12.

**Response to Request No. 7**

The Government objects to this request to the extent it seeks documents created after January 6, 2026, the last date of the relevant agency decisions at issue in this litigation.  The Government further objects to the term "ACF Funding Freeze" to the extent it implies that any funds requested by Plaintiff States were frozen between December 26, 2025 and January 6, 2026.  Defendants maintain that although pre-payment documentation requirements were implemented, funds were not frozen. The Government refers Plaintiffs to the administrative record produced by the Government in this case, which includes documents responsive to this request.

Subject to and without waiving its objections, the Government will conduct a reasonable search of documents in the possession of HHS non-attorney custodians who had a direct role in HHS' decision to implement the pre-payment documentation requirements, drafting the January 5 and January 6 letters, and the decision to issue the Data Demands to Plaintiffs, to identify news articles or press releases related to the Plaintiff States's use of TANF, CCDF, or SSBG funding that were considered  in connection with HHS' decisions to implement the pre-payment documentation requirements, issue the January 5 and January 6 letters, and issue the Data Demands, to the extent  that they are not already included in the administrative record.   The Government also will conduct a similar search of documents in the possession of the Associate Director for Education, Income Maintenance and Labor Programs of OMB.

**Request No. 8**

All documents, electronically stored information, and communications relating to the January 6, 2026 ACF Press Release titled "HHS Freezes Child Care and Family Assistance Grants in Five States," ECF No. 40-6, also available at https://acf.gov/media/press/2026/hhs-freezes-child-care-family-assistance-grants-five-states.

10

**Response to Request No. 8**

The Government objects to this request to the extent it seeks documents created after January 6, 2026, the last date of the relevant agency decisions at issue in this litigation. The Government further objects to this request to the extent it seeks material protected from discovery under the attorney-client privilege, the work-product doctrine, the deliberative process privilege, the law enforcement privilege, the investigative privilege, the presidential communications privilege, or any other applicable privilege, immunity, statute, regulation, or rule.

Subject to and without waiving its objections, the Government will conduct a reasonable search of HHS to identify non-privileged documents considered by HHS in issuing the ACF Press Release titled "HHS Freezes Child Care and Family Assistance Grants in Five States," to the extent that they are not already included in the administrative record.  The Government also will conduct a similar search of documents in the possession of the Associate Director for Education, Income Maintenance and Labor Programs of OMB.

**Request No. 9**

All documents, electronically stored information, and communications relating to any documentation submission requirements imposed on Plaintiff States as part of the ACF Funding Freeze, including, but not limited to: the "documentation the states would have to submit with their payment requests," PI Tr. 9:5-7; "some sort of additional documentation," *id.* 9:16; "documentation [that must be] submitted," *id.* 10:14; "documentation for each request for [Defendants] to assess whether or not the reimbursement request is legitimate," *id.* 10:17-19; "additional documentation in order to draw down their funds," *id.* 19-20; "some sort of documentation, which would then be reviewed by the agency," *id.* 16:21; "additional documentation requirements," *id.* 16:25-17:1, 17:6; "documentation[ to] confirm that the request is a legitimate one," *id.* 24:11; "documentations they would want the states to submit, *id.* 55:8-9, and "additional documentation with drawdown requests," *id.* 58:15-

11

16.

**Response to Request No. 9**

The Government objects to this request on the ground that it is overly broad, unduly burdensome and not proportional to the needs of the case, and that it seeks information not relevant to the parties' claims or defenses.  The Government further objects to this request to the extent it seeks documents created after January 6, 2026, the date of the relevant agency decisions at issue in this litigation.  The Government further objects to this request to the extent it seeks material protected from discovery under the attorney-client privilege, the work-product doctrine, the deliberative process privilege, the law enforcement privilege, the investigative privilege, the presidential communications privilege, or any other applicable privilege, immunity, statute, regulation, or rule.

Subject to and without waiving its objections, the Government will conduct a reasonable search of documents in the possession of HHS non-attorney custodians who had a direct role in HHS' decision to implement the pre-payment documentation requirements, drafting the January 5 and January 6 letters, and the decision to issue the Data Demands to Plaintiffs, to identify non-privileged documents reflecting information HHS considered in connection with its decision the to implement the pre-payment documentation requirements, to the extent that they are not already included in the administrative record. The Government also will conduct a similar search of documents in the possession of the Associate Director for Education, Income Maintenance and Labor Programs of OMB.

**Request No. 10**

Documents, electronically stored information, and communications supporting your contention that "ACF did not freeze any funds," Amended Declaration of Reese Cody Inman, ECF No. 66 ¶ 38.

