# EXHIBIT 4

JAY CLAYTON
United States Attorney for the
Southern District of New York
By:    KAMIKA SHAW
         MALLIKA BALACHANDRAN
         Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2768/2781
kamika.shaw@usdoj.gov
mallika.balachandran@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATE OF NEW YORK; STATE OF CALIFORNIA; STATE OF COLORADO; STATE OF ILLINOIS, and STATE OF MINNESOTA,<br><br>             Plaintiffs,<br><br>  v.<br><br>ADMINISTRATION FOR CHILDREN AND FAMILIES; ALEX J. ADAMS, in his official capacity as the ASSISTANT SECRETARY OF THE ADMINISTRATION FOR CHILDREN AND FAMILIES; U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; and ROBERT F. KENNEDY, JR., in his official capacity as the SECRETARY OF THE U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>             Defendants. | 26 Civ. 172 (VSB) (RFT)<br><br><br>**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** |

Pursuant to the Federal Rules of Civil Procedure 26 and 33 and Rules 26.3 and 33.3 of

the Local Rules of the United States District Courts for the Southern and Eastern Districts of

New York (the "Local Civil Rules"), Defendants Administration for Children and Families; Alex

J. Adams, in his official capacity as the Assistant Secretary of the Administration for Children

and Families; the U.S. Department of Health and Human Services; and Robert F. Kennedy, Jr., in his official capacity as the Secretary of the U.S. Department of Health and Humas Services (the "Government"), by their attorney, Jay Clayton, United States Attorney for the Southern District of New York, hereby object and respond to Plaintiffs' First Set of Interrogatories to Defendants dated May 15, 2026 (the "Interrogatories"), as follows:

## GENERAL OBJECTIONS AND RESERVATION OF RIGHTS

A.    The Government's objections are made without conceding that the Federal Rules of Civil Procedure or Local Civil Rules governing discovery in cases not involving administrative actions are applicable, or that Plaintiffs are entitled to take discovery at all.   The Government maintains that Plaintiffs have not made any showing, much less "a significant showing," that "[they] will find material in the agency's possession indicative of bad faith or an incomplete record."   *Chang v. United States Citizenship & Immigration Services*, 254 F. Supp. 3d 160, 161 (D.D.C. 2017); *see Nat'l Audubon Soc. v. Hoffman*, 132 F.3d 7, 10, 14 (2d Cir. 1997) ("[A]n extra-record investigation by the reviewing court may be appropriate when there has been a strong showing in support of a claim of bad faith or improper behavior on the part of agency decisionmakers or where the absence of formal administrative findings makes such investigation necessary in order to determine the reasons for the agency's choice.").

B.    The Government objects to the Interrogatories to the extent they seek information from the Executive Office of the President, or the White House, without regard to the "special considerations" that control when discovery implicates the Executive Branch.   *See Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 385-89 (2004); *In re U.S. DOGE Service, et al.*, No. 24A1122, June 6, 2025.

C.    The Government objects to Plaintiffs' definition of "ACF Funding Freeze" to the extent it implies that any funds requested by Plaintiff States were frozen between December 26,

2

2025 and January 6, 2026. Defendants maintain that although pre-payment documentation requirements were implemented, funds were not frozen.

D.    The Government objects to Plaintiffs' definition of "ACF Funding Freeze Payment Instruction" as overbroad to the extent it seeks information after January 6, 2026, which is the last date of the decisions relevant to this litigation and to the extent it implies that any funds requested by Plaintiff States were frozen between December 26, 2025 and January 6, 2026. Defendants maintain that although drawdown restrictions were imposed, funds were not frozen.

E.    The Government objects to Plaintiffs' instruction that, unless otherwise indicated, the relevant time period for purposes of these Interrogatories is from December 26, 2025 to January 9, 2026 as overbroad and not relevant to the extent it seeks information after January 6, 2026, which is the last date of the decisions relevant to this litigation.

F.    The Government objects to the Interrogatories to the extent they purport to require the disclosure of information beyond the scope required or permitted by the Federal Rules of Civil Procedure, the Local Civil Rules, and any other applicable law.

