

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

July 22, 2026

<u>Via ECF</u>
Honorable Robyn F. Tarnofsky
United States Magistrate Judge
500 Pearl Street
New York, New York 10007

Re:    *State of New York et al v. Administration for Children and Families et al*, 26 Civ. 172 (VSB)

Dear Judge Tarnofsky:

This Office represents Defendants in the above-referenced action under the Administrative Procedure Act ("APA"). We write respectfully in response to Plaintiffs' July 17, 2026 letter requesting a pre-motion conference regarding purported discovery disputes in this matter. For the reasons laid out below, Defendants request that the Court hold in abeyance the issues raised in Plaintiffs' letter or in the alternative, set a briefing schedule for Plaintiffs to move to compel discovery beyond the Administrative Record.

Defendants have filed the Administrative Record in this case, ECF No. 85, and produced a supplement thereto after conducting a follow-up search, at Plaintiffs' request, for any additional documents the agency considered in deciding to take the action Plaintiffs challenged. Although discovery in APA cases is typically limited to the Administrative Record, in an abundance of caution, Defendants agreed to conduct certain limited additional discovery. Since that time, however, there have been substantial changes in the facts and circumstances rendering such discovery inappropriate. In particular, Defendants have agreed to the relief Plaintiffs seek in this lawsuit and are no longer defending the merits of the agency decision at issue. Nevertheless, Plaintiffs now press to obtain wide-ranging discovery before the Court can enter a permanent injunction or dismiss the case as moot. Plaintiffs also added a new agency defendant in an apparent effort to prolong this case and conduct a fishing expedition for discovery that could be sought through a Freedom of Information Act request. Accordingly, even if this case were not moot, discovery should not proceed until Defendants have had an opportunity to respond to the amended complaint.

As Defendants explained in their July 9, 2026 letter, ECF No. 114, the Administration for Children and Families ("ACF") sent a letter to Plaintiff states on July 8, 2026, rescinding the January 5 and January 6, 2026 letters implementing the agency action that forms the basis of Plaintiffs' lawsuit and notifying Plaintiffs that any future agency action with respect to the relevant funding programs would comply with the preliminary injunction the Court issued on February 6, 2026., ECF No. 71. In light of this, Plaintiffs' lawsuit is now moot. As Plaintiffs have now received all the relief they could obtain through this lawsuit, Defendants reached out to Plaintiffs' counsel to attempt to resolve this matter on consent. However, the Government's efforts to date have been unsuccessful, and the parties appear to be at an impasse. Specifically, the Government shared the draft permanent injunction order with Plaintiffs on July 13 and asked Plaintiffs to provide suggested changes to facilitate further discussion to see if the parties could reach

agreement on a proposed permanent injunction.[1] Since that time, Plaintiffs have refused to provide a redline of the draft with their proposed changes. Rather, Plaintiffs take the position that the Office of Management and Budget ("OMB") must agree to be included as an enjoined party before they provide specific comments on the proposed order.  Plaintiffs have not, however, articulated what specific relief they seek from OMB, and in any event, HHS is the only agency authorized to take the action Plaintiffs have challenged. Accordingly, Defendants are planning to file a motion to dismiss by their answer deadline, July 28.

In the interests of preserving the Court's and the parties' time and resources associated with briefing and adjudicating a motion to dismiss, during which time Plaintiffs have indicated that they will continue to seek discovery from Defendants, Defendants filed a letter to Judge Broderick, submitting that it would be more efficient for Defendants to consent to entry of an Order permanently enjoining them from engaging in the conduct set forth in the Court's Preliminary Injunction Order, which would resolve this lawsuit in its entirety.  The Government respectfully requested that the Court review and approve a proposed Order and close this case, or schedule a conference for the parties to discuss entry of a permanent injunction with the Court. injunction. Following that submission, the Court directed the parties to meet and confer by July 24, 2026, and if the parties are unable to reach an agreement, Plaintiffs are to file a response to the Government's letter by August 7, 2026. Although Defendants are attempting to meet and confer with Plaintiffs to resolve this matter on consent, Plaintiffs continue simultaneously to demand that the Government immediately provide expansive discovery.

