

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

July 27, 2026

**<u>Via ECF</u>**
Honorable Robyn F. Tarnofsky
United States Magistrate Judge
500 Pearl Street
New York, New York 10007

> **Re:** *State of New York et al v. Administration for Children and Families et al*, 26 Civ. 172 (VSB) (RFT)

Dear Judge Tarnofsky:

This Office represents Defendants in the above-referenced action under the Administrative Procedure Act ("APA"). Pursuant to the Court's July 10, 2026 Order, Defendants respectfully submit this letter to seek a stay of discovery pending the Court's decision on Defendants' motion to dismiss Plaintiffs' First Amended Complaint (ECF No. 121).  Good cause exists to stay discovery because: (1) Defendants' motion will likely be dispositive of the entirety of the action; (2) the burdens of discovery on the parties and the Court are likely to be substantial; and (3) Plaintiffs would suffer no unfair prejudice from a brief stay pending resolution of a threshold motion. Absent a stay, Plaintiffs should be required to file a motion to compel discovery in this APA case; Defendants no longer agree to engage in limited discovery, as the facts and circumstances have changed dramatically.

### I.    Background

On April 1, 2026, Defendants filed the Administrative Record in this case, ECF No. 85, and produced a supplement thereto after conducting a follow-up search, at Plaintiffs' request, for any additional documents the agency considered in deciding to take the action Plaintiffs challenged.  Although discovery in APA cases is typically limited to the Administrative Record, in an abundance of caution, Defendants agreed to conduct certain limited additional discovery. Since that time, however, there have been substantial changes in the facts and circumstances rendering such discovery inappropriate. In particular, as discussed further below, Defendants have agreed to the relief Plaintiffs seek in this lawsuit and are no longer defending the merits of the agency decision at issue. Nevertheless, Plaintiffs now press to obtain wide-ranging discovery before the Court can enter a permanent injunction or dismiss the case as moot.

On July 14, 2026, Plaintiffs amended their complaint to add the Office of Management and Budget ("OMB"), and its director, Russell Vought as Defendants. ECF No. 121.  As HHS is the only agency with authority to suspend funding for the programs at issue in this case, Plaintiffs' last-minute naming of additional defendants lacking such authority cannot recreate a controversy that no longer exists.  Defendants have submitted a proposed permanent injunction to the Court for consideration, and have attempted to negotiate a permanent injunction order with Plaintiffs at the Court's direction, but Plaintiffs have refused to meaningfully participate.  Defendants therefore moved to dismiss on grounds of mootness and failure to state a claim as to Defendants OMB and Vought. *See* ECF Nos. 128-129.

"A district court has discretion to stay discovery pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, upon a showing of good cause." *Hertz Glob. Holdings, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, No. 19 Civ. 6957 (AJN), 2020 WL 6642188, at *1 (S.D.N.Y. Nov. 12, 2020) (citation omitted). "If a motion to dismiss is pending, courts typically consider several factors in determining whether to stay discovery; including: (1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Alapaha View Ltd. v. Prodigy Network, LLC*, No. 20 Civ. 7572 (VSB), 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021) (quotation marks omitted). Each of these considerations supports a stay.

## II.    Defendants' Motion to Dismiss Are Likely to Resolve the Actions

A stay is warranted because Defendants' motion to dismiss would dispose of the action and is certainly not unfounded in the law. *See Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09 Civ. 5874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (finding pending motion to dismiss supported a stay where the defendant "put forth in its motion multiple, independent arguments for dismissal and the motion appears not to be unfounded in the law" (citation and quotation marks omitted)). As courts in this District have recognized, where a party has "presented substantial arguments for dismissal of many, if not all, of the claims asserted in this lawsuit, a stay of discovery is appropriate." *HAHA Glob., Inc. v. Barclays*, No. 19 Civ. 04749 (VEC) (SDA), 2020 WL 832341, at *1 (S.D.N.Y. Feb. 20, 2020) (citation and quotation marks omitted); *Press v. Primavera*, No. 21 Civ. 10971 (JLR), 2022 WL 17736916, at *2 (S.D.N.Y. Dec. 16, 2022) (staying discovery because, among other reasons, the defendant made "substantial arguments" for dismissal); *see also Richardson v. City of New York*, No. 21 Civ. 5080 (PAE) (KHP), 2022 WL 2003340, at *2 (S.D.N.Y. June 6, 2022) (staying discovery where the defendants' motion to dismiss "arguments are supported by case law from this Circuit").

