# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| STATE OF NEW YORK; STATE OF CALIFORNIA; STATE OF COLORADO; STATE OF ILLINOIS; and STATE OF MINNESOTA,<br><br>      Plaintiffs,<br><br>v.<br><br>ADMINISTRATION FOR CHILDREN AND FAMILIES; ALEX J. ADAMS, in his official capacity as the ASSISTANT SECRETARY OF THE ADMINISTRATION FOR CHILDREN AND FAMILIES; U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; and ROBERT F. KENNEDY, JR., in his official capacity as the SECRETARY OF THE U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; RUSSELL VOUGHT, in his official capacity as the DIRECTOR OF THE OFFICE OF MANAGEMENT AND BUDGET,<br><br>      Defendants. | 26 Civ. 172 (VSB)<br><br>**[PROPOSED]**<br>**ORDER** |

VERNON S. BRODERICK, United States District Judge:

1.      On January 5, 2026 and January 6, 2026, the Administration for Children and Families ("ACF"), a sub-agency within the Department of Health and Human Services ("HHS"), sent letters to Plaintiff States "attempt[ing] to conditionally freeze $10 billion of funding" that "provides cash assistance and life-saving services for vulnerable and low-income children and for families and individuals with disabilities." ECF No. 80 at 1, 3.

2.      On February 6, 2026 (ECF No. 71), the Court entered a preliminary injunction blocking "ACF's funding policy at issue, which restricted or cut off federal funding for the Child Care Development Fund, Temporary Assistance to Needy Families, and Social Services Block Grants programs to Plaintiff States." ECF No. 71 at 1.

3.      The Parties now desire to resolve this case via stipulation if the Court so orders.

4.      The Parties have stipulated to facts as follows:

a.      Defendants HHS, ACF, Alex J. Adams, HHS, Robert F. Kennedy, Jr., Russell Vought, and the Office of Management and Budget (collectively, "Defendants") acknowledge that they attempted to freeze approximately $10 billion of funding owed to the Plaintiff States under the Child Care Development Fund, Temporary Assistance to Needy Families, and Social Services Block Grants programs (the "Programs").

b.      Defendants acknowledge that their attempt to withhold funding based on the Plaintiff States' alleged misadministration of the Programs was without evidentiary basis.

c.      Defendants acknowledge that they attempted to freeze funding for the Programs to engage in "partisan targeting," *see* ECF No. 80 at 43, of the Plaintiff States, including because each of the Plaintiff States is led by a Democratic governor and had been identified as a so-called "sanctuary jurisdiction" by the Executive branch.

5.      The Parties have agreed to a Permanent Injunction as follows:

a.      Defendants are permanently enjoined from engaging in any attempts to restrict, pause, condition, cut off, or otherwise interfere with Plaintiff States' ability to draw down funds under the Programs except as specifically allowed by the respective authorizing statutes and regulations as described on pages 9-15 of the Court's March 10, 2026 Order (ECF No. 80), subject to the additional limitations identified in this Order.

b.      Defendants are further permanently enjoined from implementing any similar policy by engaging in any attempts to restrict, pause, condition, cut off, or otherwise interfere with Plaintiff States' ability to draw down funds under the Programs based on the submission of, or failure to submit, data or information to Defendants except as required by applicable statutes and regulations as described on pages 9-15 of the Court's March 10, 2026 Order (ECF

2

No. 80).

c.      Defendants are further permanently enjoined from applying "Defend the Spend" or similar requirements to Plaintiff States' drawdown of funds under the Programs.

d.      Defendants are further permanently enjoined from implementing any similar policy by engaging in any attempts to restrict, pause, condition, cut off, or otherwise interfere with Plaintiffs States' ability to draw down funds, and from seeking data or information from a Plaintiff State, based on partisan targeting. Partisan targeting of a State includes, for example, denying benefits or imposing obligations based on the political party of the State's governor, the political party of the winner of the State's Presidential election, or the labeling by the Executive branch of the State or municipality therein as a "sanctuary jurisdiction."

6.      This Court will retain jurisdiction to enforce this permanent injunction.

7.      Defendants will relinquish any right to appeal in this case.

8.      All parties reserve all rights with respect to any arguments, defenses, or actions regarding any actions not covered by this permanent injunction.

9.      All parties will bear their own fees and costs.


SO ORDERED.


Dated: August __, 2026
       New York, New York


_____
Vernon S. Broderick
United States District Judge

3