

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

August 4, 2026

**Via ECF**

Honorable Robyn F. Tarnofsky
United States Magistrate Judge
500 Pearl Street
New York, New York 10007

      **Re:**    ***State of New York et al v. Administration for Children and Families et al***, 26 Civ. 172 (VSB) (RFT)

Dear Judge Tarnofsky:

      This Office represents Defendants in the above-referenced action under the Administrative Procedure Act ("APA"). We write respectfully in further support of our letter-motion to stay discovery dated July 27, ECF No. 130. On July 13, 2026, Defendants sent Plaintiffs a draft proposed permanent injunction order. As Plaintiffs noted, on July 14, 2026, Judge Broderick directed the parties to meet and confer regarding the order. Defendants re-sent the draft order to Plaintiffs on July 17 and asked Plaintiffs to provide a redline showing their proposed changes in advance of meeting and conferring. Plaintiffs refused to do so and the parties met and conferred on July 22, during which Defendants expressed that it would be more productive for Plaintiffs to provide a redline showing their proposed changes, but once again, Plaintiffs refused to do so. [1] Instead, on July 31, 2026 at noon, more than two weeks later, Plaintiffs responded with their own draft proposed permanent injunction order and requested that Defendants advise whether Plaintiffs' proposed order would be acceptable by August 3, at 10:00 am providing less than a business day to respond. Plaintiffs' foot-dragging followed by demands for comments on an unreasonable timeframe appear to be a gambit to keep this case alive while they seek discovery to which they are not entitled.[2]

      Defendants informed Plaintiffs that while we remain ready to continue negotiating in good faith, we would not be able to get back to them in such a short window. The undersigned have been discussing Plaintiffs' proposed order with the agencies and are planning to send Plaintiffs a

---

[1] Plaintiffs stated at the Court conference on July 28, 2026 and repeated twice in their letter opposing Defendants' request to stay discovery that the "Parties have conferred *twice* and engaged in email communications regarding Defendants' proposed order" after Judge Broderick's July 14, 2026 Order. ECF No. 132 at 3 (emphasis in original). Defendants have only participated in *one* conferral, on July 22, 2026, since Judge Broderick's July 14 Order.

[2] As stated in the Defendant's July 27, 2026 Letter, ECF No. 130 at 3, Plaintiffs are not entitled to discovery in a suit challenging agency action. Plaintiffs do not challenge this in their August 3, 2026 opposition. Defendants volunteered limited discovery prior to: 1) the agency rescinding January 5 and 6 Letters implementing the actions Plaintiffs challenge in their suit; and 2) Plaintiffs amending their complaint. Based on both developments, Defendants no longer agree to provide discovery in this case. Plaintiffs' attempts to characterize this as a formal agreement that operates akin to an enforceable court order are misguided.

redline showing our proposed changes by the end of this week.  Notwithstanding the prior delays, Plaintiffs decision to start engaging in substantive discussions regarding a permanent injunction resolving this matter in its entirety counsels in favor of staying discovery, pending either an agreement on the proposed permanent injunction or the outcome of Defendants' motion to dismiss. Importantly, Plaintiffs did not identify any prejudice that would result from a stay of discovery. Indeed, they cannot, as there is currently a preliminary injunction in place that Defendants have complied with and promised to comply with going forward after withdrawing the actions that form the basis of this lawsuit, giving Plaintiffs all the relief they have requested in their Amended Complaint. Rather, they cursorily attempt to explain why they need discovery in the first place, but that is nothing more than a fishing expedition more appropriate for a FOIA request.

We thank the Court for its consideration of these matters.

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney
Southern District of New York
*Attorney for Defendants*

By:    /s/ *Mallika Balachandran*
KAMIKA S. SHAW
MALLIKA BALACHANDRAN
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: 212-637-2768/2781
Email:kamika.shaw@usdoj.gov
          mallika.balachandran@usdoj.gov

cc: All counsel of record (via ECF)