UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATE OF NEW YORK, et al.,<br><br>                    Plaintiffs,<br><br>     -against-<br><br>ADMINISTRATION FOR CHILDREN AND<br>FAMILIES, et al.,<br><br>                    Defendants. | |

26-CV-0172 (VSB) (RFT)

**OPINION & ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Defendants' motion to stay discovery pending a decision on its motion to dismiss the amended complaint (ECF 128) is before the Court. (*See* ECF 130.)

Rule 26(c) of the Federal Rules of Civil Procedure permits a court to stay discovery "for good cause." Fed. R. Civ. P. 26(c). When determining whether discovery should be stayed pending a decision on a motion to dismiss, courts consider the breadth of the discovery being sought and the burden of responding to the discovery requests, the strength of the motion to dismiss, and the prejudice to the party opposing the stay. *See, e.g., Richardson v. City of New York*, No. 21-CV-5080 (PAE) (KHP), 2022 WL 2003340, at *1 (S.D.N.Y. June 6, 2022); *Sigma Lithium Corp. v. Gardner*, No. 23-CV-7403 (DEH), 2024 WL 2867504, at *1 (S.D.N.Y. June 4, 2024). After reviewing the amended complaint (ECF 121), the memorandum in support of the motion to dismiss (ECF 129), the letter-motion for a stay of discovery (ECF 130), Plaintiffs' response to Defendants' motion to stay discovery (ECF 132), and Defendants' letter reply in further support of the stay motion (ECF 134) I conclude that Defendants have not met its burden of showing that there is good cause for the stay.

Defendants argue that the discovery Plaintiffs seek is "broad and complex," covering "information from multiple individuals across both agencies" and including 22 document requests. (ECF 130, Defs.' Mot. To Stay Discovery at 3.) Defendants point out that they previously produced the administrative record and argue that Plaintiffs are entitled to no additional discovery. (*See id.*) Plaintiffs counter that the relevant period in this case covers fewer than two weeks last year; that Defendants have not made a concrete showing of the burden they would face if required to begin discovery; and that the discovery sought is "no different, if not far more minimal, that any extra-record discovery conducted in any other APA case where the administrative record produced is so obviously lacking." (ECF 132, Pls.' Stay Opp. at 7-8.) While Defendants characterize the scope of discovery as broad and the burden of production high, they have not substantiated their assertion. *See Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) ("To establish good cause under Rule 26(c), courts require a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."). Thus, the reasonable scope of the anticipated discovery counsels against a stay. *See Richardson,* 2022 WL 2003340, at *1.

The strength of the underlying motion to dismiss counsels in favor of granting a stay, because the motion is "not unfounded in the law." *See id.* at *2; *see also Spencer Trask Software & Info*. Servs*., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). I do not, by this observation, predict the outcome of the motion. However, Defendants' memorandum of law in support of the motion provides colorable arguments for dismissal of all claims, supported by case law from courts in this Circuit. I cannot conclude that Defendants' motion is unfounded in the law. Because the motion to dismiss may be dispositive of some or all of Plaintiffs' claims,

which could narrow or eliminate the need for discovery, this factor weighs in favor of granting a stay. *See Richardson,* 2022 WL 2003340, at *2.

Defendants say there would be no prejudice from a brief stay that in their view will not meaningfully delay the case, particularly since there is no risk that a brief stay will result in loss of evidence or fading memories; witnesses would prepare for depositions by reviewing documents to refresh their recollections. (*See* ECF 130, Defs.' Mot. To Stay Discovery at 4.) Plaintiffs counter that "the seriousness of the conduct at issue," and the relevance of the discovery sought to the critical question of "how and why these states were selected for a horribly disruptive funding freeze for programs families and children rely on every day" mean that a delay in discovery would be significantly prejudicial. (ECF 132, Pls.' Stay Opp. at 8.) Defendants reply that there can be no prejudice from delaying discovery, because a preliminary injunction is currently in place. (*See* ECF 134, Defs.' Stay Reply at 2.) While that is true, Plaintiffs raise credible concerns that entities not subject to the preliminary injunction could take steps to re-impose the funding freeze without violating the Court's order. (*See* ECF 132, Pls.' Stay Opp. at 5.) Defendants also contend that the parties' continuing negotiations over the terms of a possible permanent injunction militates in favor of a stay. (*See* ECF 134, Defs.' Stay Reply at 2.) However, while I encourage the parties to continue their negotiations, there appear to be several points on which the parties remain far apart. Accordingly, I conclude that there would be prejudice to Plaintiffs in delaying discovery, which counsels against permitting a stay. *See Richardson,* 2022 WL 2003340, at *2.

On balance, the factors do not support granting the requested stay. However, this conclusion relies heavily on the assertion by Plaintiffs that the discovery they seek is limited.

3

The denial of the motion to stay is without prejudice to a renewed motion if Defendants can demonstrate that the discovery sought is broad and burdensome. Plaintiffs are reminded that if their discovery requests expand too much, there is a significant likelihood that the Court will, at a minimum, place clear limits on the permissible scope of discovery while the motion to dismiss remains pending.

For the foregoing reasons, Defendants' motion to stay discovery is **DENIED**. The Clerk of Court is respectfully requested to terminate **ECF 130**.


DATED:  August 7, 2026
        New York, New York


                                    SO ORDERED.


                                    _____
                                    **ROBYN F. TARNOFSKY**
                                    **United States Magistrate Judge**