**Office of the New York State Attorney General**

**Letitia James Attorney General**

August 17, 2026
Honorable Vernon S. Broderick
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Honorable Robyn F. Tarnofsky
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007

Re: *New York v. Administration for Children and Families, Case No. 26-cv-00172*

Dear Judge Broderick and Judge Tarnofsky,

I write on behalf of all Parties to provide a joint status report, *see* ECF No. 98.

**Plaintiffs' Position**

Plaintiffs request a conference to discuss next steps to finally receive discovery after months of delays, including to discuss the setting of Court-imposed discovery deadlines. In May and June, in lieu of Plaintiffs filing a discovery motion, the Parties agreed that Plaintiffs could conduct some discovery in this case and agreed upon the scope of discovery, including custodians and search terms. ECF No. 100 (agreement); ECF No. 125-4 at 10 (custodians), ECF No. 125-1 at 12 (search terms). To date, Defendants have not produced a single document. After having lost their motion to stay discovery, today, August 17, Defendants stated that they would not produce any discovery while they consider what to do next.

On July 8, Defendants sent Plaintiffs letters stating that ACF was "rescind[ing]" the January 5 and 6 Letters. *See* ECF No. 115-1. Defendants thereafter made numerous efforts to block discovery in this case, each of which has been rejected by the Court:

- On July 10, the Court denied Defendants' request to adjourn the discovery conference set for later that day, ECF Nos. 114, 116;
- At the July 10 conference, the Court declined to grant a stay of discovery, ECF No. 118;
- On July 15, the Court rebuffed Defendants' request to immediately enter a permanent injunction against themselves, ECF No. 122; and
- Most recently, on August 7, the Court denied Defendants' motion for a stay of discovery, ECF No. 135.

On August 7, after the Court denied Defendants' motion to stay discovery, Plaintiffs wrote Defendants setting forth their position:

> Pursuant to the Court's Order today, we expect Defendants will produce the discovery the Parties previously agreed upon without further delay. This includes, but is not limited to, a search of the custodians listed in response to Interrogatory 5 for all search terms listed in Exhibit A to the RFPs (with the minor, nonsubstantive modifications previously described by Defendants), for the December 26 to January 6 time period. Defendants have had months to gather the requested records and have previously indicated that they had already been gathering responsive records and would be ready to produce them by late July. Specifically, we expect Defendants will produce the document responsive to Request 1[1] by Monday [August 10] and documents responsive to the remaining requests by August 19.

Defendants responded on August 13 to state that they would be filing a new letter-motion and "will not be making any document productions in the meantime." On August 14, Plaintiffs asked Defendants to detail what steps they have taken with respect to discovery in this action since July 10; they did not provide any. Instead, they reiterated their position that they would not be producing discovery while they contemplate next steps.

Defendants also have sought a protective order, but Defendants have failed to show that a protective order is necessary given that they have stated that they have not identified any confidential documents and instead referred Plaintiffs to previously provided "examples of possible categories that would properly fall under this designation." Nevertheless, Plaintiffs provided a draft protective order to Defendants that would allow Defendants to maintain confidentiality of information protected from disclosure by the Privacy Act; Defendants did not agree.

Defendants have produced no documents since their Administrative Record production in May and now have made the unilateral decision that they "will not be making any document productions." Yet, the Court has twice denied a stay of discovery, and just ten days ago this Court concluded "there would be prejudice to Plaintiffs in delaying discovery." ECF No. 135. Plaintiffs seek the Court's intervention to ensure Defendants comply with their obligations, including court orders, and that Plaintiffs finally receive discovery after months of delays. Accordingly, Plaintiffs respectfully request that the Court hold a conference to address the next steps in this action, including setting discovery deadlines.

**<u>Defendants' Position</u>**

Plaintiffs' account is inaccurate. First, Plaintiffs' suggestion that Defendants have failed to comply with "Court-imposed discovery deadlines" is wrong. To the contrary, there are no discovery deadlines in this case, Court-ordered or otherwise. Plaintiffs have not requested, and the Court has not ordered, any discovery schedule. Defendants filed the administrative record and

---

[1] Request 1 seeks a single document, which Defendants represented to the Court on May 11 that they would "agree to produce" because they agreed it was relevant to the decision-making at issue. ECF No. 89 at 2; ECF No. 125 at 2.

