**OFFICE OF THE ATTORNEY GENERAL**
STATE OF ILLINOIS

**KWAME RAOUL**
ATTORNEY GENERAL

September 9, 2026

Honorable Robyn Tarnofsky
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *New York v. Administration for Children and Families, Case No. 26-cv-00172*

Dear Judge Tarnofsky,

Although Plaintiffs continue to maintain that Defendants have not identified a basis for entry of a confidentiality order in this case, per the Court's August 27, 2026 order, *see* ECF No. 139, the parties hereby submit a proposed confidentiality order. The parties have resolved all disputes except for one remaining item in paragraph 2. Exhibit 1 contains a redline comparison between the proposed order and the Court's standard confidentiality order, with comment bubbles explaining the deviations. Plaintiff and Defendants' respective positions concerning the disputed Paragraph 2 would not fit in comments in the document and are presented below. Further, In the interest of readability, the parties also submit a cleaned-up version, attached as Exhibit 2, that only shows the remaining disputed item in paragraph 2. Parties will also submit Word .doc courtesy copies of the Protective Order to the Court via email.

**<u>Plaintiffs' position concerning Paragraph 2:</u>**

The Court's "Individual Practices in Civil Cases" directs the parties to propose a confidentiality order only in cases "where confidential information will be exchanged." Defendants have not identified any confidential information that will be exchanged or the nature of any such confidentiality. See *Trireme Energy Holdings v. Innogy Renewables US LLC*, No. 20-CV-5015 (VEC) (BCM), 2022 WL 621957, at *3 (S.D.N.Y. Mar. 3, 2022) (noting the "burden to show good cause falls on the party seeking a protective order" and must be shown through "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements"). The discovery produced so far does not contain confidential information except for semi-private information like official email addresses and phone numbers. Thus, Plaintiffs' proposal seeks to protect this type of personal information, which is also protected from disclosure by the Privacy Act. Plaintiffs also anticipate that Defendants will produce witness information and

therefore proposed protecting information that could endanger a person's safety. And given Defendants' expressed (but pretextual) concerns about purported fraud, Plaintiffs proposed protecting information concerning law enforcement investigations. Lastly, Plaintiffs welcomed Defendants to provide additional categories of protection they anticipated.

Defendants' proposal effectively would give them complete discretion to designate *any* non-public document as protected. *See Fournier v. Erickson*, 242 F. Supp. 2d 318, 341 (S.D.N.Y. 2003) (criticizing a protective order that did not "delineate the kinds of documents[] contemplated for protection"). In the context of broad categories like "confidential" and "personal" information, the inclusion of all "similar" information is a limitless category and inevitably would result in violations of the presumption of public access to judicial documents. *See Doe v. Columbia Univ.*, 2026 WL 654644, at *1 (S.D.N.Y. Mar. 7, 2026); *SEC v. Waldman*, 2019 WL 1644965, at *2 (S.D.N.Y. Feb. 14, 2019) (noting the "presumption of openness" is "accentuated in cases, such as this one, where the government is a party"). Not only is Defendants' proposal overly broad, but the lack of specificity in their proposal would result in endless litigation over the propriety of designations.

**<u>Defendants' position concerning Paragraph 2</u>**

The language Defendants' propose is the Government's standard language used in nearly every case it litigates. *See, e.g., Richards v. United States of America*, No. 17 Civ. 3831 (VSB), ECF No. 18; *Tang, et al. v. United States of America*, No. 23 Civ. 9885 (VSB), ECF No. 38. The language permits a party to designate information as confidential if the party determines, in good faith, designation is necessary to protect any confidential, proprietary, personal, or similar information, including, but not limited to, privileged law enforcement information and information protected from disclosure by the Privacy Act. Contrary to Plaintiffs' assertion, Defendants did provide Plaintiffs with categories of information that that might be covered by the confidential designation: personally identifiable information, financial information, account information, or internal processes. The language Defendants have proposed is substantively similar to this Court's model order which allows for the designation to be applied to information that is "proprietary, a trade secret, or otherwise sensitive non-public information."

Plaintiffs' proposed language is too narrow and would not protect, for example, financial information that states provide to the Defendants that should be protected from public disclosure and which might be responsive to Plaintiffs' document requests. It also would not protect internal agency payment processes and data, or banking information. Plaintiffs cite no authority for their proposed language, that covers only the disclosure of information that would result in an individual's safety being in danger. The cases Plaintiffs cite are inapposite and relate to redactions and sealing, after the entry of a protective order. *Trireme Energy Holdings, Inc. v. Innogy Renewables US LLC*, No. 20 Civ. 5015 (VEC)(BCM), 2022 WL 621957, at *3 (S.D.N.Y. Mar. 3, 2022) (finding defendants had not met their burden in applying redactions); *Fournier v. Erickson*, 242 F. Supp. 2d 318, 341 (S.D.N.Y. 2003) (unsealing documents where defendants had not been required to show good cause to support sealing*); Doe v. Columbia Univ.,* No. 25 Civ. 2132 (DEH) (RFT), 2026 WL 654644, at *2 (S.D.N.Y. Mar. 7, 2026) (granting joint motion to seal); *Sec. & Exch. Comm'n v. Waldman*, No. 17 Civ. 2088 (RMB), 2019 WL 1644965, at *2

(S.D.N.Y. Feb. 14, 2019) (allowing parties to make limited redactions). This is not what is at issue here.

Plaintiffs contend that using the government's standard protective order language will allow the Defendants to designate everything as protected, but Defendants already provided the administrative record without seeking to designate any documents. In addition, designating a document as protected does not mean that it must be filed under seal. Only those documents that meet the Second Circuit's standards, as discussed in the cases Plaintiffs cite, would qualify for sealing. Plaintiffs have not identified what other uses they would have for these documents other than using them to support their summary judgment motion. Defendants should not be precluded from seeking protection for any documents falling under these categories.

We appreciate the Court's attention to this matter.

Respectfully,

KWAME RAOUL
Attorney General of the State of Illinois

By: s/ Sherief Gaber
Assistant Attorney General
Special Litigation Bureau
115 S. LaSalle Street
Chicago, Illinois 60603
Phone: (773) 519-3015
Email: sherief.gaber@ilag.gov