**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

September 9, 2026

**Via ECF**
Honorable Robyn F. Tarnofsky
United States Magistrate Judge
500 Pearl Street
New York, New York 10007

**Re: *State of New York et al v. Administration for Children and Families et al*, 26 Civ. 172 (VSB) (RFT)**

Dear Judge Tarnofsky:

This Office represents Defendants in the above-referenced action under the Administrative Procedure Act ("APA"). Pursuant to the Court's August 27, 2026 Order, ECF No. 139. Defendants write respectfully to attach their version of a proposed case management plan, should the Court ultimately grant Plaintiffs' motion to compel.

As a threshold matter, contrary to Plaintiffs' representations to the Court, Plaintiffs did not meet and confer with the Government about a case management plan for this case, despite the Government's requests to do so. Plaintiffs represented to the Court during a conference on August 26, 2026 that the parties anticipated meeting and conferring on September 1, 2026. On August 27, 2026, the undersigned reached out to Plaintiffs to confirm the September 1, 2026 meet and confer regarding the proposed protective order, the Defendants' proposed permanent injunction and asked Plaintiffs to provide a draft proposed case management plan in advance of the scheduled meet and confer so the parties could have a substantive discussion regarding the proposed case management plan as well. Plaintiffs did not do so in advance of the meet and confer. The undersigned asked again at the conclusion of the September 1, 2026 meet and confer—during which the parties did not engage in any substantive discussion of the case management plan—if Plaintiffs intended to send a proposed case management Plan. Plaintiffs sent their proposed case management Plan on September 3,2026, and the undersigned replied on Friday to ask Plaintiffs to meet and confer on September 8, 2026 regarding the case management plan. On September 8, the undersigned informed Plaintiffs that since the parties had no meaningful discussion regarding the discovery schedule, that Defendants were uncomfortable with Plaintiffs' representation in their proposed case management plan that the parties had met and conferred on September 1 regarding the case management plan and that the parties still needed to meet and confer before they could submit a joint proposal. Plaintiffs did not respond to these concerns. As a result, the undersigned advised Plaintiffs that Defendants were not in a position to submit a joint proposed schedule since the parties never discussed one and would, instead, submit a separate proposed schedule to the Court.

As described below and will be explained in Defendants' opposition to Plaintiffs' motion to compel, Plaintiffs are not entitled to discovery in this Administrative Procedure Act ("APA") case challenging an agency's action based on an administrative record. However, should the Court grant Plaintiffs' motion to compel discovery, in accordance with the Court's Opinion & Order denying Defendants' motion to stay discovery, which relied on Plaintiffs' assertion that "the discovery they seek is limited," Defendants propose to make one production of responsive

documents 60 days after the entry of any such order. . Further, Defendants respectfully request that the Court enter a schedule for completing summary judgment briefing in this matter, which is the appropriate procedural step following production of the administrative record in an APA case.. This proposal is reflected in the attached draft scheduling order.

As the Government explained in its parties' August 17, 2026 status report, ECF No. 136, should not be allowed discovery in this APA action in which the agency has produced an administrative record of the materials it considered in making the challenged decision. *Suffolk Reg'l Off Track Betting Corp. v. United States Small Bus. Admin.*, No. 24 Civ. 07058 (SJB) (JMW), 2025 WL 2173727, at *1 (E.D.N.Y. July 31, 2025). ("A bedrock principle of judicial review of administrative decisions is that the reviewing court consider only the record presented to the agency at the time the decision was rendered." Consequently, discovery "in administrative review cases is considered a rare exception" and the party seeking discovery bear the burden, "which is indeed a heavy one" to demonstrate why extra record discovery is appropriate.). Rather, discovery in APA cases is limited to the administrative record. Defendants provided the Administrative Record and supplemented it after searching for any additional records at Plaintiffs' request. Defendants voluntarily agreed to engage in certain limited discovery prior to the Department of Health and Human Services ("HHS") rescinding the January 5 and 6, 2026, letters implementing the agency action Plaintiffs challenge and notifying Plaintiffs that HHS would comply with the preliminary injunction currently in place going forward. HHS's withdrawal of the actions that prompted Plaintiffs' lawsuit, in addition to the fact that Plaintiffs are not entitled to discovery, are compelling reasons why discovery is not appropriate in this case.

Further, Plaintiffs have represented to this Court that the discovery they seek is "limited, if not far more minimal" than extra-record discovery in what they view as other similar APA cases. ECF 132 at 7. In denying Defendants' motion to stay, the Court noted that its conclusion "reli[ed] heavily on the assertion by Plaintiffs that the Discovery this seek is limited." ECF No. 135 at 3. Plaintiffs now reverse course in their proposed case management plan. Rather than the "limited" discovery they previously represented to the Court they sought, Plaintiffs for the first time indicate through their proposed case management plan that they intend to take up to 10 depositions, propound requests for admissions, and anticipate issuing additional requests for documents and interrogatory responses. Plaintiffs have made no attempt to discuss any of these extremely broad discovery demands with the Government. Additionally, Plaintiffs seek to impose a unduly burdensome discovery schedule whereby Defendants would be mandated to make weekly productions. In light of the foregoing, Defendants respectfully request that the Court enter Defendants' proposed case management plan providing for document production 60 days after any order compelling production should the Court compel discovery and enter a schedule for summary judgment briefing in this matter.

We thank the Court for its consideration of these matters.

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney
Southern District of New York
*Attorney for Defendants*

By: /s/ *Kamika S. Shaw*
KAMIKA S. SHAW
MALLIKA BALACHANDRAN
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: 212-637-2768/2781
Email:kamika.shaw@usdoj.gov
mallika.balachandran@usdoj.gov

cc: All counsel of record (via ECF)