**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATE OF NEW YORK; STATE OF CALIFORNIA; STATE OF COLORADO; STATE OF ILLINOIS; and STATE OF MINNESOTA,<br>Plaintiffs,<br><br>v.<br><br>ADMINISTRATION FOR CHILDREN AND FAMILIES; ALEX J. ADAMS, in his official capacity as the ASSISTANT SECRETARY OF THE ADMINISTRATION FOR CHILDREN AND FAMILIES; U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; and ROBERT F. KENNEDY, JR., in his official capacity as the SECRETARY OF THE U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; OFFICE OF MANAGEMENT AND BUDGET; RUSSELL VOUGHT, in his official capacity as the DIRECTOR OF THE OFFICE OF MANAGEMENT AND BUDGET,<br>Defendants. | Case No. 26-cv-00172-VSB-RFT<br><br>**PROPOSED CASE MANAGEMENT PLAN AND REPORT OF RULE 26(f) CONFERENCE** |

## <u>Court Expectations</u>

**Rule 1 and Rule 26(b)(1).** Counsel are expected to have reviewed Rule 1 and Rule 26(b)(1) and considered their obligations thereunder in discussing and preparing a discovery plan.

**Additional consideration of proportionality.** Counsel shall discuss and consider whether phased or iterative discovery will increase efficiency, reduce costs and lead to a faster resolution of the case when preparing a discovery plan.

**Document Requests.** Counsel shall be fully familiar with their obligations under Rules 34 and 26(g) and consider and discuss ways to ensure compliance and minimize disputes regarding overbreadth and specificity of requests and responses.

**Competence**. Counsel shall be sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

Counsel are directed to the Discussion Topics for Rule 26(f) Conference on Judge Tarnofsky's Individual Practices Page.

**Status Update Letters.** After paper discovery is underway and again after the deadline for completing all discovery, on dates set by the court, the parties shall file status letters to confirm that discovery is proceeding as scheduled/is complete.

Counsel represent by their signature below that they have read and will comply with the above.

**Proposed Discovery Plan**

**In accordance with Federal Rule of Civil Procedure 26(f) and Judge Tarnofsky's Individual Rules, although the parties met and conferred to discuss on September 1, 2026, it was not to discuss the proposed case management plan, rather, it was to discuss the proposed protective order and the proposed permanent injunction. Plaintiffs shared their draft proposed case management plan with Defendants for the first time on September 3, 2026. Defendants subsequently asked Plaintiffs to meet and confer regarding the draft twice, and Plaintiffs did not respond.** At least one week before the Initial Case Management Conference, the parties submit the following report for the Court's consideration:

**1. Summary of Claims, Defenses, and Relevant Issues**

Defendants:

Between January 5 and January 6, 2026, ACF sent letters to New York, California, Colorado, Illinois, and Minnesota, notifying each state that they would be placed on temporary restricted drawdowns for three grant programs, CCDF, SSBG, and TANF, due to concerns about possible fraud and misuse of funds (the "January 5 and January 6 Letters"). The letters explicitly provided that Plaintiffs were placed on restricted drawdown pending review of each state's plan and confirmation of each state's compliance with any applicable laws. To aid in the review of the state's plans for completeness, ACF asked each state to provide administrative and verification data for TANF and SSBG funding, and certain fiscal accountability data improvements for CCDF funding.

On July 8, 2026, ACF sent a letter to Plaintiff states rescinding the January 5 and January 6 Letters implementing the agency action that forms the basis of Plaintiffs' lawsuit. The letter notified Plaintiffs that any future agency action with respect to the relevant funding programs would comply with the Preliminary Injunction the Court issued on February 6, 2026. Taking the position the case is now moot, HHS Defendants attempted to negotiate a stipulation of dismissal with Plaintiffs. Plaintiffs, however, disagree that the case is moot and refused to meaningfully engage in settlement negotiations.

Prior to the case being moot, Defendants filed the Administrative Record and subsequently produced a supplement thereto after conducting a follow-up search, at Plaintiffs' request, for any additional documents the agency considered in deciding to take the action Plaintiffs challenged. Although discovery in APA cases is typically limited to the administrative record, in an abundance of caution, Defendants agreed to conduct certain limited additional discovery. Since that time, however, there have been substantial changes in the facts and circumstances rendering such discovery inappropriate. In particular, Defendants have rescinded the challenged action and agreed to comply with the terms of

the preliminary injunction going forward. As such, any discovery in this case would be a needless expenditure of party and judicial resources. Nevertheless, Plaintiffs now press to obtain wide-ranging discovery before the Court can either enter a permanent injunction or dismiss the case as moot.

**2. Basis of Subject Matter Jurisdiction**

The parties agree that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (action arising under the laws of the United States).

