**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

STATE OF NEW YORK; STATE OF CALIFORNIA; STATE OF COLORADO; STATE OF ILLINOIS; and STATE OF MINNESOTA,

Plaintiffs,

v.

ADMINISTRATION FOR CHILDREN AND FAMILIES; ALEX J. ADAMS, in his official capacity as the ASSISTANT SECRETARY OF THE ADMINISTRATION FOR CHILDREN AND FAMILIES; U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; and ROBERT F. KENNEDY, JR., in his official capacity as the SECRETARY OF THE U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; OFFICE OF MANAGEMENT AND BUDGET; RUSSELL VOUGHT, in his official capacity as the DIRECTOR OF THE OFFICE OF MANAGEMENT AND BUDGET,

Defendants.

Case No. 26-cv-00172-VSB-RFT

**PROPOSED CASE MANAGEMENT PLAN AND REPORT OF RULE 26(f) CONFERENCE**

The conference scheduled for **September 1S, 2026 at 10:30 AM Eastern** shall proceed as scheduled. Details for public access to the telephonic conference remain the same as in my original scheduling order. (*See* ECF 139.)

Dated: September 10, 2026
New York, NY

SO ORDERED

[signature]

ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE

## Court Expectations

**Rule 1 and Rule 26(b)(1).** Counsel are expected to have reviewed Rule 1 and Rule 26(b)(1) and considered their obligations thereunder in discussing and preparing a discovery plan.

**Additional consideration of proportionality.** Counsel shall discuss and consider whether phased or iterative discovery will increase efficiency, reduce costs and lead to a faster resolution of the case when preparing a discovery plan.

**Document Requests.** Counsel shall be fully familiar with their obligations under Rules 34 and 26(g) and consider and discuss ways to ensure compliance and minimize disputes regarding overbreadth and specificity of requests and responses.

**Competence**. Counsel shall be sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

Counsel are directed to the Discussion Topics for Rule 26(f) Conference on Judge Tarnofsky's Individual Practices Page.

**Status Update Letters.** After paper discovery is underway and again after the deadline for completing all discovery, on dates set by the court, the parties shall file status letters to confirm that discovery is proceeding as scheduled/is complete.

Counsel represent by their signature below that they have read and will comply with the above.

**Proposed Discovery Plan**

**In accordance with Federal Rule of Civil Procedure 26(f) and Judge Tarnofsky's Individual Rules, the parties met on** September 1, 2026 (at least one week before the Initial Case Management Conference) and are exchanging communications thereafter. At least one week before the Initial Case Management Conference, Plaintiffs submit the following report for the Court's consideration:[1]

**1. Summary of Claims, Defenses, and Relevant Issues**

Plaintiffs:

This case concerns the federal government's attempt to freeze $10 billion of critical childcare funding from the Administration for Children and Families to five states, and only five states, using a pretext of fraud. ECF No. 121 ("Am. Compl.") ¶¶ 1-2. In January, Defendants sent letters unlawfully freezing this funding and imposing onerous and illegal data demands. *Id*. at ¶¶ 57-85. The plaintiff states filed suit and obtained a preliminary injunction, which remains in place. Plaintiffs' amended complaint asserts violations of the Administrative Procedure Act, the separation of powers, the Appropriations and Spending Clauses of the Constitution, and further claims that Defendants' actions are *ultra vires*.

[1] This submission reflects only the Plaintiffs' position despite Plaintiffs' best efforts. The parties met on September 1, 2026 and agreed that Plaintiffs would send an initial draft of the case management order. On September 3, 2026, Plaintiffs sent Defendants a draft and requested their positions. Plaintiffs also asked Defendants about scheduling a meet and confer if there were issues requiring discussion. After some non-substantive email communications, on September 8, 2026, Defendants responded that the draft order should not be submitted until after the Court's ruling on the motion to compel. They asked for Plaintiffs' agreement to an extension of the deadline. Plaintiffs noted that the Court ordered simultaneous filings of the motion to compel and this draft order and declined. Plaintiffs asked Defendants for their positions to include in this submission. Defendants then stated that because the parties were "not in agreement" about a proposed discovery schedule, they were refusing to provide their position to submit in this document, including their position as to their preferred sequence. Instead, Defendants stated that they would "submit our writeup of our position, including our proposed deadlines, separately to the Court tomorrow."

