**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

September 14, 2026

**Via ECF**
Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

**Re: *State of New York et al v. Administration for Children and Families et al*, 26 Civ. 172 (VSB)**

Dear Judge Broderick:

This Office represents Defendants in the above-referenced action brought by the five Plaintiff States under the Administrative Procedure Act ("APA"). We write respectfully to submit for the Court's review and approval a proposed revised permanent injunction order resolving this matter in its entirety. As explained below, the proposed permanent injunction order affords Plaintiffs all the relief they are entitled to in this action. In particular, the proposed order makes permanent the same relief the Court granted in its Preliminary Injunction Order, which has preserved the status quo and protected the parties' interests without any complaint since February 2026. The proposed order also covers the new defendants named in the Amended Complaint, resolving the principal objection Plaintiffs raised to its entry. Accordingly, Defendants respectfully request that the Court enter this proposed permanent injunction order or, alternatively, schedule a conference with the parties to discuss why this matter should not be so resolved without further delay.

As background, on January 8, 2026, Plaintiffs filed this lawsuit challenging certain drawdown restrictions HHS imposed on funding Plaintiffs receive from multiple Congressionally appropriated programs and issued data requests related to these programs, and seeking an order enjoining this agency action. ECF No. 1. On February 6, 2026, the Court granted a preliminary injunction enjoining Defendants from implementing the funding policy at issue and directing Defendants to remove any drawdown restrictions outside of its statutory authority. ECF No. 71. On July 8, 2026, HHS issued letters to Plaintiffs rescinding the challenged agency actions and representing that any future agency action would comply with the Preliminary Injunction Order. *See* ECF No. 119-2. Accordingly, HHS has voluntarily provided Plaintiffs all the relief they could obtain through this lawsuit.

On July 13, 2026, in an effort to efficiently resolve this action, which conspicuously lacks a case or controversy for adjudication, Defendants submitted a proposed permanent injunction order setting forth the same terms and relief the Court imposed in the Preliminary Injunction Order.[1] ECF No. 119. The next day, the Court ordered the parties to confer regarding a proposed

[1] Defendants also filed a motion to dismiss on the basis that the case is moot and that Plaintiffs have failed to state a claim as to OMB and its director. Defendants reply is due on September 15, 2026. However, in the interests of preserving the Court's time and resources associated with adjudicating a motion to dismiss, the Government maintains that it would be more efficient for Defendants to consent to

permanent injunction and directed Plaintiffs to file a letter response providing their views. ECF No. 122. Since then, the parties have met and conferred multiple times. On August 3, 2026, Plaintiffs filed a proposed permanent injunction order. ECF No. 132-1. On August 25, 2026, Plaintiffs objected to the order Defendants proposed, principally on the ground that it did not cover the Office of Management and Budget ("OMB") and its director, whom Plaintiffs had subsequently named as defendants in their Amended Complaint in a misguided attempt to conjure up a new controversy. ECF No. 138 at 23. Counsel for Defendants have continued to attempt to meet and confer with Plaintiffs regarding a potential jointly proposed permanent injunction order, but Plaintiffs have not meaningfully engaged in this process. Accordingly, Defendants now submit a revised proposed permanent injunction order that is otherwise identical to the version they submitted on July 13, 2026, but also includes OMB and its director as Defendants, thereby resolving the main objection Plaintiffs raised. As explained below, the other objections Plaintiffs advanced are meritless.

The Court should enter the permanent injunction order Defendants propose because it affords Plaintiffs all the relief they are entitled. Pursuant to the proposed order all Defendants will be permanently enjoined from implementing the challenged funding policy and from implementing any restrictions, outside of permitted statutory authority, on Plaintiffs' ability to draw down funds under the programs. In other words, the permanent injunction returns the parties to the status quo ex ante by barring the challenged policy, drawdown restrictions, and data demands and further protects Plaintiffs' interests by barring Defendants from implementing the same or any other unlawful drawdown restrictions in the future. Nothing more is required.

Plaintiffs cannot articulate any reason why making these preliminary injunction terms permanent would deny them any meaningful relief they are entitled to or unfairly prejudice them. To the contrary, Plaintiffs have not raised a single issue with these same provisions that the Court put in place more than seven months ago. Defendants have complied with those terms, despite the fact that they do not apply to OMB or its Director. That is because the preliminary injunction has been working quite well and there is no reason to believe that it will not continue to do so as a permanent injunction. Notably, the Court's Preliminary Injunction Order provides the same relief Plaintiffs' requested in *their own* proposed preliminary injunction order, ECF No. 38-1. If Plaintiffs believe that the agencies may take future actions that are inconsistent with this order, as has been the case with the Preliminary Injunction Order, Plaintiffs are free to raise any issue with Defendants and, if a resolution cannot be reached, seek relief from the Court. In short, Plaintiffs cannot credibly contend that these provisions will not continue to protect their lawful access to the program funds at issue and the Court should therefore enter Defendants' proposed order.

