**Office of the New York State Attorney General**

**Letitia James**
**Attorney General**

September 14, 2026

Honorable Vernon Broderick
Honorable Robyn Tarnofsky
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *New York v. Administration for Children and Families, Case No. 26-cv-00172*

Dear Judge Broderick and Judge Tarnofsky,

Plaintiffs were provided no notice of the motion Defendants filed today. Defendants' motion insists that the Court essentially force a settlement and render this case moot—all while their similar motion to dismiss on mootness grounds and earlier motion for a permanent injunction remain pending. In the event the Court wishes to entertain this improper filing, Plaintiffs request a reasonable opportunity to fully respond by September 21.

Defendants are incorrect to contend that "Plaintiffs have not meaningfully engaged in" discussion of settlement. ECF 149 at 2. The parties have exchanged drafts, and at the Parties' most recent conferral on September 1, Defendants stated that they would consider concerns raised by Plaintiffs and provide a revised draft. They did not indicate that they would file a unilateral motion without notice instead.

In an abundance of caution—and given that Defendants' filing comes the day before a discovery conference ordered by Judge Tarnofsky where Plaintiffs' Motion to Compel will be addressed, ECF 146—Plaintiffs offer below some of the arguments they would put forward in a full response.

Defendants once again try to justify their injunction by saying that Plaintiffs have not moved to modify the preliminary injunction; in fact, Plaintiffs have striven for months to obtain the discovery required to determine what actually occurred here and create a proper permanent remedy. ECF 149 at 3. As Plaintiffs have argued in their pending Motion to Compel, ECF 143, the administrative record is deficient on its face, including only the early January 2026 letters themselves, two *post-hoc* decision memos, a YouTube video, and one other email that shows OMB's involvement in partisan targeting of Plaintiffs and plainly demonstrates that there are additional documents that further explain the agency's rationale which have not yet been produced. It is prejudicial to Plaintiffs to be forced to have their case settled for them when Defendants are actively attempting to shield the facts of this case. Indeed, neither Plaintiffs nor this Court can fully

evaluate what scope of permanent relief may prevent Defendants from continuing or repeating their unlawful actions, while Defendants go to such lengths to avoid production of a full administrative record showing how those actions came to pass.

A complete administrative record—supplemented by discovery as necessary where Defendants have obscured their motives and the full scope of their actions—is not only appropriate but a precondition to any final judgment. *See Schicke v. Romney*, 474 F.2d 309, 315 (2d Cir. 1973) (noting that, "the court must conduct a substantial inquiry, 'a thorough, probing, in-depth review' of the administrative action, and to do so, it must have before it the full administrative record which was before the agency and on which the agency determination was based" (internal citations omitted)). It is clear that significant factual disputes remain.

Defendants have also filed a motion arguing this case is moot, and they have not withdrawn their prior motion for a permanent injunction. They have not filed a reply in support of those motions yet and the Court has not ruled on them. For the reasons expressed in Plaintiffs' Opposition to those motions, ECF 138, this case is not moot. Among those reasons is the fact that Defendants' voluntary decision to stop "a challenged practice does not deprive a federal court of its power to determine [its] legality." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (internal citation omitted). The Court should have the opportunity to rule on that issue.

Defendants cannot unleash an unlawful action on Plaintiffs—politically targeting Plaintiffs with a wildly disruptive $10 billion dollar funding freeze—and then evade the consequences of that decision when those consequences become inconvenient or in order to avoid unflattering discovery. Those consequences include producing documents that demonstrate the grounds for their decision.

Last time that Defendants filed a motion to permanently enjoin themselves on short notice, the Court allowed Plaintiffs time to consider the motion and fulsomely respond. ECF 122. Plaintiffs respectfully request that, should the Court entertain this motion, Plaintiffs be afforded the same time. Plaintiffs request a reasonable opportunity to respond to this motion in one week, by September 21.

Sincerely,

<u>*/s/Rabia Muqaddam*</u>
Rabia Muqaddam
*Attorney for Plaintiff State of New York*