UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STATE OF NEW YORK, et. al.,

Plaintiffs,

-against-

ADMINISTRATION FOR CHILDREN AND FAMILIES, et. al.

Defendants.

26-CV-00172 (VSB) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Pending before me is Plaintiffs' motion to compel certain discovery in this case brought under the APA (ECF 143), which Defendants oppose (ECF 150). I held a conference on September 15, 2026. For the reasons set forth below, the motion to compel is **GRANTED IN PART**, as set forth herein. I reserve decision as to the balance of the motion.

## LEGAL FRAMEWORK

The APA provides that a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action . . . is entitled to judicial review thereof." 5 U.S.C. § 702.[1] The statute allows a reviewing court to set aside agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *see also Karpova v. Snow*, 497 F.3d 262, 267 (2d Cir. 2007). Review of agency action under the APA involves addressing questions of law that can be resolved on a motion for summary judgment. *See, e.g., City Club of N.Y. v. U.S. Army Corps of Eng'rs*, 246 F. Supp. 3d 860, 864 (S.D.N.Y. 2017); *Ass'n of Proprietary Colls. v. Duncan*, 107 F. Supp. 3d 332, 344 (S.D.N.Y.

[1] Unless otherwise indicated, this order omits internal quotation marks, citations, footnotes, and alterations from quoted text.

2015). Therefore, in reviewing a final agency decision, courts generally are "confined to the administrative record compiled by that agency when it made the decision" and do not permit discovery. *Nat'l Audubon Soc'y v. Hoffman*, 132 F.3d 7, 14 (2d Cir. 1997); *see also Comprehensive Cmty. Dev. Corp. v. Sebelius*, 890 F. Supp. 2d 305, 309 (S.D.N.Y. 2012) (explaining that "the agency determines what constitutes the whole administrative record"); *Almaklani v. Trump*, 444 F. Supp. 3d 425, 430 (E.D.N.Y. 2020).

A party may obtain discovery to supplement the administrative record if the party rebuts the "strong presumption" that the agency properly designated the record, *Brodsky v. U.S. Nuclear Regulatory Comm'n*, 507 F. App'x 48, 52 (2d Cir. 2013), by demonstrating that "materials exist that were actually considered by the agency decision-makers but are not in the record as filed." *Sebelius*, 890 F. Supp. 2d at 309. Such a showing requires "concrete evidence" that allegedly excluded materials "were before the agency decision-maker." *Sebelius*, 890 F. Supp. 2d at 309; *see also Pac. Shores Subdivision, Cal. Water Dist. v. U.S. Army Corps of Eng'rs*, 448 F. Supp. 2d 1, 6 (D.D.C. 2006) (holding that a party seeking to supplement the record "must identify reasonable, non-speculative grounds for its belief that the documents were considered by the agency and not included in the record"); *Sytrene Info. & Research Ctr., Inc. v. Sebelius*, 851 F. Supp. 2d 57, 63 (D.D.C. 2012) (explaining that "conclusory statements" that documents were before agency decision-makers are insufficient and that "the plaintiff must identify reasonable, non-speculative grounds for [the] belief that the documents were considered by the agency and not included in the record"). "[W]hen the agency action cannot be adequately explained in the record it compiled, the court's consideration of evidence outside the agency's

administrative record is not only warranted, but necessary to a meaningful judicial review of the agency's action." *Tummino v. Hamburg*, 936 F. Supp. 2d 162, 196 (E.D.N.Y. 2013).

A party may also obtain discovery if it makes "a strong showing in support of a claim of bad faith or improper behavior on the part of agency decisionmakers." *Hoffman*, 132 F.3d at 14. Making such a showing "is no small hurdle"; "naked assertions of bad faith" are insufficient. *Ali v. Pompeo*, No. 16-CV-3691 (KAM) (SJB), 2018 WL 2058152, at *5 (E.D.N.Y. May 2, 2018).

"There is no clear consensus among district courts whether the assertion of constitutional claims takes a case outside the procedural strictures of the APA, including the record review rule." *Hadwan v. United States Dep't of State,* No. 17-CV-578 (VEC), 2021 WL 4037714, at *4 n.9 (S.D.N.Y. Sept. 3, 2021) (collecting cases).

"[S]upplementation of the administrative record is the exception, not the rule." *Pac. Shores,* 448 F. Supp. 2d at 5. And any discovery to supplement the administrative record "should not transform the litigation into one involving all the liberal discovery available under the Federal Rules." *Ali,* 2018 WL 2058152, at *4.

## THE PARTIES' ARGUMENTS

### I. Plaintiffs' Position

Plaintiffs argue that the administrative record is "deficient in multiple respects" and that Defendants must supplement it to "disclose the basis of [the agency's] action." (ECF 143, Pls.' Mot. To Compel at 4 (quoting *Dep't of Com. v. New York*, 588 U.S. 752, 780 (2019)).) Plaintiffs contend that the APA provides that the "court shall review the whole record," which "includes all materials directly or indirectly considered by agency decisionmakers." (ECF 143, Pls.' Mot. To Compel at 4 (quoting 5 U.S.C. § 706 and *Authors Guild v. Nat'l Endowment for the Humans*., No.

25-CV-3657 (CM), 2025 WL 3678097, *4 (S.D.N.Y. Dec. 18, 2025)).) Plaintiffs assert that the record must be supplemented because it lacks reasoning explaining the agency's decision-making process and contains no information about key aspects of the decisions. (*See* ECF 143, Pls.' Mot. To Compel at 4-5.) In particular, Plaintiffs fault the agency for failing to include in the record, among other information:

- Any basis for the decision to implicate childcare funding for certain states only;
- The identity of all decision-makers behind the letters of January 5 and 6, 2026;
- Information relating to the directives of various government actors to the agency.

