UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

*State of New York et al.,*

Plaintiffs,

-against-

*Administration for Children and Families et al.,*
Defendants.

------------------------------------------X

26 Civ. 172 (VSB) (RFT)

**CONFIDENTIALITY STIPULATION AND PROPOSED PROTECTIVE ORDER**

WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored Privacy Act order and confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure for the purposes of facilitating the disclosure of information that otherwise would be prohibited from disclosure under the Privacy Act of 1974, 5 U.S.C. § 552a (the "Privacy Act"), and assuring the confidentiality of that information that may be disclosed by the parties or by any non-party agencies, departments, or offices of the United States of America (the "United States") in the course of discovery proceedings. It is hereby ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Pursuant to 5 U.S.C. § 552a(b)(11), this Order authorizes the United States to produce information that otherwise would be prohibited from disclosure under the Privacy Act without presenting Privacy Act objections to this Court for a decision regarding disclosure. To the extent the Privacy Act allows the disclosure of information pursuant to a court order, this Order constitutes such a court order and authorizes the disclosure of that information. However, nothing in this paragraph shall require production of information that is prohibited from disclosure (even with the entry of this Order) by other applicable privileges, statutes,

regulations, or authorities.

2. Counsel for any party may designate any document, record or information, in whole or in part, as Protected if counsel determines, in good faith, that such designation is necessary to protect any confidential, proprietary, personal, or similar information, including, but not limited to, privileged law enforcement information and information protected from disclosure by the Privacy Act ("Protected Information"). Information, documents and records designated by a party as Protected will be stamped "PROTECTED." Where a document contains Protected and non-protected portions, the designation PROTECTED shall only apply to the Protected portions identified in the document.

3. The Protected Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

4. In the event a party challenges another party's designation of material as Protected, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Protected Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Protected Information.

5. Material designated as "PROTECTED" shall not be disclosed to any person, except:

a. The requesting party, including agencies of Plaintiff States, and counsel, including in-house counsel for agencies of the Plaintiff-States;

b. Employees of such counsel assigned to and necessary to assist in the litigation;

c. Witnesses who are or may be deposed in this action, to the extent the

witnesses' testimony may relate to Protected Information;

d. The author or recipient of the document (not including a person who received the document in the course of litigation);

e. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

f. The Court (including the mediator, or other person having access to any Protected Information by virtue of his or her position with the Court);

g. Court Reporters and Recorders; and

h. Others by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

6. The parties should meet and confer if any Party believes any production requires a designation of "For Attorneys' or Experts' Eyes Only."

7. Prior to disclosing or displaying the Protected Information to any person, counsel must:

a. Inform the person of the protected nature of the information or documents;

b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

8. Any deposition questions intended to elicit testimony regarding information designated as Protected Information shall be conducted only in the presence of persons

authorized to review the Protected Information. Any portions of deposition transcripts containing such questions and testimony shall be automatically subject to the same protections and precautions as the Protected Information.

9. The disclosure of a document or information without designating it as "PROTECTED" shall not constitute a waiver of the right to designate such document or information as Protected Information. If so designated, the document or information shall thereafter be treated as Protected Information subject to all the terms of this Stipulation and Order.

10. Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure, confidential and shared only with authorized individuals in a secure manner. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure. Parties shall redact PII, including email addresses and phone numbers, in materials that are publicly filed without further leave of court unless otherwise ordered by the Court.

11. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness

and/or segregation of privileged and/or protected information before production.

12. If any party seeks to publicly file with the Court any Protected Information, or portions of pleadings, motions, or other papers that disclose such Protected Information, that party shall provide the producing person no less than 5 days' advance written notice of its intent to file such material. The producing party may then make an application to the Court requesting that the material be filed and kept under seal pursuant to the individual rules of the judge for whom the information is being submitted, as well as Section 6 of the Court's ECF Rules & Instructions. If such an application is made, the papers in question shall not be filed until the Court renders a decision on that application. The parties will use their best efforts to minimize the need to file documents under seal. Plaintiffs agree to redact Protected personal contact information and other PII in any filings in accordance with the rules of the Court and the local rules of the Southern District of New York.

13. Nothing in this Order shall preclude any disclosure of Protected Information to any judge, magistrate, or employee of the Court for purposes of this action.

14. Nothing contained in this Order shall be construed to prejudice any party's right to use in open court any Protected Information, provided that reasonable notice of the potential disclosure of the Protected Information shall be given to the producing party so that the producing party may move to seal or redact the document, or otherwise seek to prevent the disclosure or dissemination of the Protected Information, in advance of its use in open court.

15. At the conclusion of litigation, Protected Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or, upon permission of the producing party, destroyed.

16. Nothing herein shall preclude the parties from disclosing material designated

to be Protected Information if otherwise required by law or pursuant to a valid subpoena.

**SO STIPULATED AND AGREED.**

Dated: September 16, ,
2026 New York,
NY

/s/ Rabia Muqaddam

Counsel for Plaintiff(s)

/s/ Kamika S. Shaw

Counsel for Defendant(s)

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------X
*State of New York et al.,*

Plaintiff(s),

-against-

*Administration for Children and Families et al.,*
Defendant(s).

-------------------------------------------X

26 Civ. 172 (VSB) (RFT)

**CONFIDENTIALITY STIPULATION AND PROPOSED PROTECTIVE ORDER STIPULATION**

I, ________________________, acknowledge that I have read and understand the Confidentiality Stipulation and Protective Order in this action governing the non-disclosure of those portions of discovery material that have been designated as Protected. I agree that I will not disclose such material to anyone other than for purposes of this litigation. At the conclusion of the litigation, I will either return all discovery material to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery material. By acknowledging these obligations under the Confidentiality Stipulation and Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: ____________, 20_

______________________________ ______________________________
Name (printed) Signature

Signed in the presence of:

______________________________
(Attorney)