**Office of the New York State Attorney General**

**Letitia James**
**Attorney General**

September 22, 2026

Honorable Robyn Tarnofsky
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *New York v. Administration for Children and Families*, Case No. 26-cv-00172

Dear Judge Tarnofsky,

I write on behalf of Plaintiffs in the above-captioned matter.

The Parties conferred regarding the Court's September 16, 2026 Order. ECF 155. The Parties have agreed to a joint proposed order covering areas of agreement, attached hereto as Exhibit A. Plaintiffs understand the terms of the agreed-upon proposed order to require Defendants to meet their obligations regarding the categories of documents identified in the Court's order, ECF No. 155 at 6, and required by the APA. Accordingly, Plaintiffs expect Defendants to produce documents related to the decision to freeze or otherwise restrict Plaintiff States' childcare funding—not only documents about the implementation of that decision, to the extent Defendants believe a "temporary restricted drawdown" is the sole scope of the decision.

The Parties also identified four areas of disagreement. Pursuant to the Court's Order, Plaintiffs are submitting a proposed order regarding those areas of disagreement, attached hereto as Exhibit B.

**1. Timeline**

<u>Text of Plaintiffs' Proposed Order:</u>

> Defendants shall produce all non-privileged documents responsive to the requests in the Parties' Joint Proposed Order, and shall produce a privilege log, no later than 30 days after the entry of this Order.

<u>Plaintiffs' Position:</u>

Plaintiffs seek production within 30 days of the date of the Court's order. In an effort to reach agreement with Defendants, Plaintiffs proposed a rolling production, to begin as soon as possible but no later than 30 days from the date of the Court's order and ending no later than 60 days from the date of the Court's order. Defendants, who have had the search terms and custodians list for

months, declined to agree to that proposal. Given that discovery obligations were stayed for only a short period of time (from July 27, 2026, to August 7, 2026, *see* ECF No. 130, 135) and that Defendants represented to Plaintiffs that they have run many of the search terms and gathered a set universe of documents, Plaintiffs see no basis for further delay.

**2. Office of Management and Budget Administrative Record**

Text of Plaintiffs' Proposed Order:

> Defendants Office of Management and Budget and Russell Vought shall produce the Administrative Record within 30 days.

Plaintiffs' Position:

The Office of Management and Budget "directly participated" in decisions at issue in this case (see ECF 159-1; 125-4). The email chain produced by Defendants shows OMB directing the freeze against states and offering post-hoc justifications. Accordingly, OMB must produce its administrative record for a full record of these decisions to be before the Court. Defendants contend that because they have filed a Rule 12(b)(6) motion to dismiss all the claims against OMB, they need not produce the record until after that motion is resolved. However, the Court already denied Defendants' motion to stay discovery in this suit, which was premised on a similar rationale. ECF 130 at 2; ECF 135 at 3. Plaintiffs request the Court order Defendants to produce the administrative record for OMB within 30 days.

**3. Russell Vought as a Custodian**

Text of Plaintiffs' Proposed Order:

> Defendant Russell Vought, who was listed in Defendants' Interrogatory Responses as an individual "who held a decision-making role and /or directly participated in HHS' deliberations with respect to HHS' decision to implement prepayment documentation requirements," ECF No. 125-4 at 5-6, shall be added to the list of custodians in Exhibit A to the Parties' Joint Proposed Order.

Plaintiffs' Position

Defendants identified Director Vought as an individual who "held a decision-making role and /or directly participated in HHS' deliberations with respect to" the challenged agency action. ECF 125-4. A complete record therefore must include Defendant Vought's custodial documents, as he was a key decisionmaker and as Defendants have provided no basis for withholding documents that were directly or indirectly considered by Mr. Vought.

**4. All-State Freeze Decision**

Text of Plaintiffs' Proposed Order:

> All documents, electronically stored information, and communications relating to any decision made on or before December 31, 2025 to freeze, restrict or condition CCDF, TANF, or SSBG funds for any state.

Plaintiffs' Position

The Court's September 16, 2026 Order appeared to recognize that the existing record "contains no explanation for important aspects of the agency decision, such as its application to certain states but not others." As alleged in the amended complaint, Defendants announced on December 31, 2025 that there would be a categorical freeze of federal child care to *all* states. ECF 121 ¶ 46. At some point the decision was made to implement the freeze only against the Plaintiff States. Documents and information regarding the agency's decision to impose the categorical freeze, and its subsequent modification of that decision, go to the core of the agency decision that Plaintiffs challenge in this suit. The additional burden is minimal, as Plaintiffs agree to use the same search terms and custodians as the Parties have already agreed upon for the other requests.

Sincerely,



Molly Thomas-Jensen
Office of the New York Attorney General