**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

September 22, 2026

**Via ECF**
Honorable Robyn F. Tarnofsky
United States Magistrate Judge
500 Pearl Street
New York, New York 10007

**Re: *State of New York et al v. Administration for Children and Families et al*, 26 Civ. 172 (VSB) (RFT)**

Dear Judge Tarnofsky:

This Office represents Defendants in the above-referenced action under the Administrative Procedure Act ("APA"). Pursuant to the Court's September 16, 2026 Order, ECF No. 155, Defendants write respectfully to submit a separate proposed order reflecting discovery areas about which the parties have not been able to reach agreement.

The parties met and conferred on September 21, 2026 after exchanging draft proposals on September 17 and 18. The parties have not been able to reach agreement on the following areas: 1) the schedule for production of non-privileged responsive records; 2) Plaintiffs' inclusion of Request 3(a), which demands "[a]ll documents, electronically stored information, and communications relating to: any decision made on or before December 31, 2025 to restrict or freeze CCDF, TANF, or SSBG funds for any state;"3) Plaintiffs' demand to include Office of Management and Budget ("OMB") Director Russell Vought as a custodian; and 4) Plaintiffs' demand that OMB, which does not have any statutory authority with respect to any of the funding programs at issue here, provide an Administrative Record.

1. *Production Schedule*. Defendants request that production of responsive records be completed within 60 days of this order, while Plaintiffs request production within only 30 days, or in the alternative, rolling productions starting as soon as possible and ending no later than within 60 days of the Court's order. Plaintiffs' proposed production schedule is not practicable. First, to the extent that Plaintiffs seek to add Russell Vought as a custodian—which Defendants oppose—OMB will need time to get any necessary approvals and conduct the searches, and the undersigned will need time to review those documents. Next, the undersigned will need time to review for responsive documents, assess responsive documents for privileged materials, confer with both agencies regarding assertions of privilege, compile a privilege log, and prepare any declarations that might accompany certain privilege assertions. Lastly, the undersigned will be out of the office from October 1, 2026 to October 19, 2026 without access to Defendants' review database. Plaintiffs' suggestion for rolling productions would be both inefficient and impracticable. Rolling productions would introduce possible inconsistences in privilege determinations that could be avoided by making a production after completing review of the full universe of documents and lead to piecemeal litigation regarding the production. Further, Plaintiffs have not identified any exigent circumstance necessitating such a compressed production timeline. There is currently a preliminary injunction in place that Defendants have been

and continue to abide by, and Defendants have withdrawn the actions that were the basis of Plaintiff's lawsuit. Plaintiffs face no immediate harm that necessitates expedited discovery.

2. *Discovery Regarding Other States*. Defendants object to the inclusion of Document Request 3(a) which seeks discovery regarding other states that are not parties to this litigation. Specifically, Plaintiffs seek "[a]ll documents, electronically stored information, and communications relating to: any decision made on or before December 31, 2025 to restrict or freeze CCDF, TANF, or SSBG funds for any state." This request is far outside the scope of this action. To the extent Plaintiffs seek information relating to why Plaintiffs states were chosen, that information is covered by Document Request 3(b) which asks for "All documents, electronically stored information, and communications *relating to any decision made to freeze, restrict, or condition, and issue data demands for, CCDF, TANF, or SSBG funds to only Plaintiff States* as implemented through the January 5 and 6, 2026 letters." (emphasis added)

3. *Discovery Regarding OMB Director Vought*. Defendants object to the inclusion of Director Russell Vought as a custodian. As an initial matter, Defendants have moved to dismiss Director Vought from this action, arguing that Plaintiffs have failed to state a claim as to Director Vought. At minimum, any decisions regarding Director Vought as a custodian should be stayed pending the adjudication of Defendants' motion to dismiss. Furthermore, Plaintiffs have made no showing that the five custodians Defendants have already agreed to search would not be sufficient. Plaintiffs should be required to review materials produced by lower-level agency officials before Defendants should be required to provide discovery from the head of a federal agency. This is especially true here, where OMB does not have statutory authority over the programs at issue.

4. *OMB Administrative Record*. Defendants also object to the production of an administrative record with respect to OMB and Director Vought. First, as stated above, Defendants have moved to dismiss both OMB and Director Vought from this case for failure to state a claim. Second, as Defendants argue in their motion to dismiss, the agency action at issue in this litigation is an action that only HHS, by statute, could take. As such, the appropriate administrative record is what was before the HHS decision makers, not OMB or Director Vought.

We thank the Court for its consideration of these matters.

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney
Southern District of New York
*Attorney for Defendants*

By: /s/ *Mallika Balachandran*______
KAMIKA S. SHAW
MALLIKA BALACHANDRAN
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: 212-637-2768/2781
Email:kamika.shaw@usdoj.gov
mallika.balachandran@usdoj.gov

cc: All counsel of record (via ECF)