UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| State of New York, et al.,<br><br>Plaintiffs,<br><br>-against-<br><br>Administration for Children and Families, et al.,<br><br>Defendants. | 26-cv-172 (VSB)<br><br>**ORDER** |

VERNON S. BRODERICK, United States District Judge:

On July 13, 2026, Defendants filed a letter motion requesting that I enter a proposed permanent injunction order resolving the instant case or schedule a conference regarding the same, because the Administration for Children and Families ("ACF") rescinded the letters "implementing the agency action that forms the basis of Plaintiffs' lawsuit." (Doc. 119 at 1.) Defendants argue that because of this, "Plaintiffs' lawsuit is now moot." (*Id.*) That same day, Plaintiffs filed their letter response to the permanent injunction order, contending that Defendants' proposed order did not resolve all the issues in the case and that they "dropp[ed] a motion for a permanent injunction on just hours' notice, without any good faith effort to resolve the concerns raised by Plaintiffs when they first learned of this effort earlier [that day]." (Doc. 120 at 1–2.)

Shortly thereafter, on July 27, 2026, Defendants filed their motion to dismiss, (Doc. 128), which has since been fully briefed and discusses the issue of mootness, (*see* Docs. 138, 153). On September 14, 2026, Defendants again filed a letter motion requesting that I enter their updated proposed permanent injunction order resolving the matter or schedule a conference regarding the

same. (Doc. 149.) In their letter, Defendants state that "[t]he proposed order also covers the new defendants named in the Amended Complaint, resolving the principal objection Plaintiffs [previously] raised to its entry." (*Id.* at 1.) On September 23, 2026, Plaintiffs filed their opposition, arguing that Defendants' motion essentially forces a settlement, all while discovery still remains pending—including required material in the administrative records that Defendants have still not produced—and, nonetheless, the proposed order does not enjoin anticipated reoccurring harms that they have consistently raised. (*See generally* Doc. 162.)

At this stage, I reject Defendants' repeated requests to enter a permanent injunction over Plaintiff's objections when their motion to dismiss is still pending and discovery is still ongoing. A permanent injunction is issued "after a court has already decided a claim on the merits." *Subaru Distributors Corp. v. Subaru of Am., Inc.*, No. 98-CV-5566, 2002 WL 188473, at *30 (S.D.N.Y. Feb. 5, 2002); *see also Schwartz v. Cohen*, No. 95-CV-7851, 1996 WL 591206, at *3 (S.D.N.Y. Oct. 15, 1996) ("A permanent injunction is ordinarily issued only after a full trial on the merits."); *Goldman v. Sec'y of Def.*, 530 F. Supp. 12, 14 (D.D.C. 1981) ("The Court finds that it cannot resolve the Motion for a Permanent Injunction, because there are certain material facts still in dispute."). Defendants have not cited any cases, nor have I found any, that suggests that I can resolve this lawsuit without further adjudicating the merits by entering the permanent injunction over Plaintiffs' objections.

Moreover, on September 16, 2026, Magistrate Judge Robyn F. Tarnofsky partially granted Plaintiff's motion to compel discovery, noting that "Plaintiffs have made a non-speculative argument based on the chronology of the agency decision that the record does not include all documents that agency decision-makers" considered. (Doc. 155 at 6.) Thus, I find

that an entry of a permanent injunction at this stage, without further discovery or adjudication of the merits in the case, would be premature. Accordingly, I deny Defendants' letter motion for a permanent injunction, or in the alternative, a conference request without prejudice for possible later renewal, once I issue a decision on the motion to dismiss and the parties have conducted further discovery. The Clerk of Court is respectfully directed to terminate the motion at Document 149.

SO ORDERED.

Dated: September 24, 2026
New York, New York

Vernon S. Broderick
United States District Judge