**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

STATE OF NEW YORK, *et al*.,

Plaintiffs,

v.

ADMINISTRATION FOR CHILDREN AND FAMILIES, *et al*.,

Defendants.

Case No. 26 Civ. 172 (VSB)

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE ORDER

JAMES M. MCDONALD
United States Attorney
Southern District of New York
86 Chambers St., 3rd Floor
New York, New York 10007

*Attorney for Defendants*

KAMIKA S. SHAW
MALLIKA BALACHANDRAN
Assistant United States Attorneys

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ali v. Pompeo*,

No. 16 Civ. 3691 (KAM) (SJB), 2018 WL 2058152 (E.D.N.Y. May 2, 2018).............. 8, 9, 10

*Almaklani v. Trump*,

444 F. Supp. 3d 425 (E.D.N.Y. 2020)........................................................................... 8

*Amfac Resorts, L.L.C. v. U.S. Dep't of the Interior*,

143 F.Supp.2d 7 (D.D.C. 2001) .................................................................................. 10

*Authors Guild v. Nat'l Endowment for the Humans,*

No. 25-CV-3657 (CM), 2025 WL 3678097 (S.D.N.Y. Dec 18, 2025)............................ passim

*Bellion Spirits v. United States of America*,

335 F. Supp. 3d 37 (D.D.C Sept. 27, 2018) .................................................................. 16

*Beverly Hills Unified School Dist. v. Fed. Transit Admin.*,

No. 18 Civ. 716 (GW), 2018 WL 5919218 (C.D. Cal. Sept. 17, 2018)............................ 11, 15

*Calvary Hosp., Inc. v. Kennedy*,

No. 23 Civ. 8479 (GHW), 2025 WL 2106156 (S.D.N.Y. July 25, 2025)............................... 10

*Camp v. Pitts*,

411 U.S. 138(1973) ....................................................................................................... 8

*Comprehensive Cmty. Dev. Corp. v. Sebelius*,

890 F. Supp. 2d 305 (S.D.N.Y. 2012)........................................................................ passim

*Dep't of Commerce v. New York*,

588 U.S. 752 (2019) ..................................................................................................... 16

*Dopico v. Goldschmidt*,

687 F.2d 644 (2d Cir. 1982) .......... 6, 14, 15

*Friends Of The Earth v. U.S. Dep't of Interior*,

236 F.R.D. 39 (D.D.C. 2006) .......... 8

*Hadwan v. United States Dep't of State*,

No. 17 Civ. 578 (VEC), 2021 WL 4037714 (S.D.N.Y. Sept. 3, 2021) .......... 9, 10, 13

*Hill Dermaceuticals, Inc. v. FDA*,

709 F.3d 44 (D.C. Cir. 2013) .......... 16

*Jablonski v. Special Couns., Inc.*,

No. 16 Civ. 5243 (ALC)(OTW) 2023 WL 2644212 (S.D.N.Y. Mar. 27, 2023) .......... 7

*Mayor & City Council of Baltimore v. Trump*,

429 F. Supp. 3d 128 (D. Md. 2019) .......... 16

*Mendez v. Katonah Station, Ltd. d/b/a Pizza Station & Tatjana Novakovic*,

No. 25-CV-10792 (NSR) (VR), 2026 WL 2859859 (S.D.N.Y. Sept. 23, 2026) .......... 7

*Nat'l Ass'n of Postal Supervisors v. United States Postal Serv.*,

No. 19 Civ. 2236 (RCL), 2023 WL 5221367 (D.D.C. Aug. 15, 2023) .......... 8, 9, 16

*Natural Res. Def. Council v. Johnson*,

461 F.3d 164 (2d Cir. 2006) .......... 8

*Nat'l Min. Ass'n v. Jackson*,

Nos. 10-1220, 11-295, 11-446, 11-447 (RBW), 2011 WL 9977235 (D.D.C. Sept. 14, 2011) 16