**Response to Request No. 10**

The Government objects to this request to the extent it seeks documents created after January 6, 2026, the last date of the relevant agency decisions at issue in this litigation.  The Government further objects to this request to the extent it seeks material protected from discovery under the attorney-client privilege, the work-product doctrine, the deliberative process privilege, the law enforcement privilege, the investigative privilege, the presidential communications privilege, or any other applicable privilege, immunity, statute, regulation, or rule. The Government refers Plaintiffs to the administrative record produced by the Government in this case, which includes documents responsive to this request.

Subject to and without waiving its objections, the Government will conduct a reasonable search of documents in the possession of HHS non-attorney custodians who had a direct role in HHS' decision to implement the pre-payment documentation requirements, drafting the January 5 and January 6 letters, and the decision to issue the Data Demands to Plaintiffs, to identify non-privileged documents reflecting approval of HHS' decision to implement the pre-payment documentation requirements, to the extent that they are not already included in the administrative record.  The Government also will conduct a similar search of documents in the possession of the Associate Director for Education, Income Maintenance and Labor Programs of OMB.

**Request No. 11**

All documents, electronically stored information, and communications relating to the ACF Funding Freeze.

**Response to Request No. 11**

The Government objects to this request to the extent it seeks documents created after January 6, 2026, the last date of the relevant agency decisions at issue in this litigation.  The Government also objects to this request to the extent that it is duplicative of requests 2, 4, 5 and 9. The Government further objects to this request to the extent it seeks material protected from discovery under the attorney-

13

client privilege, the work-product doctrine, the deliberative process privilege, the law enforcement privilege, the investigative privilege, the presidential communications privilege, or any other applicable privilege, immunity, statute, regulation, or rule. The Government refers Plaintiffs to the administrative record produced by the Government in this case, which includes documents responsive to this request.

Subject to and without waiving its objections, the Government will conduct a reasonable search of documents in the possession of HHS non-attorney custodians who had a direct role in HHS' decision to implement the pre-payment documentation requirements, drafting the January 5 and January 6 letters, and the decision to issue the Data Demands to Plaintiffs, to identify non-privileged documents reflecting approval of HHS' decision to implement the pre-payment documentation requirements, to the extent that they are not already included in the administrative record.  The Government also will conduct a similar search of documents in the possession of the Associate Director for Education, Income Maintenance and Labor Programs of OMB.

**Request No. 12**

All documents, electronically stored information, and communications relating to:

(a) any decision made on or before December 31, 2025 to restrict or freeze CCDF, TANF, or SSBG funds for all states; and

(b) any decision made to limit any restrictions or freeze on CCDF, TANF, or SSBG funds to only Plaintiff States.

**Response to Request No. 12**

The Government objects to this request to the extent it seeks documents created after January 6, 2026, the last date of the relevant agency decisions at issue in this litigation.  The Government also objects to this request to the extent that it is duplicative of requests 2, 4, 5, 9 and 11. The Government further objects to this request to the extent it seeks material protected from discovery under the attorney-client privilege, the work-product doctrine, the deliberative process privilege, the law enforcement

14

privilege, the investigative privilege, the presidential communications privilege, or any other applicable privilege, immunity, statute, regulation, or rule. The Government refers Plaintiffs to the administrative record produced by the Government in this case, which includes documents responsive to this request.

Subject to and without waiving its objections, the Government will conduct a reasonable search of documents in the possession of HHS non-attorney custodians who had a direct role in HHS' decision to implement the pre-payment documentation requirements, drafting the January 5 and January 6 letters, and the decision to issue the Data Demands to Plaintiffs, to identify non-privileged documents reflecting approval of HHS' decision to implement the pre-payment documentation requirements, to the extent that they are not already included in the administrative record. The Government also will conduct a similar search of documents in the possession of the Associate Director for Education, Income Maintenance and Labor Programs of OMB.

**Request No. 13**

All documents, electronically stored information, and communications relating to the January 5 and 6 Letters.

**Response to Request No. 13**

The Government objects to this request to the extent it seeks documents created after January 6, 2026, the last date of the relevant agency decisions at issue in this litigation. The Government also objects to this request to the extent that it is duplicative of request 2. The Government further objects to this request to the extent it seeks material protected from discovery under the attorney-client privilege, the work-product doctrine, the deliberative process privilege, the law enforcement privilege, the investigative privilege, the presidential communications privilege, or any other applicable privilege, immunity, statute, regulation, or rule. The Government refers Plaintiffs to the administrative record produced by the Government in this case, which includes documents responsive to this request.