G.    The Government objects to the Interrogatories to the extent they seek information protected from discovery under the attorney-client privilege, the work-product doctrine, the deliberative process privilege, the law enforcement privilege, the investigative privilege, the presidential communications privilege, or any other applicable privilege, immunity, statute, regulation, or rule.

H.    The Government objects to the Interrogatories to the extent they seek information not relevant to a claim or defense in this litigation, are not proportional to the needs of the case, are vague, ambiguous, or overbroad, and/or are unduly burdensome to answer.

3

I.      The Government objects to the Interrogatories to the extent they seek publicly available information, or information that is already in the possession of, or readily obtainable by, Plaintiffs.   With respect to such information, the Interrogatories are unduly burdensome.

J.      In providing these responses, the Government reserves the right to supplement, clarify, revise, or correct any or all of the responses herein at any time.

K.      These responses are accurate to the best of the Government's knowledge as of this date.   The Government expressly reserves the right to supplement its responses based on subsequently discovered information.

L.      In providing these responses, the Government does not waive and hereby reserves its right to assert any and all objections as to the admissibility into evidence, at the trial of this action or in any other proceeding, of any response herein or of any documents produced herewith, on any and all grounds, including, but not limited to, competency, relevancy, materiality, and privilege.

M.      In providing these responses, the Government does not in any manner admit or imply that it considers any interrogatory or information provided in response thereto to be relevant or material to the subject matter of this action, nor does the Government in any manner admit or imply that it considers any interrogatory or response thereto to be relevant to any party's claim or defense or proportional to the needs of the case.

N.      The Government expressly reserves the right to object to the use of its responses to the Interrogatories or any information provided in response thereto in any proceeding other than the above-captioned actions.

## RESPONSES AND OBJECTIONS TO INTERROGATORY REQUESTS

**Interrogatory No. 1:**

Identify all individuals who were involved in making the decision to implement the **ACF Funding Freeze** or witnessed any portion of this decision.

**Response to Interrogatory No. 1:**

The Government objects to this interrogatory on the ground that it is vague and ambiguous, including as to the meaning of the phrases "all individuals who were involved" and "witnessed any portion." The Government also objects to this interrogatory on the ground that it is overly broad, unduly burdensome and not proportional to the needs of the case, and that it seeks information not relevant to the parties' claims or defenses.   The Government further objects to the term "ACF Funding Freeze" to the extent it implies that any funds requested by Plaintiff States were frozen between December 26, 2025 and January 6, 2026.   Defendants maintain that although pre-payment documentation requirements were implemented, funds were not frozen.

Subject to and without waiving its objections, and interpreting this interrogatory as requesting that the Government identify all individuals who held a decision-making role and /or directly participated in HHS' deliberations with respect to HHS' decision to implement pre-payment documentation requirements, the Government identifies the following individuals:

- Alex Adams, Assistant Secretary, ACF

- Cody Inman, Principal Deputy Assistant Secretary, ACF

- Martha Verno, Chief of Staff, ACF

- Robert F. Kennedy Jr., Secretary, HHS

- Jim O'Neill, Former Deputy Secretary, HHS

5

- Anne DeCesaro, Associate Director for Education, Income Maintenance and Labor Programs, OMB

- Russell Vought, Director, OMB

**Interrogatory No. 2:**

Identify all individuals who were involved in the process of drafting, reviewing, revising, sending, or receiving any **ACF Funding Freeze Payment Instruction** or witnessed any portion of this process.

**Response to Interrogatory No. 2:**

The Government objects to this interrogatory on the ground that it is vague and ambiguous, including as to the meaning of the phrases "all individuals who were involved" and "witnessed any portion." The Government also objects to this interrogatory on the ground that it is overly broad, unduly burdensome and not proportional to the needs of the case, and that it seeks information not relevant to the parties' claims or defenses.   The Government further objects to this interrogatory to the extent it seeks information after January 6, 2026, the last date of the decision at issue in this litigation.   The Government further objects to the term "ACF Funding Freeze" to the extent it implies that any funds requested by Plaintiff States were frozen between December 26, 2025 and January 6, 2026.   The Government maintains that although pre-payment documentation requirements were implemented, funds were not frozen. The Government also objects to this interrogatory to the extent it seeks information protected from discovery under the attorney-client privilege, the work-product doctrine, the deliberative process privilege, the law enforcement privilege, the investigative privilege, the presidential

communications privilege, or any other applicable privilege, immunity, statute, regulation, or rule.