Plaintiffs are not entitled to discovery in this action that challenges an agency's action.  As the Supreme Court has explained, it is "fundamental" that the "focal point for judicial review" of agency action "should be the administrative record already in existence, not some new record made initially in the reviewing court." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985) (quotation marks omitted); *see also National Audubon Soc. v. Hoffman*, 132 F.3d 7, 10, 14 (2d Cir. 1997); *Bellion Spirits, LLC v. United States*, 335 F. Supp. 3d 32, 37-38 (D.D.C. 2018) (explaining that in "reviewing agency action," it is "black-letter administrative law" that "a reviewing court should have before it neither more nor less information than did the agency when it made its decision" and that a court may permit a party to supplement the administrative records only in "limited, and highly exceptional, circumstances") (quotation marks omitted), *aff'd*, 7 F.4th 1201 (D.C. Cir. 2021). In an APA case, absent a strong showing of bad faith or inconsistency in compiling the record, the agencies' certifications are conclusive, and no discovery is permitted. *See, e.g.*, *Nat'l Audubon Soc.*, 132 F.3d at 14; *Manker v. Spencer*, No. 18 Civ. 372 (CSH), 2019 WL 1506654, at *5 (D. Conn. Apr. 5, 2019) (recognizing that no discovery could be authorized unless court first determined that administrative record was deficient).

Here, while the parties were litigating the merits of the agency decision in this case, Defendants agreed to conduct certain limited discovery.  Plaintiffs' discovery requests have been expansive. The discovery requests that Plaintiffs raised in their letter are wide-ranging, not at all proportional to the needs of this case, and will impact various privileges.  For example, Plaintiffs' interrogatories request Defendants to identify all individuals who witnessed any portion of the decision making at issue in this case. Defendants have appropriately responded and objected to

---

[1] The draft permanent injunction order is largely the same as the preliminary injunction order that the Court entered; there has been no dispute by Plaintiffs that the preliminary injunction order that is in place bars the conduct at issue.

Plaintiffs' requests and, in doing so, interpreted this request to include individuals directly participated in the decision making. However, now that Defendants have acted in good faith to withdraw the January 5 and January 6 letters and have agreed to the relief Plaintiffs sought and obtained in the preliminary injunction, Defendants no longer agree that any further discovery in this moot matter is warranted. *Davis v. Austin*, No. 22 Civ. 237 (MMH)(MCR), 2023 WL 4352444, at *11 (M.D. Fla. July 5, 2023) (jurisdictional discovery not warranted where case became moot); *Esquivel v. Citibank, N.A.*, No. 12 Civ. 2342, 2013 WL 12121509, at *3 (S.D. Fla. Jan. 8, 2013) (finding where a case is moot, further discovery is not warranted).

Further, Plaintiffs have now amended their complaint, bringing in additional parties and allegations. Even if the case were not moot, Defendants would have to reassess their position on discovery, in light of the changed circumstances. Finally, if the Court were to find that discovery should continue in this litigation, at minimum, discovery should be stayed pending the Court's decision on Defendants' proposed permanent injunction.[2] Accordingly, Defendants request the Court hold in abeyance the issues raised in Plaintiffs' letter or in the alternative, set a briefing schedule for Plaintiffs' to move to compel discovery.

We thank the Court for considering this submission.

Respectfully submitted,

JAY CLAYTON
United States Attorney
Southern District of New York
*Attorney for Defendants*

By:     /s/ *Mallika Balachandran*
KAMIKA S. SHAW
MALLIKA BALACHANDRAN
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: 212-637-2768/2781
Email:Kamika.shaw@usdoj.gov
       mallika.balachandran@usdoj.gov

cc: All counsel of record (via ECF)

---

[2] Defendants acknowledge that the Court said it would rule on a stay of discovery pending Defendants' anticipated motion to dismiss, once such a motion has been filed. Defendants intend on filing a letter-motion requesting a stay of discovery with their motion to dismiss.