As Defendants explained in their July 23, 2026 letter, ECF No. 127, the Administration for Children and Families ("ACF") sent a letter to Plaintiff states on July 8, 2026, rescinding the January 5 and January 6, 2026 letters implementing the agency action that forms the basis of Plaintiffs' lawsuit and notifying Plaintiffs that any future agency action with respect to the relevant funding programs would comply with the preliminary injunction the Court issued on February 6, 2026, ECF No. 71. In light of this, Plaintiffs' lawsuit is now moot. As Plaintiffs have now received all the relief they could obtain through this lawsuit, Defendants reached out to Plaintiffs' counsel to attempt to resolve this matter on consent. However, the Government's efforts to date have been unsuccessful, as Plaintiffs have refused to meaningfully engage in discussions and are instead pressing for discovery they could obtain through a Freedom of Information Request. Accordingly, Defendants moved to dismiss.

Defendants also moved to dismiss on the basis that Plaintiffs have failed to state a claim as to Defendants OMB and Vought. Plaintiffs have failed to allege an agency action taken by Defendants OMB and Vought. First, they have not sufficiently alleged a new agency action, as the Amended Complaint states nothing more than that ACF implemented "the ACF Funding Freeze pursuant to one or more directives from OMB." Am. Compl. ¶ 137. Second, to the extent Plaintiffs are alleging that OMB and Vought took the final agency action stated in their original complaint, that would be futile—the only agency that could have "implemented the ACF Funding Freeze" is HHS.

Because a decision in Defendants' favor in connection with Defendants' motion to dismiss would resolve the entirety of this action, a stay is appropriate.

## III.    The Breadth and Burden of Discovery Weigh in Favor of a Stay

The second factor—the breadth of discovery and the burden of responding to it—likewise favors a stay for multiple reasons. *First*, Defendants have already produced the Administrative Record underlying the Secretary's decision. ECF No. 85. Plaintiffs thus already have substantial documentary materials concerning the decision they challenge, so there is no urgency to proceed with the remaining discovery now.  As Defendants explained to the Court previously, Plaintiffs are not entitled to discovery in this action that challenges an agency's action.  As the Supreme Court has explained, it is "fundamental" that the "focal point for judicial review" of agency action "should be the administrative record already in existence, not some new record made initially in the reviewing court." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985) (quotation marks omitted); *see also National Audubon Soc. v. Hoffman*, 132 F.3d 7, 10, 14 (2d Cir. 1997); *Bellion Spirits, LLC v. United States*, 335 F. Supp. 3d 32, 37-38 (D.D.C. 2018) (explaining that in "reviewing agency action," it is "black-letter administrative law" that "a reviewing court should have before it neither more nor less information than did the agency when it made its decision" and that a court may permit a party to supplement the administrative records only in "limited, and highly exceptional, circumstances") (quotation marks omitted), *aff'd*, 7 F.4th 1201 (D.C. Cir. 2021). In an APA case, absent a strong showing of bad faith or inconsistency in compiling the record, the agencies' certifications are conclusive, and no discovery is permitted. *See, e.g.*, *Nat'l Audubon Soc.*, 132 F.3d at 14; *Manker v. Spencer*, No. 18 Civ. 372 (CSH), 2019 WL 1506654, at *5 (D. Conn. Apr. 5, 2019) (recognizing that no discovery could be authorized unless court first determined that administrative record was deficient)

*Second,* the requested discovery is broad and complex. Plaintiffs have requested information from multiple individuals across both agencies and have propounded 22 document requests.  For example, Plaintiffs ask for the identities of all individuals who witnessed any portion of the decision making at issue in this case; they have requested all documents, electronically stored information, and communications relating to any "sanctuary" state or jurisdiction; and "[a]ll documents, electronically stored information, and communications including any of the terms attached in Exhibit A," which includes unreasonably broad terms such as "pay" and "video." These requests require collection and review of records across multiple government components.  Courts in this District have stayed discovery in similar circumstances. *See, e.g.*, *Alapaha View*, 2021 WL 1893316, at *2 (staying discovery where the case "involves conduct spanning over multiple years" and multiple parties, because "even document discovery would be onerous"). Requiring the parties to undertake discovery of that magnitude before the Court has determined whether any claim survives would impose burdens not "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