discovery is generally limited to the administrative record in APA cases. *See Almaklani v. Trump*, 444 F. Supp. 3d 425, 430 (E.D.N.Y. 2020) ("[B]ecause the district court sits not as a fact-finder, but as a reviewing court, discovery is generally not permitted" in APA cases). While Defendants initially elected to conduct some limited discovery, that changed in early July once the case became moot. Specifically, on July 8, 2026, Defendants issued letters to Plaintiffs rescinding the drawdown restrictions and data requests that formed the basis of this action, and further promised to comply with the Court's Preliminary Injunction Order going forward. Since that time, Plaintiffs have delayed and resisted resolving this matter so they can embark on a fishing expedition for discovery they could seek through a Freedom of Information Act Request. To the extent that Plaintiffs believe they are entitled to such discovery beyond the Administrative Record absent agreement among the parties, they must file a motion to compel and obtain a Court order.

Plaintiffs further misstate the record in this case with respect to Defendants' request for a stay, which they characterize as "numerous efforts to block discovery." Defendants filed a single motion to stay discovery after filing their motion to dismiss the case as moot and made no previous requests to stay discovery. ECF No. 130. Contrary to Plaintiffs' implications, Defendants did not request any stays of discovery in its letter requesting an adjournment of the July 10, 2026 discovery conference to see if Plaintiffs might be willing to engage in good-faith negotiations regarding resolution of this matter, nor did Defendants request a stay during the conference—it simply notified the Court that its motion to dismiss and accompanying request for a stay were forthcoming.[2]

Notwithstanding the foregoing, Defendants have not yet finalized their position with respect to Plaintiffs' discovery requests and are still discussing the matter with this Office. The undersigned explained to Plaintiffs on August 13th and August 17th that they were conferring with Defendants regarding additional steps, including, but not limited to, filing a motion for reconsideration or objection to the Court's Order within the time period provided for by Fed. R. Civ. P. 72 and S.D.N.Y. Local Civil Rules 6.3 and 72.1 or seeking a protective Order from the Court. In light of this, Defendants explained that they would not be making productions on Plaintiffs' demanded timeline and would have a response to Plaintiffs with additional information about how Defendants intend to proceed by Friday, August 21.

Importantly, as Plaintiffs point out, there is currently no protective order in place in this case. Defendants informed Plaintiffs before Plaintiffs served their discovery requests that a protective order would be required before the Government could produce documents. After rejecting this Office's standard protective order, Plaintiffs asked Defendants to use this Court's model protective order as a starting point. Defendants have done so. Defendants' proposed protective order is based on Your Honor's model protective order with limited modifications to the proposed protective order to permit the Government to produce documents that may otherwise be prohibited from disclosure under the Privacy Act, and to permit disclosure of confidential information. Plaintiffs also mischaracterize the parties' discussions regarding the need for a protective order. Defendants have repeatedly told Plaintiffs that a protective order is necessary to

[2] Further, contrary to Plaintiffs' statement, the Court did not rebuff or deny Defendants' request to enter a permanent injunction; rather, the Court ordered the parties to meet and confer regarding the proposed permanent injunction. ECF No. 122.

protect from disclosure any confidential information that may arise during the scope of Defendants' responsiveness review.[3]

Plaintiffs have asked for "a proffer explaining the categories' of confidential material [Defendants] anticipate would be responsive to Plaintiffs' request." Despite the fact that Defendants identified several categories of documents that might properly be designated as confidential in response to Plaintiff's request. As Defendants explained, discovery in this matter might include personally identifiable information of government employees, financial information of Plaintiff states and other individuals or entities not party to this litigation, account information, or internal processes. Disclosure of such information would compromise significant privacy and governmental interests. Additionally, Plaintiffs have taken issue with standard provisions from the Court's model order, such as Paragraph 10, which dictates that the confidential information should be promptly returned to or destroyed following the conclusion of the litigation. Should the parties not come to an agreement on the proposed protective order, Defendants will move the Court to enter one.

Defendants are conferring with their agency clients and should have a determination on the next course of action by August 21. However, if the Court is inclined to set a discovery deadlines at this time, Defendants request that the Court require Plaintiffs to file a motion to compel and further request 60 days from the entry of any order to produce discovery, in order to allow Defendants to resume document review.

Sincerely,

Jessica Ranucci
*Attorney for Plaintiff State of New York*

[3] This review has been on pause, as Defendants have maintained that since July 8, this action has been moot. Accordingly, Defendants do not yet know if any documents will be subject to the proposed Protective Order. But Defendants have no obligation to know if documents will be subject to the proposed Protective Order at this point.