**3. Subjects on Which Discovery May Be Needed**

Defendant(s):

Discovery in this moot APA action is not permissible. To the extent the court determines that this lawsuit is not moot, the proper procedural course is for Plaintiffs to move for summary judgment on the basis of the administrative record and make their arguments in that motion that the administrative record did not support the agency's action. Nothing to be obtained in discovery would be relevant to the core question before this court, which is whether the administrative record supported the agency's decision.

**4. Informal Disclosures**

N/A

**5. Formal Discovery**

If Defendants are ultimately compelled to engage in discovery in this APA case, Defendants propose to the Court the following discovery plan: All fact discovery must be completed within 60 days of any order to compel discovery. If the parties agree on a schedule that calls for the close of all discovery within four to six months, and the Proposed Case Management Plan meets that goal, then the Court is likely to cancel the initial Case Management Conference unless the parties request that the conference go forward.

**The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth herein.**

a. Depositions: Depositions are not appropriate in this APA case. Further, Defendants did not previously agree to depositions when they agreed to participate in limited discovery.

b. Interrogatories: Plaintiffs served initial interrogatories on May 15, 2026, and Defendants responded to those interrogatories. No additional interrogatories are appropriate in this APA case.

c. Requests for Admission: Requests for admission are not appropriate in this APA case.

d. Requests for Production: Plaintiffs served initial requests for production on May 15, 2026. Defendants served Responses and Objections on June 15, 2026. If the Court grants Plaintiffs' motion to compel, Defendants will produce responsive, non-privileged documents compelled by the Court's order within 60 days.

e. Supplementation: Supplementation is not necessary in this APA case, where initial disclosures are not necessary.

**6. Anticipated Discovery Disputes**

Are there any anticipated discovery disputes? Does either party seek limitations on discovery? Describe.

Defendants: If a motion to compel is granted, Defendants anticipate objecting to any attempts by Plaintiffs to gain discovery outside of the limited discovery they demonstrate to the Court, through their motion to compel, is necessary to resolve the issues that remain in this case.

**7. The parties shall file an update on the status of discovery as follows**:

Parties will continue to file bi-monthly status reports on the 15th and 30th of each month.

Such update shall include: the status of production of discovery, if discovery is compelled, disputes that have arisen, and any anticipated issues.

**8. Amendments to Pleadings**

a. Are there any amendments to pleadings anticipated? No.

b. Last date to amend the Complaint: N/A.

**9. Joinder of Parties**

c. Are there other necessary parties that need to be joined? No.

d. Is joinder of other parties anticipated? No.

e. Last date to join other parties: N/A.

**10. Expert Witness Disclosures**

At this time, the parties ~~do~~/**do not** (circle one) anticipate utilizing experts.

**11. Electronic Discovery and Preservation of Documents and Information**

f. Have the parties discussed electronic discovery? Yes.

g. Is there an electronic discovery protocol in place? If not, when the parties except to have one in place?_No, even if discovery is compelled, the parties anticipate the limited scope of discovery will not necessitate an electronic discovery protocol.

h. Are there issues the parties would like to address concerning preservation of evidence and/or electronic discovery at the Initial Case Management Conference?

**12. Anticipated Motions**

Plaintiffs will file a motion to compel as Defendants dispute that Discovery is appropriate in this action

As noted above, Plaintiffs have a pending filing at ECF No. 125 describing pre-existing discovery disputes.

Defendants request that the court set a schedule for briefing motions for summary judgment, which is the proper procedural step following production of the administrative record in an APA case. As noted above, Defendants will object to any attempts by Plaintiffs to seek discovery.

**13. Certification of Completion of Discovery**

<u>**If discovery is compelled,**</u> **one week after** the scheduled completion of all discovery, the parties shall file a status letter to confirm that discovery has been completed as scheduled.

**14. Early Settlement or Resolution**

The parties **have**/~~have not~~ (circle one) discussed the possibility of settlement. The parties request a settlement conference/referral to Court-annexed mediation (circle one); by no later than N/A.

As the Court is aware, the parties have been engaged in settlement discussions and will continue these discussions.

The following information is needed before settlement can be discussed: N/A.

**15. Trial**

a. Trial is inappropriate in this APA case. This lawsuit should be resolved either on Defendants' motion to dismiss or on cross-motions for summary judgment.

**16. Other Matters**

______________________________

______________________________

______________________________

**The parties are advised that they may consent to Magistrate Judge jurisdiction at any time during the case pursuant to 28 USC § 636(c). To consent to Magistrate Judge jurisdiction for all purposes or specific dispositive motions, please utilize the consent form on Judge Tarnofsky's Individual Practices Webpage.**

Respectfully submitted this 9th day of September, 2026.

[signature]
______________________ ______________________
Counsel for Plaintiff(s) Counsel for Defendant(s)