Defendants have produced an administrative record that, in relevant part, contained two post-hoc decision memos and, ultimately, supplemented the record with an email chain supporting the Court's initial finding that a "potentially arbitrary reason for the termination of these grants" was "partisan targeting." ECF No. 80 at 43. This targeting, directed by the White House's Office of Management and Budget (OMB) and the Department of Health and Human Services (HHS) took place, at least in part, because the Plaintiff States are so-called "sanctuary" jurisdictions, a term used by this administration to target those jurisdictions that have made the sovereign choice not to use limited law enforcement resources to assist with federal immigration enforcement. Defendants have maintained that they implemented a "temporary restricted drawdown" rather than a freeze and did so due to alleged fraud in the programs at issue. Plaintiffs seek further discovery that will show that Defendants froze funding to the Plaintiff States, did so to engage in partisan targeting rather than due to fraud, which was merely a pretext, and that the onerous data demands were in service of this targeting. The facts will support Plaintiffs' claims, including that the agency actions were arbitrary and capricious.

Defendants:

**2. Basis of Subject Matter Jurisdiction**

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (action arising under the laws of the United States). Defendants' motion to dismiss for mootness remains pending.

**3. Subjects on Which Discovery May Be Needed**

Plaintiff(s): After entry of the preliminary injunction, Defendants agreed to conduct limited discovery. Plaintiffs propounded interrogatories and document requests on May

15, 2026. ECF Nos. 125-1, 125-2. After several discovery conferences between the parties, the parties agreed to custodians and search terms for this initial discovery. See ECF No. 125-4 at 10 (custodians), ECF No. 125-1 at 12 (search terms). Although Defendants have abandoned that agreement now, Plaintiffs' discovery requests remain the same. Defendants have maintained that they implemented a "temporary restricted drawdown" rather than a freeze and did so due to alleged fraud in the programs at issue. Plaintiffs disagree and seek discovery that will show Defendants froze funding to the plaintiff states, did so to engage in partisan targeting rather than due to fraud, which was merely a pretext, and that the onerous data demands were in service of this targeting. This discovery will support Plaintiffs' claims, which include both APA and Constitutional claims. Plaintiffs also anticipate seeking discovery concerning the July 8, 2026 letters whereby Defendants purported to rescind the January 5 and 6 letters implementing the freeze.

Defendant(s):

______________________________________________

______________________________________________

______________________________________________

______________________________________________

______________________________________________

______________________________________________

**4. Informal Disclosures**

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure will be

***disclosed by Plaintiff(s)*** on September 9, 2026. Plaintiffs do not expect to identify any relevant documents for production. Defendants already possess the publicly-filed declarations on which Plaintiffs rely.

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was

***disclosed by Defendant(s)*** on_____________. In addition, on ______________ ,

Defendant(s) produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

## 5. Formal Discovery

Plaintiffs propose to the Court the following discovery plan: All fact discovery must be completed by November 1, 2026. If the parties agree on a schedule that calls for the close of all discovery within four to six months, and the Proposed Case Management Plan meets that goal, then the Court is likely to cancel the initial Case Management Conference unless the parties request that the conference go forward.

**The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth herein.**

a. Depositions: Any depositions shall be completed by December 1, 2026 and limited to no more than 10 depositions each for Plaintiffs and Defendants, for a total of 20 depositions. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

b. Interrogatories: Plaintiffs served initial interrogatories on May 15, 2026. Defendants responded to those interrogatories on June 15, 2026. Plaintiffs informed Defendants that some of their responses were deficient. Some of these disputes have crystallized and are described below. All subsequent interrogatories must be served no later than 15 days prior to the discovery deadline.

c. Requests for Admission: Requests for admission must be served on or before October 1, 2026.

d. Requests for Production: Plaintiffs served initial requests for production on May 15, 2026. Defendants served Responses and Objections on June 15, 2026. Plaintiffs' position is that if the Court grants Plaintiffs' motion to compel, responsive documents shall be produced through weekly rolling productions starting no later than September 28, 2026. The document responsive to Plaintiffs' Request for Production No. 1 shall be produced by Defendants within 1 business day of entry of an order granting Plaintiffs' motion to compel. All subsequent requests for production must be served no later than 7 days prior to the discovery deadline.

e. Supplementation: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

## 6. Anticipated Discovery Disputes

Are there any anticipated discovery disputes? Does either party seek limitations on discovery? Describe.