While Plaintiffs have asserted that they require discovery beyond the administrative record in this case, which generally is not allowed in APA cases, purportedly because they do not understand the policy underlying the drawdown restrictions at issue, that is a red herring. The policy and the drawdown restrictions are described in detail in Plaintiffs' Amended Complaint, as well as in the parties' preliminary injunction briefing, and in the January 2026 Letters from HHS. To be sure, the parties have characterized the agency action at issue differently; Plaintiffs have described the agency action as a funding freeze and Defendants have described it as imposing drawdown restrictions and issuing the related data demands. But these distinctions are meaningless. The permanent injunction bars Defendants from restricting Plaintiffs' access to

---

entry of an Order permanently enjoining them from engaging in the conduct set forth in the Court's Preliminary Injunction Order, which would resolve this lawsuit in its entirety.

program funds unless permitted by statute, regardless of how the parties may characterize the underlying agency policy or action. Given that the Defendants are consenting to this relief, discovery into the underlying policy, which will require considerable time, expense, and motion practice, would not serve any legitimate purpose. That Plaintiffs have not had this discovery for the last seven months yet have raised no issue with the Preliminary Injunction, is strong proof that discovery is unwarranted. Plaintiffs should not be permitted to hold Defendants and the Court hostage in a moot case so they can go fishing for discovery they could otherwise seek through a Freedom of Information Act request.[2]

Finally, the Court should not consider the improper permanent injunction order that Plaintiffs proposed. To begin, Plaintiffs' proposed order attempts to limit and define the agencies' statutory authority by the Court's preliminary injunction decision. *See, e.g.,* ECF No. 132-1 ¶ 5a ("Defendants are permanently enjoined from engaging in any attempts to restrict . . . except as specifically allowed by the respective authorizing statutes and regulations as described on pages 9-15 of the Court's March 10, 2026 Order …, subject to the additional limitations identified in this Order"); ¶ 5b ("permanently enjoined from implementing any similar policy by engaging in any attempts to restrict . . . except as required by applicable statutes and regulations as described on pages 9-15 of the Court's March 10, 2026 Order"). This language could be read to improperly limit the agencies' statutory and regulatory authority, or put the Court in the position of a permanent monitor determining the scope of agency authority on future matters having nothing to do with this case. Apart from Separation of Powers concerns, it would be unworkable given the number of decisions agencies must make on a daily basis, and would put the five Plaintiff States on more favorable terms in their dealings with the agencies than other non-plaintiff states. Further, Plaintiffs' proposed order includes factual findings that are unnecessary, given that the agencies are consenting to the relief the Court is imposing. Moreover, Plaintiffs propose vague and overbroad terms that would only invite further litigation (such as to "interfere with" Plaintiff's access to funding), as well as inflammatory language (such as "partisan targeting") that serves no purpose and affords no relief beyond what Defendants' proposal already offers. In sum, the terms and relief the Court already ordered are more than sufficient, and Plaintiffs cannot show otherwise.

Accordingly, the Government respectfully requests that the Court review and approve the attached proposed order and close this case, or schedule a conference for the parties to discuss entry of a permanent injunction with the Court. The Government believes this issue is ripe for the Court's consideration at this time, as Plaintiffs have now had an opportunity to articulate their position as requested by the Court.

We thank the Court for considering this submission.

---

[2] Plaintiffs' other arguments against the permanent injunction order Defendants propose are baseless. For example, Plaintiffs contend that they did not object to the Preliminary Injunction Order because "that was prior to learning the further facts" from the Administrative Record. ECF No. 138 at 23. Yet, this conclusory assertion is belied by the fact that Defendants filed the administrative record months ago, and Plaintiffs have failed to identify any deficiency with the relief the Court entered. That is not surprising, given that the Preliminary Injunction Order is materially the same as the order Plaintiffs proposed themselves. ECF No. 38-1. Plaintiffs further argue a preliminary injunction "is not required or intended to include all injunctive relief sought by the lawsuit." ECF No. 138 at 23. However, this Preliminary Injunction Order, and Defendants' proposed permanent injunction order, do in fact include all the injunctive relief which Plaintiffs have sought in this case. *See* Plaintiffs' Amended Complaint, *Prayer for Relief*, ¶¶ iv, v, ECF No. 121.

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney
Southern District of New York
*Attorney for Defendants*

By: /s/ *Mallika Balachandran*

KAMIKA S. SHAW
MALLIKA BALACHANDRAN
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: 212-637-2768/2781
Email:Kamika.shaw@usdoj.gov
mallika.balachandran@usdoj.gov

cc: All counsel of record (via ECF)