(*See id.* at 5-7.) Plaintiffs conclude that these failures mean that the record fails to disclose either the agency's reasoning or the information it considered. (*See id.* at 7 (citing *Authors Guild,* 2025 WL 3678097, *5).)

Plaintiffs go on to argue that discovery is particularly appropriate in this case because (1) they claim they have made a showing of bad faith on the part of the agency decision-makers and (2) they have asserted constitutional claims. (*See* ECF 143, Pls.' Mot. To Compel at 8 (citing *Nat'l Audubon Soc'y*, 132 F.3d at 14 and *Authors Guild,* 2025 WL 3678097, at *14).)

To remedy claimed deficiencies in the record, Plaintiffs ask the Court to compel Defendants to respond to the "limited discovery requests Plaintiffs have already served." (ECF 143, Pls.' Mot. To Compel at 7.)

**II. Defendants' Position**

Defendants argue that Plaintiffs have failed to meet the heavy burden of showing that they are entitled to discovery beyond the administrative record, contending that (1) Plaintiffs have not presented concrete evidence to overcome the presumption that the record is

complete, (2) have not made the requisite showing of bad faith on the part of the agency decision-makers, and (3) have not demonstrated that Plaintiffs' constitutional claims warrant discovery. (*See* ECF 150, Defs.' Opp. at 5-9 (citing cases).)

As to their first contention, Defendants say that Plaintiffs' insistence that the record contains no explanation of the basis for the agency action is incorrect because the letters of January 5 and 6 and the two Decision Memoranda, along with other documents, provide that information; and that record discloses the identities of the decision-makers. (*See id.* at 5-6.) Defendants characterize Plaintiffs' argument that the record is incomplete as a merits argument that the agency lacked a sufficient basis for its action, which is a position that Plaintiffs can take on a motion for summary judgment without discovery. (*See id.* at 7.)

As to their second argument, Defendants say that Plaintiffs have not come close to meeting the high burden of demonstrating bad faith on the part of the agency decisionmakers. (*See id.* at 7-8.)

Defendants support their third argument – that Plaintiffs' constitutional claims do not change the general rule that discovery is not permitted in APA cases – with caselaw holding that the constitutional challenges to agency action does not entitle a party to broad discovery. (*See id.* at 9 (citing cases including *Hadwan*, 2021 WL 4037714, at *4 n.9, which collects cases and states that "broad ranging discovery under Rule 26, beyond the administrative record in every case where a plaintiff alleges a constitutional claim, would be inappropriate").)

**ANALYSIS**

Defendants are correct that judicial review of agency decisions generally is based on the administrative record and discovery in APA cases is the exception rather than the rule.

However, as discussed at the status conference, I conclude that Plaintiffs have made a credible showing that the administrative record in this case is incomplete. Meaningful judicial review of agency action requires the agency to disclose the basis for its action. *See, e.g., Authors Guild,* 2025 WL 3678097, at *9. A court cannot conduct an appropriate review of an agency decision if the agency has failed to do so. *See id.*

Plaintiffs have made a non-speculative argument based on the chronology of the agency decision that the record does not include all documents that agency decision-makers considered in making their decision. This is not an argument, as Defendants suggest, that the agency lacked a sufficient basis to make its decision or that the record documents do not support the agency decision. Rather, this is an argument that the agency decision preceded the assembly of the record, which does not include the materials on which the decision-makers actually relied (as opposed to the materials used to justify the decision); that the record does not clearly identify all decision-makers; and that the record contains no explanation for important aspects of the agency decision, such as its application to certain states but not others. I fail to see how the Court can assess Plaintiffs' credible challenge to the completeness of the record without permitting at least limited discovery. *See, e.g., Dopico v. Goldschmidt*, 687 F.2d 644, 654 (2d Cir. 1982); *see also Authors Guild,* 2025 WL 3678097, at *10. That Plaintiffs' complaint includes constitutional claims reinforces my conclusion that some discovery is warranted. *See Authors Guild,* 2025 WL 3678097, at *14.

I am, however, mindful that any discovery to supplement the administrative record "should not transform the litigation into one involving all the liberal discovery available under the Federal Rules." *Ali,* 2018 WL 2058152, at *4. I therefore am not inclined to grant Plaintiffs'

request that I compel Defendants to respond to all the "limited discovery requests Plaintiffs have already served" (ECF 143, Pls.' Mot. To Compel at 7). Those requests should be the starting point for a genuine meet and confer process to see if the parties can agree on the appropriate limited scope of discovery.

## CONCLUSION

Plaintiffs' motion to compel (ECF 143) is **GRANTED IN PART**, in that I conclude Plaintiffs have demonstrated that discovery is warranted in this case brought under the APA. As discussed at the discovery conference held on September 15, 2026, the parties shall have until **5:00 p.m. Eastern on September 22, 2026** to submit a proposed order specifying the scope of discovery. If possible, the parties shall submit a joint proposed order covering areas of agreement over the scope of discovery along with separate proposed orders addressing areas of disagreement; however, if the parties are unable to agree on any discovery, Plaintiffs and Defendants may submit separate proposed orders. The motion at ECF 143 shall remain open until an order addressing the scope of discovery is issued by the Court.

DATED: September 16, 2026
New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**