*Pac. Shores Subdivision, California Water Dist. v. U.S. Army Corps of Eng'rs*,

448 F. Supp. 2d 1 (D.D.C. 2006) .......... 9, 14

*Riverkeeper, Inc. v. U.S. E.P.A.*,

358 F.3d 174 (2d Cir. 2004) ........ 8

*Silver State Land, LLC v. Beaudreau*,

59 F. Supp. 3d 158 (D.D.C. 2014) ........ 14, 15

*Thai Lao Lignite (Thai.) Co. v. Gov't of Lao People's Dem. Rep.*,

924 F. Supp. 2d 508 (S.D.N.Y. 2013) ........ 7

*Verint Sys. Inc. v. Red Box Recorders Ltd.*,

183 F. Supp. 3d 467 (S.D.N.Y. 2016) ........ 7

**Rules**

Fed. R. Civ. P. 72(a) ........ 1

Federal Rule of Civil Procedure 72 ........ 1

Pursuant to Federal Rule of Civil Procedure 72 and the Local Rules of the Southern District of New York, Defendants the Administration for Children and Families ("ACF"), Alex J. Adams, in his official capacity as Assistant Secretary of ACF, the U.S. Department of Health and Human Services ("HHS"), Robert F. Kennedy Jr., in his official capacity as Secretary of HHS (together with ACF, Assistant Secretary Adams, and HHS, "HHS Defendants") the Office of Management and Budget ("OMB") and Russell Vought, in his official capacity as Director of OMB (together with OMB, "OMB Defendants") (collectively, "Defendants" or the "Government") by their attorney James M. McDonald, United States Attorney for the Southern District of New York, respectfully object to Magistrate Judge Robyn F. Tarnofsky's September 16, 2026 Order (ECF No. 155) (the "Order") granting Plaintiffs' motion to compel discovery in part. Defendants respectfully request that the Court sustain Defendants' objection and deny Plaintiffs' motion to compel.[1]

## INTRODUCTION

As detailed below, Plaintiffs filed this action under the Administrative Procedure Act ("APA"). In an APA action, Plaintiffs are only entitled to information in the administrative record which Defendants have filed. In some exceptional cases, Courts have allowed for extra-record discovery. This is not one of those cases. The administrative record compiled by the HHS Defendants comports with the relevant standard. Plaintiffs did not come forward with the requisite concrete evidence to overcome the presumption of completeness. Plaintiffs merely offered conclusory and speculative assertions about what they believe the administrative record should include; none of those

[1] Defendants' instant objection does not pertain to Magistrate Judge Tarnofsky's September 23, 2026 Order, ECF No. 163. Defendants reserve their right to assert any objections to the September 23, 2026 Order within the time period permitted by Fed. R. Civ. P. 72(a) and Local Rule 72.1(b)(1).

assertions is based on the hard evidence the law requires. Neither do Plaintiffs alleged constitutional claims entitle them to extra-record discovery. In response to Plaintiffs' motion to compel, Defendants pointed to particular sections in the record that answer each of Plaintiffs' alleged deficiencies. Plaintiffs did not offer any evidence to support Judge Tarnofsky's conclusion that the record is incomplete. At most, Plaintiffs presented complaints expressing their dissatisfaction with the quantity of documents contained in the record, but that is not a valid basis for seeking discovery. If Plaintiffs believe that the administrative record is insufficient to justify the agency's challenged decision in this case, they should move for summary judgment on that basis. Discovery is particularly unwarranted here, given that Defendants have already withdrawn the challenged agency action and promised to comply with the Court's preliminary injunction Order, rendering the case moot.[2] Accordingly, the Court should sustain Defendants' objection to Judge Tarnofsky's Order and disallow the extra-record discovery Plaintiffs demand.

## BACKGROUND

[2] As a threshold matter, discovery in inappropriate in this case because it is moot. As the Government explained in motion to dismiss, ECF No. 129. ACF rescinded the January 5 and 6 Letters implementing the actions that Plaintiffs challenged on July 8, 2026. As a result, there is no live case or controversy for the Court to adjudicate. The Court should first resolve the threshold issues of whether or not there is a live case or controversy before making any determination regarding extra-record discovery. Further, Defendants also moved to dismiss the Amended Complaint as to OMB and Director Vought pursuant to Rule 12(b)(6) because Plaintiffs failed to allege any separate, final agency action that OMB took. Ordering OMB to provide discovery is particularly inappropriate here when the Court has not yet ruled on whether it has been properly named as a defendant, regardless of mootness. *See In re United States*, 583 U.S. 29, 31–32 (2017) ("Under the specific facts of this case, the District Court should have granted respondents' motion on November 19 to stay implementation of the challenged October 17 order and first resolved the Government's threshold arguments.").

On February 26, 2025, President Donald J. Trump issued Executive Order ("EO") 14222, Implementing the President's the Department of Government Efficiency Cost Efficiency Initiative. 90 FR 11095. As part of its execution of EO 14222, HHS implemented a mechanism called Defend the Spend in March 2025. Declaration of Melissa Bruce, ECF No. 55 ("Bruce Decl."), ¶ 10. To implement Defend the Spend, HHS, through ACF, imposed temporary drawdown restrictions and issued data requests with respect to three funding programs for five states. Bruce Decl. ¶ 15; Amended Declaration of Reese Cody Inman, ECF No. 66 ("Inman Decl."), ¶¶ 24, 33–35. Specifically, these new restrictions and data requests were applied to the Child Care Development Fund ("CCDF"), Temporary Assistance for Needy Families ("TANF"), and the Social Services Block Grant ("SSBG") (together, the "Programs"), for the following five states who are the Plaintiffs in this action: California, Colorado, Illinois, Minnesota, and New York. Inman Decl. ¶¶ 33–35.