Subject to and without waiving its objections, the Government will conduct a reasonable search

15

of documents in the possession of HHS non-attorney  custodians who had a direct role in HHS' decision to implement the pre-payment documentation requirements, drafting the January 5 and January 6 letters, and the decision to issue the Data Demands to Plaintiffs, to identify non-privileged documents reflecting approval of HHS' decision to issue the January 5 and January 6, 2026 letters, to the extent that they are not already included in the administrative record.  The Government also will conduct a similar search of documents in the possession of the Associate Director for Education, Income Maintenance and Labor Programs of OMB.

**Request No. 14**

All documents, electronically stored information, and communications relating to the Data Demands.

**Response to Request No. 14**

The Government objects to this request to the extent it seeks documents created after January 6, 2026, the last date of the relevant agency decisions at issue in this litigation.  The Government also objects to this request to the extent that it is duplicative of requests 2, 4, 5, 9 and 11. The Government further objects to this request to the extent it seeks material protected from discovery under the attorney-client privilege, the work-product doctrine, the deliberative process privilege, the law enforcement privilege, the investigative privilege, the presidential communications privilege, or any other applicable privilege, immunity, statute, regulation, or rule. The Government refers Plaintiffs to the administrative record produced by the Government in this case, which includes documents responsive to this request.

Subject to and without waiving its objections, the Government will conduct a reasonable search of documents in the possession of HHS non-attorney custodians who had a direct role in HHS' decision to implement the pre-payment documentation requirements, drafting the January 5 and January 6 letters, and the decision to issue the Data Demands to Plaintiffs, to identify non-privileged documents reflecting approval of HHS' decision to issue the Data Demands, to the extent that they are not already included in

16

the administrative record.   The Government also will conduct a similar search of documents in the possession of the Associate Director for Education, Income Maintenance and Labor Programs of OMB.

**Request No. 15**

All documents, electronically stored information, and communications relating to the ACF Funding Freeze Payment Instructions.

**Response to Request No. 15**

The Government objects to this request to the extent it seeks documents created after January 6, 2026, the last date of the relevant agency decisions at issue in this litigation.  The Government also objects to this request to the extent that it is duplicative of requests 2, 4, 5and 7. The Government further objects to this request to the extent it seeks material protected from discovery under the attorney-client privilege, the work-product doctrine, the deliberative process privilege, the law enforcement privilege, the investigative privilege, the presidential communications privilege, or any other applicable privilege, immunity, statute, regulation, or rule. The Government refers Plaintiffs to the administrative record produced by the Government in this case, which includes documents responsive to this request.

Subject to and without waiving its objections, the Government will conduct a reasonable search of documents in the possession of HHS non-attorney custodians who had a direct role in HHS' decision to implement the pre-payment documentation requirements, drafting the January 5 and January 6 letters, and the decision to issue the Data Demands to Plaintiffs, to identify non-privileged documents reflecting payment instructions related to the pre-payment documentation requirements, to the extent that they are not already included in the administrative record.  The Government also will conduct a similar search of documents in the possession of the Associate Director for Education, Income Maintenance and Labor Programs of OMB.

**Request No. 16**

All documents, electronically stored information, and communications showing consideration by

17

Defendants of the impacts of the ACF Funding Freeze, January 5 and 6 Letters, or Data Demands on children, families, childcare providers, non-profit organizations, municipalities, states, or other persons or entities.

**Response to Request No. 16**

The Government objects to this request to the extent it seeks documents created after January 6, 2026, the last date of the relevant agency decisions at issue in this litigation.  The Government also objects to this request to the extent that it is duplicative of requests 2, 5, 6, 11, 12, 13 and 14. The Government further objects to this request to the extent it seeks material protected from discovery under the attorney-client privilege, the work-product doctrine, the deliberative process privilege, the law enforcement privilege, the investigative privilege, the presidential communications privilege, or any other applicable privilege, immunity, statute, regulation, or rule. The Government refers Plaintiffs to the administrative record produced by the Government in this case, which includes documents responsive to this request.

Subject to and without waiving its objections, the Government will conduct a reasonable search of documents in the possession of HHS non-attorney custodians who had a direct role in HHS' decision to implement the pre-payment documentation requirements, drafting the January 5 and January 6 letters, and the decision to issue the Data Demands to Plaintiffs, to identify non-privileged documents reflecting information HHS considered in connection with its decisions to implement the pre-payment documentation requirements, issue the January 5 and January 6 letters, and issue the Data Demands, to the extent that they are not already included in the administrative record.  The Government also will conduct a similar search of documents in the possession of the Associate Director for Education, Income Maintenance and Labor Programs of OMB.

**Request No. 17**

All documents, electronically stored information, and communications including any of the terms

18

attached in Exhibit A.