Subject to and without waiving its objections, and interpreting this interrogatory as requesting that the Government identify all individuals who directly participated in drafting the and/or implementing the pre-payment documentation requirements, the Government identifies the individuals listed below. The Government has not included the names of counsel.

- Alex Adams, Assistant Secretary, ACF

- Cody Inman, Principal Deputy Assistant Secretary, ACF

- Martha Verno, Chief of Staff, ACF

- Anne DeCesaro, Associate Director for Education, Income Maintenance and Labor Programs, OMB

- Melissa Bruce, Deputy Assistant Secretary, Program Support Center

- Hye "Sheri" Min, Director, Payment Management Services, Program Support Center

- Zach Terrell, Chief Technology Officer, HHS

**Interrogatory No. 3:**

Identify all individuals who were involved in the process of drafting, reviewing, revising, or sending any of the **January 5 and 6 Letters** or witnessed any portion of this process.

**Response to Interrogatory No. 3:**

The Government objects to this interrogatory on the ground that it is vague and ambiguous, including as to the meaning of the phrases "all individuals who were involved" and "witnessed any portion." The Government also objects to this interrogatory on the ground that it

is overly broad, unduly burdensome and not proportional to the needs of the case, and that it seeks information not relevant to the parties' claims or defenses. The Government maintains that although pre-payment documentation requirements were implemented, funds were not frozen. The Government also objects to this interrogatory to the extent it seeks information protected from discovery under the attorney-client privilege, the work-product doctrine, the deliberative process privilege, the law enforcement privilege, the investigative privilege, the presidential communications privilege, or any other applicable privilege, immunity, statute, regulation, or rule.

Subject to and without waiving its objections, and interpreting this interrogatory as requesting that the Government identify all individuals who directly participated in drafting the January 5 or January 6 letters, the Government identifies the individuals listed below. The Government has not included the names of counsel.

- Alex Adams, Assistant Secretary, ACF

- Cody Inman, Principal Deputy Assistant Secretary, ACF

- Martha Verno, Chief of Staff, ACF

- Anne DeCesaro, Associate Director for Education, Income Maintenance and Labor Programs, OMB

**Interrogatory No. 4:**

Identify all individuals who were involved in the process of drafting, reviewing, revising, or sending any of the **Data Demands** or witnessed any portion of this process.

**Response to Interrogatory No. 4:**

The Government objects to this interrogatory on the ground that it is vague and ambiguous, including as to the meaning of the phrases "all individuals who were involved" and

8

"witnessed any portion." The Government also objects to this interrogatory on the ground that it is overly broad, unduly burdensome and not proportional to the needs of the case, and that it seeks information not relevant to the parties' claims or defenses. The Government maintains that although pre-payment documentation requirements were implemented, funds were not frozen. The Government also objects to this interrogatory to the extent it seeks information protected from discovery under the attorney-client privilege, the work-product doctrine, the deliberative process privilege, the law enforcement privilege, the investigative privilege, the presidential communications privilege, or any other applicable privilege, immunity, statute, regulation, or rule.

Subject to and without waiving its objections, and interpreting this interrogatory as requesting that the Government identify all individuals who directly participated in drafting the Data Demands set forth in the January 5 and 6 Letters, the Government identifies the individuals listed below. The Government has not included the names of counsel.

- Alex Adams, Assistant Secretary, ACF

- Cody Inman, Principal Deputy Assistant Secretary, ACF

- Martha Verno, Chief of Staff, ACF

- Anne DeCesaro, Associate Director for Education, Income Maintenance and Labor Programs, OMB

**Interrogatory No. 5:**

Identify the custodian, location, and general description of all documents and communications relating to the **ACF Funding Freeze**, the **ACF Funding Freeze Payment Instructions**, the **January 5 and 6 Letters**, and the **Data Demands**.