*Third*, much of the discovery implicates various privileges including attorney client privilege, work product privilege, and the deliberative process privilege and other governmental privileges. Plaintiffs are seeking internal agency deliberations, draft documents, and inter- and intra-agency communications concerning the termination decision. Responding to such requests requires Defendants to review and log large volumes of documents, and invites privilege disputes and motions to compel—all in a case that is unlikely to survive the motions to dismiss.  Indeed, Defendants production of the supplement to the Administrative Record has already resulted in disputes that the Court was required to resolve and Plaintiffs have submitted additional discovery

disputes that are currently pending before the Court. These burdens would be avoided if, after reviewing the parties' briefing, the Court grants the government's motions to dismiss. As one court in this District has explained, because the disposition of a motion to dismiss "may significantly narrow, if not eliminate, the issues remaining in this case . . . proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden." *Alapaha View*, 2021 WL 1893316, at *2 (citation omitted).

## IV.    A Brief Stay Would Not Unfairly Prejudice Plaintiffs

Finally, because discovery would be stayed only pending the Court's decision on the government's motions, "a short delay at this time would not be unfairly prejudicial." *Hertz*, 2020 WL 6642188, at *1. Indeed, "[a] stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue." *Alapaha View*, 2021 WL 1893316, at *3 (citation and quotation marks omitted); *Spinelli v. Nat'l Football League*, No. 13 Civ. 7398 (RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) ("At this stage of the litigation, with the viability of the new Complaint unresolved, a delay in discovery, without more, does not amount to unfair prejudice."). There is currently a preliminary injunction in place and so rapid discovery is not warranted.

Defendants have already filed their motion to dismiss and the motion will be fully briefed by the end of August. A stay of that limited duration would not meaningfully delay the litigation. Nor is there any risk that a brief stay would result in the loss of evidence or the fading of witness memories: the challenged decision was described in letters to Plaintiff States in January 2026, and the events surrounding the decision are recent. *See Hertz*, 2020 WL 6642188, at *1 ("Because Plaintiff's discovery requests appear to be primarily for documentary evidence and for testimony of corporate witnesses who will rely heavily on documents in preparing for their depositions, there is little risk of that fading memories with the passage of time will result in unfair prejudice to Plaintiff if discovery were stayed." (citation and quotation marks omitted)). Resolution of Defendants' motion, which may eliminate the entirety of the action, will therefore neither substantially nor unduly delay this litigation should it proceed, while the alternative would require the parties and the Court to undertake burdensome and potentially unnecessary discovery.

More importantly, there is no prejudice because Plaintiffs have already received all the relief to which they are entitled. The agency has withdrawn the action precipitating this lawsuit and promised to comply with the preliminary injunction going forward. In addition, Plaintiffs have not shown that they are entitled to discovery in this APA case, particularly where the agency has agreed to the relief they seek. While Defendants agreed to provide some limited discovery when the parties were litigation the merits of this case, that is no longer the case, and Plaintiffs will need to move to compel in order to obtain discovery.

For the foregoing reasons, the Government respectfully requests that the Court stay discovery pending the adjudication of the government's motion to dismiss. Absent a stay, the Government respectfully requests that Plaintiffs be required to file a motion to compel discovery in this APA case. Defendants no longer agree to engage in limited discovery due to the material changes in the circumstances of this case.

We thank the Court for its consideration of these matters.

Respectfully submitted,

JAY CLAYTON
United States Attorney
Southern District of New York
*Attorney for Defendants*


By:    /s/ *Mallika Balachandran*_____
KAMIKA S. SHAW
MALLIKA BALACHANDRAN
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: 212-637-2768/2781
Email:kamika.shaw@usdoj.gov
          mallika.balachandran@usdoj.gov


cc: All counsel of record (via ECF)