Plaintiff(s): After several discovery conferences between the parties, Plaintiffs filed a letter identifying certain crystallized discovery disputes. ECF No. 125. These disputes may persist. As described in Plaintiffs' motion to compel, Plaintiffs request a decision from this Court on one of those disputes. Specifically, Plaintiffs seek to include as a custodian Defendant Russell Vought, the director of OMB. Defendants submitted an interrogatory response stating that Vought "held a decision-making role and/or directly participated in HHS' deliberations with respect to" the freeze. Defendants have refused to include Vought as a custodian.

**7. The parties shall file an update on the status of discovery as follows**:

The parties will continue to file bi-monthly status reports on the 1st and 15th of each month.

Such update shall include: the status of production of discovery, disputes that have arisen, and any anticipated issues.

**8. Amendments to Pleadings**

a. Are there any amendments to pleadings anticipated? No. ________________

b. Last date to amend the Complaint: N/A.______________________________

**9. Joinder of Parties**

c. Are there other necessary parties that need to be joined? No.

d. Is joinder of other parties anticipated? No.

e. Last date to join other parties: N/A.

**10. Expert Witness Disclosures**

At this time, Plaintiffs ~~do~~/**do not** (circle one) anticipate utilizing experts.

**11. Electronic Discovery and Preservation of Documents and Information**

f. Have the parties discussed electronic discovery? Yes.

g. Is there an electronic discovery protocol in place? If not, when the parties except to have one in place? No, Plaintiffs anticipate the limited scope of discovery will not necessitate an electronic discovery protocol.

h. Are there issues the parties would like to address concerning preservation of evidence and/or electronic discovery at the Initial Case Management Conference?

Public reports have disclosed that administration officials have used personal chat applications like Signal and personal devices to engage in communications related to their government duties. Plaintiffs request that Defendants explain steps they have taken to ensure that all relevant information is being preserved including on any personal devices or personal accounts.

**12. Anticipated Motions**

Plaintiffs are filing a motion to compel as Defendants dispute that Discovery is appropriate in this action

As noted above, Plaintiffs raised additional issues in their filing at ECF No. 125, which may persist.

**13. Certification of Completion of Discovery**

**One week after** the scheduled completion of all discovery, the parties shall file a status letter to confirm that discovery has been completed as scheduled.

**14. Early Settlement or Resolution**

The parties **have**/~~have not~~ (circle one) discussed the possibility of settlement. The parties request a settlement conference/referral to Court-annexed mediation

(circle one); by no later than N/A.

As the Court is aware, the parties have been engaged in settlement discussions and will continue these discussions. Because these discussions are continuing, Plaintiffs do not believe Court intervention is warranted at this time.

The following information is needed before settlement can be discussed: N/A.

**15. Trial**

a. Plaintiffs anticipate that this case will be ready for trial by March 30, 2027.

b. Plaintiffs anticipate that the trial of this case will require 5 days.

c. Plaintiffs request a ~~jury~~/**bench** (circle one) trial.

d. The parties ~~consent~~/**do not consent** (circle one) to Magistrate Judge jurisdiction at this time.

**16. Other Matters**

______________________________________________

______________________________________________

______________________________________________

**The parties are advised that they may consent to Magistrate Judge jurisdiction at any time during the case pursuant to 28 USC § 636(c). To consent to Magistrate Judge jurisdiction for all purposes or specific dispositive motions, please utilize the consent form on Judge Tarnofsky's Individual Practices Webpage.**

Respectfully submitted this 9th day of September, 2026.

*/s/Vikas Didwania*

______________________ ______________________

Counsel for Plaintiff Counsel for Defendant(s)