Between January 5 and January 6, 2026, ACF sent letters to New York, California, Colorado, Illinois, and Minnesota, notifying each state that they would be placed on temporary restricted drawdown status for three grant programs, CCDF, SSBG, and TANF, due to concerns about possible fraud and misuse of funds (the "January 5 and January 6 Letters"). See ECF Nos. 40-1–40-3. The letters explicitly provide that Plaintiffs were placed on restricted drawdown status pending review of each state's plan and confirmation of each state's compliance with any applicable laws. *Id.* To aid in the review of the state's plans for completeness, ACF asked each state to provide administrative and verification data for TANF and SSBG funding, ECF Nos. 40-2, 40-3, and certain fiscal accountability data improvements for CCDF funding, ECF No. 40-1.

On January 8, 2026, Plaintiffs filed this action alleging that the HHS Defendants' actions were in excess of HHS' statutory authority and arbitrary and capricious pursuant to the APA, ultra

vires, and in violation of separation of powers, the Spending Clause and the Appropriations Clause. ECF No. 1. Plaintiffs requested a temporary restraining order ("TRO") restraining the HHS Defendants from keeping the restricted drawdowns in place; the Court granted Plaintiffs' request and entered the TRO on January 9, 2026. ECF No. 22. Plaintiffs subsequently filed a motion seeking a preliminary injunction on January 15, 2026. ECF No. 38 ("Mot."). After the preliminary injunction was fully briefed and a hearing was held, the Court entered an order granting the preliminary injunction on February 6, 2026 ("Preliminary Injunction"). ECF No. 71. The Preliminary Injunction enjoined and stayed the HHS Defendants from "implementing ACF's funding policy at issue, which restricted or cut off federal funding" for the CCDF, TANF, and SSBG to Plaintiff States, "including the entirety of the letters sent to Plaintiffs on January 5, 2026 and January 6, 2026." Preliminary Injunction ¶ 1. The Preliminary Injunction further directed the HHS Defendants to "immediately remove any restrictions outside of permitted statutory authority, on Plaintiffs' ability to draw down funds under" the CCDF, TANF, and SSBG programs, and "further enjoined and stayed [Defendants] from reimposing such restrictions." *Id.* ¶ 2. The Court later issued an opinion on March 10, 2026, ECF No. 80.

On April 1, 2026, HHS Defendants filed the Administrative Record in this case, ECF No. 85, and produced a supplement thereto after conducting a follow-up search, at Plaintiffs' request, for any additional documents the agency considered in deciding to take the action Plaintiffs challenged. As explained in more detail below, the Administrative Record contains the January 5 and 6 Letters to Plaintiff States that reflect the challenged agency action, Decision Memoranda, laying out the rationale behind each of the decisions, along with the materials the agency considered that supported the rationale. The materials the agency considered include media reports

of alleged fraud, as well as state plans and expenditure reports for the respective states and Programs.

Although discovery in APA cases is typically limited to the Administrative Record, in an abundance of caution, Defendants voluntarily agreed to conduct certain limited additional discovery. Plaintiffs served their initial requests for production and interrogatories on May 15, 2026 and Defendants timely responded on June 15, 2026 asserting proper objections and narrowing the scope of certain requests.[3]

On July 8, 2026, ACF sent a letter to Plaintiff states rescinding the January 5 and January 6 Letters implementing the agency action that forms the basis of Plaintiffs' lawsuit (the "July 8 Letter"), ECF No. 115-1. The letter notified Plaintiffs that any future agency action with respect to the relevant funding programs would comply with the Preliminary Injunction the Court issued on February 6, 2026. Taking the position the case is now moot, HHS Defendants attempted to negotiate a stipulation of dismissal with Plaintiffs. Plaintiffs, however, refused to meaningfully engage in settlement negotiations.