**Response to Request No. 17**

The Government objects to this request on the ground that it is overly broad, unduly burdensome and not proportional to the needs of the case, and that it seeks information not relevant to the parties' claims or defenses. The Government also objects to this request to the extent it seeks documents created after January 6, 2026, the last date of the relevant agency decisions at issue in this litigation. The Government further objects to this request to the extent it seeks material protected from discovery under the attorney-client privilege, the work-product doctrine, the deliberative process privilege, the law enforcement privilege, the investigative privilege, the presidential communications privilege, or any other applicable privilege, immunity, statute, regulation, or rule.

Subject to and without waiving its objections, the Government will conduct a reasonable search of documents in the possession of HHS non-attorney custodians who had a direct role in HHS' decision to implement the pre-payment documentation requirements, drafting the January 5 and January 6 letters, and the decision to issue the Data Demands to Plaintiffs, to identify non-privileged documents reflecting information HHS considered in connection with its decisions to implement the pre-payment documentation requirements, issue the January 5 and January 6 letters, and issue the Data Demands, to the extent that they are not already included in the administrative record. The Government will utilize the search terms listed in Exhibit A to collect potentially responsive documents, to the extent they do not render the search unreasonable. The Government also will conduct a similar search of documents in the possession of the Associate Director for Education, Income Maintenance and Labor Programs of OMB.

**Request No. 18**

All calendar invitations or other records of phone calls or meetings relating to the ACF Funding Freeze, the January 5 and 6 Letters, the Data Demands, or the ACF Funding Freeze Payment

Instructions, including any notes or minutes memorializing the same.

**Response to Request No. 18**

The Government objects to this request on the ground that it is vague and ambiguous, including as to the meaning of the phrase "other records." The Government also objects to this request on the ground that it is overly broad, unduly burdensome and not proportional to the needs of the case, and that it seeks information not relevant to the parties' claims or defenses.  The Government further objects to the terms "ACF Funding Freeze" and  "ACF Funding Freeze Payment Instructions" to the extent they imply that any funds requested by Plaintiff States were frozen between December 26, 2025 and January 6, 2026.  Defendants maintain that although pre-payment documentation requirements were implemented, funds were not frozen.  The Government also objects to this request to the extent it seeks documents created after January 6, 2026, the last date of the relevant agency decisions at issue in this litigation.  The Government further objects to this request to the extent it seeks material protected from discovery under the attorney-client privilege, the work-product doctrine, the deliberative process privilege, the law enforcement privilege, the investigative privilege, the presidential communications privilege, or any other applicable privilege, immunity, statute, regulation, or rule. The Government also objects to this request to the extent it is duplicative of requests 2, 4, 5, 7, 9, 11, 12, 13, 14, 15,16 and 17.

Subject to and without waiving its objections, the Government will conduct a reasonable search of documents in the possession of HHS non-attorney custodians who had a direct role in HHS' decision to implement the pre-payment documentation requirements, drafting the January 5 and January 6 letters, and the decision to issue the Data Demands to Plaintiffs, to identify non-privileged documents reflecting  calendar invitations for phone calls and meetings in connection with HHS' decisions to implement the pre-payment documentation requirements, issue the January 5 and January 6 letters, and issue the Data Demands and non-privileged notes related to the same, , to the extent that such documents are not already included in the administrative record.  The

20

Government also will conduct a similar search of documents in the possession of the Associate Director for Education, Income Maintenance and Labor Programs of OMB.

**Request No. 19**

All documents, electronically stored information, and communications relating to the "misunderstanding between HHS and PSC" that caused the rejection of Minnesota CCDF drawdown requests between January 5 and January 14. *See* ECF No. 66 ¶ 39.

**Response to Request No. 19**

The Government objects to this request as outside of the scope of this litigation because it seeks documents related to events that occurred after January 6, 2026, the last date of the relevant agency decisions at issue in this litigation.  The Government therefore does not currently plan to take additional measures to respond to this Request.

**Request No. 20**

All documents, electronically stored information, and communications relating to the "administrative oversight" that led drawdown requests by Colorado to be "not fully processed until a few business days after the TRO was entered." *See* ECF No. 66 ¶ 40.

**Response to Request No. 20**

The Government objects to this request as outside of the scope of this litigation because it seeks documents related to events that occurred after January 6, 2026, the last date of the relevant agency decisions at issue in this litigation.  The Government therefore does not currently plan to take additional measures to respond to this Request.

**Request No. 21**

All documents, electronically stored information, and communications relating to Andrew Nixon's statements on or about December 31, 2025 that there would be a categorical freeze of federal child care funding to all states and that those funds would only be released "when states prove

21

they are being spent legitimately." See ECF No. 1 ¶ 43.