**Response to Interrogatory No. 5:**

9

The Government objects to this interrogatory on the ground that it is overly broad, unduly burdensome and not proportional to the needs of the case, and that it seeks information not relevant to the parties' claims or defenses and is encompassed in interrogatories 1 through 4. The Government objects to the terms "ACF Funding Freeze" and "ACF Funding Freeze Payment Instructions" to the extent the terms imply that any funds requested by Plaintiff States were frozen between December 26, 2025 and January 6, 2026.   Defendants maintain that although pre-payment documentation requirements were implemented, funds were not frozen.

Subject to and without waiving its objections, and interpreting this interrogatory as requesting that the Government identify all custodians reasonably likely to possess significant and non-cumulative documents related to HHS' decision to implement pre-payment documentation requirements, the January 5 and January 6 letters, HHS' implementation of the pre-payment documentation requirements, and the Data Demands set forth in the January 5 and January 6 letters, the Government responds that the following individuals are reasonably likely to possess responsive documents located on laptops and/or servers that consist primarily of e-mail communications and other documents.   The Government has not included the names of counsel.

- Alex Adams, Assistant Secretary, ACF

- Cody Inman, Principal Deputy Assistant Secretary, ACF

- Martha Verno, Chief of Staff, ACF

- Anne DeCesaro, Associate Director for Education, Income Maintenance and Labor Programs, OMB

- Jim O'Neill, Former Deputy Secretary, HHS

10

<u>AS TO INTERROGATORY RESPONSES ONLY</u>

Pursuant to the provisions of 28 U.S.C. § 1746, Reese Cody Inman, Principal Deputy Assistant Secretary for the Administration for Children and Families, declares under penalty of perjury that the foregoing answers to the above interrogatories are based upon information collected from individuals with direct knowledge of the events at issue and that the collected information has been truthfully provided herein to the best of his knowledge, information, and belief.

Dated: New York, New York
      June 15, 2026

REESE C. INMAN -
S

Digitally signed by REESE C.
INMAN -S
Date: 2026.06.15 22:58:21 -04'00'

REESE CODY INMAN
Principal Deputy Assistant Secretary
Administration for Children and Families

AS TO OBJECTIONS TO INTERROGATORIES

Dated:  New York, New York         JAY CLAYTON
         June 15, 2026             United States Attorney for the
                                   Southern District of New York

                           By:    /s/ *Mallika Balachandran*
                               By:   KAMIKA SHAW
                                   MALLIKA BALACHANDRAN
                                   Assistant United States Attorneys
                                   86 Chambers Street, 3rd Floor
                                   New York, New York 10007
                                   Telephone: (212) 637-2768/2781
                                   kamika.shaw@usdoj.gov
                                   mallika.balachandran@usdoj.gov

12

## CERTIFICATE OF SERVICE

I, Mallika Balachandran, an Assistant United States Attorney for the Southern District of New York, hereby certify that on June 15, 2026 I caused a copy of Defendants' Responses and Objections to Plaintiffs' First Set of Interrogatories to be served upon the following by electronic mail:

Rabia Muqaddam, rabia.muqaddam@ag.ny.gov

Jessica Ranucci, jessica.ranucci@ag.ny.gov

Molly Thomas-Jensen, molly.thomas-jensen@ag.ny.gov

Sherief Gaber, sherief.gaber@ilag.gov

Victoria Ochoa, victoria.ochoa@ag.ny.gov

Daniel Sheehan, daniel.sheehan@doj.ca.gov

Michael Tresnowski, michael.tresnowski@ilag.gov

Lindsey Middlecamp, lindsey.middlecamp@ag.state.mn.us

Nora Passamaneck, nora.passamaneck@coag.gov

Vikas Didwania, vikas.didwania@ilag.gov

Dated:       June 15, 2026
             New York, New York

                                        _/s/ Mallika Balachandran_____