ACF is no longer implementing the temporary restricted drawdown articulated in the January 5 and 6, 2026 Letters, it has rescinded the data requests, and it has agreed to continue to comply with the Preliminary Injunction going forward. In the interest of efficiency, the HHS Defendants submitted to the Court a proposed permanent injunction order that is nearly identical to the Preliminary Injunction in place since February 2026. ECF No. 119. On July 13, 2026, Plaintiffs asked for leave to meet and confer and took the position that any permanent injunction must include the Office of Management and Budget ("OMB") and include "factual specificity" as

[3] As discussed further below, Defendants withdrew this agreement once they agreed to the relief Plaintiffs have sought in this lawsuit.

to what actions would be enjoined. ECF No. 120.[4] The next day, and roughly a week after ACF withdrew the letters that formed the basis of Plaintiffs' lawsuit, Plaintiffs filed an amended complaint, adding OMB and OMB Director, Russell Vought, as defendants ("Amended Complaint"). ECF No. 121. The relief requested in the Amended Complaint is largely the same as the relief Plaintiffs requested in their original complaint—namely, Plaintiffs request a permanent injunction enjoining Defendants from implementing this action and a declaratory judgment that the action "is in excess of statutory authority, contrary to law, and arbitrary and capricious, in violation of the Administrative Procedure Act and is unconstitutional and ultra vires." Am. Compl., Prayer for Relief. Defendants then moved to dismiss the case, on mootness grounds, and for failure to state a claim as to OMB. ECF No. 129. That motion remains pending.

Shortly after July 8, 2026, Defendants withdrew their agreement to voluntarily engage in limited discovery, on the basis that they have now provided the relief which Plaintiffs seek in this litigation, rendering discovery even more improper. On September 9, 2026, Plaintiffs filed a letter-motion to compel discovery arguing that the administrative record is deficient because it fails to explain the agency's action, the agency's intent and bad faith are at issue, and that Plaintiffs are prejudiced by Defendants' withdrawal of the agreement to engage in discovery. ECF No. 143 ("Mot."). On September 14, 2026, Defendants opposed Plaintiffs' motion, arguing that Plaintiffs

---

[4] On September 14, 2026, Defendants submitted to the Court a revised proposed permanent injunction. ECF No. 149. Defendants' revised proposal included OMB and its Director; it did not, however, include the factual assertions about what occurred, because that is not necessary to provide Plaintiffs the relief they have requested. On September 23, 2026, Plaintiffs submitted an opposition to Defendants revised proposal, ECF No. 162, and on September 24, the Court denied Defendants' request to enter a permanent injunction without prejudice to renewal, once the Court issues a decision on the motion to dismiss and the parties have conducted discovery. ECF No. 164.

arguments amounted to merits arguments which did not warrant discovery but should instead be decided on summary judgment. ECF No. 150. On September 15, 2026, Magistrate Judge Tarnofsky held a conference at which she granted Plaintiffs' motion in part, as further detailed in her order dated September 16, 2026. ECF No. 155 ("Order"). In her Order, Judge Tarnofsky concluded "that Plaintiffs have made a credible showing that the administrative record in this case is incomplete." Order at 6. She went further indicated that:

> Plaintiffs have made a non-speculative argument based on the chronology of the agency decision that the record does not include all documents that agency decision-makers considered in making their decision. This is not an argument, as Defendants suggest, that the agency lacked a sufficient basis to make its decision or that the record documents do not support the agency decision. Rather, this is an argument that the agency decision preceded the assembly of the record, which does not include the materials on which the decision-makers actually relied (as opposed to the materials used to justify the decision); that the record does not clearly identify all decision-makers; and that the record contains no explanation for important aspects of the agency decision, such as its application to certain states but not others. I fail to see how the Court can assess Plaintiffs' credible challenge to the completeness of the record without permitting at least limited discovery. *See, e.g., Dopico v. Goldschmidt*, 687 F.2d 644, 654 (2d Cir. 1982); *see also Authors Guild,* 2025 WL 3678097, at *10. That Plaintiffs' complaint includes constitutional claims reinforces my conclusion that some discovery is warranted. *See Authors Guild,* 2025 WL 3678097, at *14.

Order at 6.

## <u>STANDARD OF REVIEW</u>

In reviewing a magistrate judge's order, a district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Mendez v. Katonah Station, Ltd. d/b/a Pizza Station & Tatjana Novakovic*, No. 25 Civ.10792 (NSR) (VR), 2026 WL 2859859, at *1 (S.D.N.Y. Sept. 23, 2026) (internal citation and quotations omitted). "It is well-settled that a magistrate judge's resolution of a nondispositive matter should be afforded

substantial deference and may be overturned only if found to have been an abuse of discretion." *Jablonski v. Special Couns., Inc.*, No. 16 Civ. 5243 (ALC)(OTW) 2023 WL 2644212, at *1 (S.D.N.Y. Mar. 27, 2023) (internal quotations and citations omitted). A ruling is "contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure, and is clearly erroneous if the district court is left with the definite and firm conviction that a mistake has been committed." *Thai Lao Lignite (Thai.) Co. v. Gov't of Lao People's Dem. Rep.*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013) (citations and internal quotation marks omitted). "In reviewing the decision of a magistrate judge, a district judge should not consider factual evidence that was not presented to the magistrate judge." *Verint Sys. Inc. v. Red Box Recorders Ltd.*, 183 F. Supp. 3d 467, 470 (S.D.N.Y. 2016) (citations and internal quotation marks omitted).