**Response to Request No. 21**

The Government objects to this request to the extent it seeks documents created after January 6, 2026, the last date of the relevant agency decisions at issue in this litigation. The Government further objects to this request to the extent it seeks material protected from discovery under the attorney-client privilege, the work-product doctrine, the deliberative process privilege, the law enforcement privilege, the investigative privilege, the presidential communications privilege, or any other applicable privilege, immunity, statute, regulation, or rule.

Subject to and without waiving its objections, the Government will conduct a reasonable search of documents in the possession of HHS non-attorney custodians who had a direct role in HHS' decision to implement the pre-payment documentation requirements, drafting the January 5 and January 6 letters, and the decision to issue the Data Demands to Plaintiffs, to identify non-privileged documents reflecting information HHS considered in connection with its decisions to implement the pre-payment documentation requirements, issue the January 5 and January 6 letters, and issue the Data Demands, to the extent that such documents are not already included in the administrative record.  The Government also will conduct a similar search of documents in the possession of the Associate Director for Education, Income Maintenance and Labor Programs of OMB.

**Request No. 22**

All documents, electronically stored information, and communications relating to any "sanctuary" state or jurisdiction.

**Response to Request No. 22**

The Government objects to this request on the ground that it is overly broad, unduly burdensome and not proportional to the needs of the case, and that it seeks information not relevant to the parties' claims or defenses.   The Government further objects to this request to the extent it seeks documents

22

created after January 6, 2026, the last date of the relevant agency decisions at issue in this litigation. The Government further objects to this request to the extent it seeks material protected from discovery under the attorney-client privilege, the work-product doctrine, the deliberative process privilege, the law enforcement privilege, the investigative privilege, the presidential communications privilege, or any other applicable privilege, immunity, statute, regulation, or rule. The Government refers Plaintiffs to the administrative record produced by the Government in this case, which includes documents responsive to this request.

Subject to and without waiving its objections, the Government will conduct a reasonable search of documents in the possession of HHS non-attorney custodians who had a direct role in HHS' decision to implement the pre-payment documentation requirements, drafting the January 5 and January 6 letters, and the decision to issue the Data Demands to Plaintiffs, to identify non-privileged documents reflecting information HHS considered in connection with its decisions to implement the pre-payment documentation requirements, issue the January 5 and January 6 letters, and issue the Data Demands, including any information relating to sanctuary States or jurisdictions, to the extent that such documents are not already included in the administrative record. The Government also will conduct a similar search of documents in the possession of the Associate Director for Education, Income Maintenance and Labor Programs of OMB.

Dated:  New York, New York          JAY CLAYTON
        June 15, 206              United States Attorney for the
                                Southern District of New York

                    By:      /s/ *Kamika S. Shaw*
                             By:    KAMIKA S. SHAW
                                   MALLIKA BALACHANDRAN
                                   Assistant United States Attorneys
                          86 Chambers Street, 3rd Floor
                          New York, New York 10007
                          Telephone: (212) 637-2768/2781
                          kamika.shaw@usdoj.gov
                          mallika.balachandran@usdoj.gov

24

**Exhibit A**

Freeze
pay
Shirley
Video
Youtube
Somali
Daycare
"Child care"
childcare
"Blue states"
"Democratic States"
"Democrat States"
slimeballs
Pritzker
Newsom
newscum
Hochul
SSBG
CCDF
TANF
Drawdown
Enhanced
Universe
President
Trump
sanctuary

25

# CERTIFICATE OF SERVICE

I, Kamika S. Shaw, an Assistant United States Attorney for the Southern District of New York, hereby certify that on June 15, 2026 I caused a copy of Defendants' Responses and Objections to Plaintiffs' First Set of Interrogatories to be served upon the following by electronic mail:

Rabia Muqaddam, rabia.muqaddam@ag.ny.gov

Jessica Ranucci, jessica.ranucci@ag.ny.gov

Molly Thomas-Jensen, molly.thomas-jensen@ag.ny.gov

Sherief Gaber, sherief.gaber@ilag.gov

Victoria Ochoa, victoria.ochoa@ag.ny.gov

Daniel Sheehan, daniel.sheehan@doj.ca.gov

Michael Tresnowski, michael.tresnowski@ilag.gov

Lindsey Middlecamp, lindsey.middlecamp@ag.state.mn.us

Nora Passamaneck, nora.passamaneck@coag.gov

Vikas Didwania, vikas.didwania@ilag.gov


Dated:          June 15, 2026
                New York, New York


                                        /s/ Kamika S. Shaw_____