## ARGUMENT

### I. Discovery Is Not Permitted Under the APA

Plaintiffs' request for discovery must be considered in context of the fact that APA review is, for the reasons discussed below, based solely on the materials before the agency decision-maker at the time the challenged decision was made. Plaintiffs should be barred from the discovery they seek because as numerous Courts in this district have affirmed, "an APA case is a circumscribed limited proceeding where judicial review is limited to the certified record provided by the agency." *Ali v. Pompeo*, No. 16 Civ. 3691 (KAM) (SJB), 2018 WL 2058152, at *12 (E.D.N.Y. May 2, 2018).

Under the APA, judicial review is "limited to review of 'final agency action for which there is no other adequate remedy in court.'" *Almaklani v. Trump*, 444 F. Supp. 3d 425, 429 (E.D.N.Y. 2020) (quoting *Natural Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006). In keeping with this principle, "only final agency actions may be reviewed under the APA and review of such actions is generally limited to the administrative record compiled by the agency." *Friends Of The*

*Earth v. U.S. Dep't of Interior*, 236 F.R.D. 39, 42 (D.D.C. 2006); *Riverkeeper, Inc. v. U.S. E.P.A.*, 358 F.3d 174, 184 (2d Cir. 2004); *Nat'l Ass'n of Postal Supervisors v. United States Postal Serv.*, No. 19 Civ. 2236 (RCL), 2023 WL 5221367, at *3 (D.D.C. Aug. 15, 2023) (internal quotation marks and citations omitted) (review under the APA is "narrow, limited to examining the administrative record to determine whether the [agency] decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment[.]"" *Riverkeeper, Inc*, 358 F.3d at 184 (citations and internal quotation marks omitted). ("Judicial review under the APA is paradigmatically limited to the administrative record (the 'APA record review rule')." *Nat'l Ass'n of Postal Supervisors,* 2023 WL 5221367, at *3.

In sum, in considering claims brough pursuant to the APA, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142(1973). The Court should "have before it the same information the agency had when it made its decision." *Nat'l Ass'n of Postal Supervisors*, 2023 WL 5221367, at *3. The Administrative record reflects the materials "that the agency decision-makers directly or indirectly considered." *Comprehensive Cmty. Dev. Corp. v. Sebelius*, 890 F. Supp. 2d 305, 308 (S.D.N.Y. 2012). In compiling the record, the agency is "not obligated to include every potentially relevant document existing within its agency. *Pac. Shores Subdivision, California Water Dist. v. U.S. Army Corps of Eng'rs*, 448 F. Supp. 2d 1, 7 (D.D.C. 2006). Rather, the agency's obligation in compiling the record is to put forth only those documents directly or indirectly considered by the decision-makers.

Further, and crucially in light of the Court's order compelling extra record discovery, it is ""settled that deference is due to the agency's judgment as to what constitutes the whole administrative record." *Comprehensive Cmty. Dev. Corp.*, 890 F. Supp. 2d at 309 (S.D.N.Y.

2012). Accordingly, an agency's designation of the administrative record "is generally afforded a presumption of regularity." *Id.*; *Ali*, 2018 WL 2058152, at *10 (agencies are "entitled to deference—a presumption of 'regularity'—that it has properly compiled the record and placed before the Court the documents that were before the agency decisionmaker."). Given that the agency is best positioned to identify the records its decisionmakers considered, "[c]ommon sense dictates that the agency determines what constitutes the whole administrative record because it is the agency that did the considering, and that therefore is in a position to indicate initially which of the materials were before it—namely, were directly or indirectly considered." *Comprehensive Cmty. Dev. Corp.*, 890 F. Supp. 2d at 309. In light of the limited scope of review and the record before the Court in APA cases, the Court "sits not as a fact-finder, but as a reviewing court" which means that "discovery is generally not permitted" in APA cases. *Hadwan v. United States Dep't of State*, No. 17 Civ. 578 (VEC), 2021 WL 4037714, at *3 (S.D.N.Y. Sept. 3, 2021).

In light of the foregoing, exceptions to the rule that discovery is not appropriate in APA cases are "quite narrow and rarely invoked." *Nat'l Ass'n of Postal Supervisors Serv.*, 2023 WL 5221367, at *3(citations omitted). Further, where an exception to the rule is warranted, court-ordered discovery is not the preferred method for supplementing the record. Rather, "in the rare circumstances where supplementation of the record is required, it is typically accomplished by remand to the agency, not through court-supervised discovery." *Hadwan*, 2021 WL 4037714, at *4.

## II. Plaintiffs Have Not Established that Discovery is Warranted

The "strong presumption" that an agency properly designated the record can only be rebutted by "concrete evidence to show that certain documents were presented to the final agency decisionmaker but were not included in the administrative record." *Hadwan*, 2021 WL 4037714, at *4 (citations and internal quotation marks omitted). It is not enough to establish that the

additional materials Plaintiffs seek "were somewhere within the agency." *Calvary Hosp., Inc. v. Kennedy*, No. 23 Civ. 8479 (GHW), 2025 WL 2106156, at *6 (S.D.N.Y. July 25, 2025) (quoting *Comprehensive Cmty. Dev. Corp. v. Sebelius*, 890 F. Supp. 2d at 309). Rather, Plaintiffs "must show that the materials sought to be added were before the agency *decision-maker*." *Sebelius*, 890 F. Supp. 2d at 309.

Alternatively, a party may request that a Court consider evidence outside the record if the party makes "a strong showing in support of a claim of bad faith or improper behavior on the part of agency decisionmakers." *Hadwan*, 2021 WL 4037714, at *4. Making a showing is "no small hurdle." *Ali*, 2018 WL 2058152, at *5. Rather, "[a] party must make a *significant* showing—variously described as a strong, substantial, or prima facie showing—that it will find material in the agency's possession indicative of bad faith[.]" *Id*. (quoting A*mfac Resorts, L.L.C. v. U.S. Dep't of the Interior*, 143 F.Supp.2d 7, 12 (D.D.C. 2001)). Here, Magistrate Judge Tarnofsky did not find that Plaintiffs' made a showing of bad faith to warrant discovery. In concluding that Plaintiffs made "a credible showing that the administrative record in this case is incomplete," Magistrate Judge Tarnofsky misapplied the standard and so the conclusion is contrary to law.[5]

Here, Magistrate Judge Tarnofsky misapplied the above standards by concluding that Plaintiffs had rebutted the strong presumption of a properly-designated record, without having made the requisite finding that Plaintiffs had identified concrete evidence of documents presented

---

[5] Towards the end of her order, Judge Tarnofsky went on to say that she "fail[ed] to see how the Court can assess Plaintiffs' credible challenge to the completeness of the record without permitting at least limited discovery." Order at 6. But the solution to assess whether a record is complete is not by engaging in limited discovery—that burden to rebut the strong presumption of completeness, falls on Plaintiffs. *Comprehensive Cmty. Dev. Corp. v. Sebelius*, 890 F. Supp. 2d at 309. If the Court made no finding as to the completeness of the record, then discovery is not proper.

to the final agency decisionmaker that were omitted from the record. Magistrate Judge Tarnofsky found merely that "Plaintiffs have made a non-speculative argument . . . that the record does not include all the documents that agency decision-makers considered in making their decision." Order at 6. But finding a "non-speculative argument" is insufficient to rebut the strong presumption that HHS properly designated the administrative record.

Plaintiffs did not identify any concrete evidence demonstrating that particular documents were before the relevant decisionmakers when deciding to implement the temporary restricted drawdowns or make data requests. Rather, Plaintiffs merely reiterated the allegations in their Amended Complaint and baldly asserted that the record does not sufficiently address them. This deficiency is fatal to Plaintiffs' request for extra-record discovery. *See*, *e.g., Beverly Hills Unified School Dist. v. Fed. Transit Admin.*, No. 18 Civ. 716 (GW), 2018 WL 5919218, *3 (C.D. Cal. Sept. 17, 2018) (plaintiff asserting that record is incomplete must "identify the materials allegedly omitted from the record with sufficient specificity, as opposed to merely proffering broad categories of documents and data that are 'likely' to exist as a result of other documents that are included in the administrative record"); *Hadwan*, 2021 WL 4037714, at *4 (strong presumption is rebutted by concrete evidence).

Conversely, Defendants demonstrated that Plaintiffs' conjecture about potentially missing documentation is unfounded. Indeed, Defendants repeatedly responded to Plaintiffs' conclusory assertions with citations to the record demonstrating where the information Plaintiffs claimed to be missing could be found. Magistrate Judge Tarnofsky's Order fails to address any of these points.

First, Plaintiffs argued, without pointing to specific documents, that the record fails to include information to explain why Defendants took the actions laid out in the January 5 and 6 Letters as to

the five Plaintiff States and the three programs. Mot. at 5–6. But, as Defendants argued, the record does in fact contain this information. The January 5 and 6 Letters themselves (which are part of the administrative record) include HHS's basis for taking the actions at issue here. With respect to Minnesota, the letter states the "action was taken in response to the State's failure to provide required administrative data, the seriousness of the allegations regarding misuse of federal child care funds, and the need to ensure the integrity of federal program expenditures." ACF 000020. And the letters to all five Plaintiff States include that HHS via ACF was "concerned by the potential for extensive and systemic fraud . . . . These concerns have been heighted by recent federal prosecutions and additional allegations that substantial portions of federal resources were fraudulently diverted. . . . ACF has reason to believe that the State . . . is illicitly providing illegal aliens with CCDF benefits." ACF 000001 (CA). Similar language is included in the letters to all the plaintiff states. *See* ACF 000008 (CO); ACF 000014 (IL); ACF 000023 (MN); ACF 000027 (NY).

Further, there are two Decision Memoranda, one for Minnesota and one for the other four Plaintiff States, that explain the materials considered and the reasons ACF took these actions. For example, both Decision Memoranda state "This temporary action is needed to ensure fidelity of federal funds and demonstrate compliance with federal requirements for CCDF, TANF, and SSBG funds. This action is intended to be temporary and will be lifted upon completion of a thorough review." ACF 000034 (MN) and ACF 000229 (other states). They go on to state that the "action was taken in response to the seriousness of the allegations regarding misuse of federal funds and the need to ensure the integrity of federal program expenditures with administrative data." ACF 000034 (MN) and ACF 000230 (other states). The memoranda also explain why the CCDF, TANG, and SSBG, were chosen: "child care is an allowable expense under these programs." *Id.*

The Minnesota Decision Memorandum also chronicles the initial inquiries ACF made and its conclusion that Minnesota's response was insufficient. ACF 000035. The memorandum cites conversations ACF had with Minnesota's officials and lists evidence of certain child care centers that received funding despite certain specified violations. *Id.* As support for the allegations in the Decision Memorandum, attached is an HHS OIG report from May 2025 which found compliance issues with Minnesota's child care programs. ACF 000209. Similarly, the Decision Memorandum for the other states attached supporting evidence including a California Department of Education report of "fraud indicators" and multiple press releases detailing criminal actions relating to alleged fraud in child care. *See, e.g.,* ACF 000233–246, ACF 000509. These same reasons—fraud indicators, criminal allegations, and allegations of benefits being used for illegal aliens—are reflected in the email chain in the administrative record between ACF officials and OMB. ACF 000738–39. Thus, the basis for the actions in question are clearly and consistently detailed in the administrative record.

Second, Plaintiffs argued that the record failed to identify all decision makers. Mot. at 5. That is wrong. The record reflects that Secretary Kennedy received the memoranda from Assistant Secretary Adams, *see e.g.*, ACF 000033; Assistant Secretary Adams and Deputy Secretary O'Neill signed letters to Plaintiff States, *see, e.g.,* ACF 000142-144, ACF 000136-137; and emails were exchanged between Assistant Secretary Adams and OMB's Anne DeCesaro, ACF 000738 to ACF 000741. Contrary to Plaintiffs' assertion, the record does identify the decisionmakers and the information they considered.[6]

[6] Plaintiffs also argued, although Judge Tarnofsky's order did not address, that public remarks made by the President and evidence obtained in separate litigation, regarding different federal agency actions unrelated to this one, suggest that information may be missing from the administrative record.

The record contains answers to each of Plaintiffs' alleged deficiencies. If Plaintiffs are not satisfied with those answers, that is not an argument for discovery, rather, it is a merits argument that the agency lacked a sufficient basis for the action that it took. That argument does not entitle them to discovery, it should be made on a motion for summary judgment. "[T]he relevant inquiry here is not what the plaintiff believes the agency should have considered prior to making its decision. . . . the issue of what the [agency] *should have* considered may ultimately bear on whether the agency action at issue was arbitrary and capricious [and] that is a merits argument that is wholly irrelevant to what the agency actually *did* consider during the time period at issue." *Silver State Land, LLC v. Beaudreau*, 59 F. Supp. 3d 158, 166 (D.D.C. 2014) (internal citation and quotation omitted). In support of her ruling, Judge Tarnofsky cited *Dopico v. Goldschmidt*, 687 F.2d 644, 654 (2d Cir. 1982) and *Authors Guild v. Nat'l Endowment for the Humans.*, No. 25-CV-3657 (CM), 2025 WL 3678097, *4 (S.D.N.Y. Dec. 18, 2025). Order at 6. However, both cases are distinguishable. The plaintiffs in those cases pointed to specific documents they alleged were missing from the record. In *Dopico* the Court found that specific documents for "the relevant years" were "conspicuously absent," and that it was "almost inconceivable that such fundamental documents" were not part of the record. *Dopico*, 687 F.2d at654. Similarly, in *Authors Guild*, Plaintiffs identified specific communications in the record reflecting that attachments to those

---

Mot. at 7. However, mere speculation that documents might be missing from the record--whether based on public remarks by federal officials on general policy matters, or documents produced in unrelated litigation involving different federal agencies and decisions--does not constitute concrete evidence sufficient to establish that the administrative record in this case is in any way deficient. Rather, "the relevant materials 'before the agency' are those that the agency decision-makers directly or indirectly considered." *Sebelius*, 890 F. Supp. 2d at 308. In compiling the record, an agency "is not obligated to include every potentially relevant document existing within its agency." *Pacific Shores Subdivision Cal. Water Dist. v. U.S. Army Corps. of Eng'rs*, 448 F. Supp. 2d 1, 7 (D.D.C. 2006).

communications "form the basis for final approval" of the grant terminations in question, but that those attachments were omitted from the record. *Authors Guild*,2025 WL 3678097, at *11. Here, unlike *Dopico or Authors Guild*, Plaintiffs do not point to specific documents they think should have been included in the record that formed the basis of the decision. Rather, they merely "proffer[ed] broad categories of documents and data that are 'likely' to exist." *Beverly Hills Unified School Dist.,*2018 WL 5919218, *3; *see also, e.g., Mayor & City Council of Baltimore v. Trump*, 429 F. Supp. 3d 128, 144 (D. Md. 2019) ("Accordingly, whether the record is thick or thin, it is all that is necessary to resolve the [ ] claims"); *Nat'l Min. Ass'n v. Jackson*, Nos. 10-1220, 11-295, 11-446, 11-447 (RBW), 2011 WL 9977235, at *3-4 (D.D.C. Sept. 14, 2011) (rejecting plaintiff's argument based on volume of the record). That is insufficient.[7] "In sum, there [was] simply no concrete evidence offered by [Plaintiffs] to overcome the strong presumption that the record was properly designated," and so Judge Tarnofsky's Order was contrary to law. *Silver State Land, LLC v. Beaudreau*, 59 F. Supp. 3d 158, 169 (D.D.C. 2014).

Finally, Judge Tarnofsky found that because "Plaintiffs' complaint includes constitutional claims . . . some discovery is warranted." Order at 6. But as Defendants argued, numerous courts have stated, the existence of standalone constitutional claims does not automatically obviate the "black-letter administrative law" that in "reviewing agency action," a court "should have before it neither more nor less information than did the agency when it made its decision." *Bellion Spirits*, 335 F. Supp. 3d at 37-38 (quoting *Hill Dermaceuticals, Inc. v. FDA*, 709 F.3d 44, 47 (D.C. Cir. 2013)). "Courts tend to restrict review of non-APA claims to the administrative record when they

[7] Plaintiffs point to "payment instructions" and "guidance drafted by ACF" in connection with the proposed temporary drawdown restrictions. Mot. at 6. But they fail to demonstrate that either of those potential documents were before the decision makers and formed the basis for the decision.

are brought in parallel to APA claims or when review under the APA is otherwise available." *Nat'l Ass'n of Postal Supervisors v. United States Postal Serv.*, No. 19 Civ. 2236-RCL, 2023 WL 5221367, at *4 (D.D.C. Aug. 15, 2023); *see also Dep't of Commerce v. New York*, 588 U.S. 752, 780-81 (2019) (quotation marks omitted) (This principle is rooted in the longstanding "recognition that further judicial inquiry into executive motivation represents a substantial intrusion into the workings of other branches of Government and should normally be avoided.") (quotation marks omitted).

**CONCLUSION**

For the foregoing reasons, the Court should sustain Defendant's objection to Magistrate Judge Tarnofsky's September 16, 2026 Order and deny Plaintiffs' motion to compel extra-record discovery.

Dated: New York, New York
September 30, 2026

Respectfully submitted,
JAMES M. MCDONALD
United States Attorney
Southern District of New York
*Attorney for Defendants*

By: /s/ *Kamika S. Shaw*
KAMIKA S. SHAW
MALLIKA BALACHANDRAN
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: 212-637-2768/2781
Email:Kamika.shaw@usdoj.gov
mallika.balachandran@usdoj.gov

**Certificate of Compliance**

Pursuant to Local Civil Rule 7.1(c), the above-named counsel hereby certifies that this memorandum complies with the word-count limitation of this Court's Local Civil Rules. As

measured by the word processing system used to prepare it, this memorandum contains 5,409 words.