**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

STATE OF NEW YORK, *et al.*,

Plaintiffs,

v.

ADMINISTRATION FOR CHILDREN AND FAMILIES, *et al.*,

Defendants.

Case No. 26 Civ. 172 (VSB)

**DEFENDANTS' MEMORANDUM IN OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION**

JAMES M. MCDONALD
United States Attorney
Southern District of New York
86 Chambers St., 3rd Floor
New York, New York 10007

*Attorney for Defendants*

KAMIKA S. SHAW
MALLIKA BALACHANDRAN
Assistant United States Attorneys

## TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ....................................................................................... 1

BACKGROUND ...................................................................................................... 2

ARGUMENT ........................................................................................................... 3

I. STANDARD ON A MOTION FOR RECONSIDERATION ................................ 3

II. THE COURT SHOULD RECONSIDER ITS RULING DIRECTING OMB TO PRODUCE AN ADMINISTRATIVE RECORD ................................................... 4

III. THE COURT SHOULD RECONSIDER ITS RULING DESIGNATING DIRECTOR RUSSELL VOUGHT AS A CUSTODIAN ...................................... 7

CONCLUSION ........................................................................................................ 8

## TABLE OF AUTHORITIES

**CASES** **PAGE(s)**

*Advanced Analytics, Inc. v. Citigroup Global Markets, Inc.*
301 F.R.D. 31 (S.D.N.Y. 2014) .......... 3

*Bennett v. Spear*
520 U.S. 154 (1997) .......... 4

*Cheney v. U.S. Dist. Ct. for D.C.*
542 U.S. 367 (2004) .......... 6, 7

*Comprehensive Cmty. Dev. Corp. v. Sebelius*
890 F. Supp. 2d 305 (S.D.N.Y. 2012) .......... 5

*Dalton v. Specter*
511 U.S. 462 (1994) .......... 4, 5

*Doe v. NYC Dep't. of Social Servs.*
709 F.2d 782 (2d Cir. 1983) .......... 3

*Fireman's Fund Ins. Co. v. Great American Ins. Co.,*
10 F. Supp. 3d 460, 475 (S.D.N.Y. 2014), *aff'd* 822 F.3d 620 (2d Cir. 2016) .......... 3

*Franklin v. Massachusetts*
505 U.S. 788, 112 S. Ct. 2767, 120 L. Ed. 2d 636 (1992) .......... 5

*In re Emanuel*
2011 WL 1560919 (S.D.N.Y. Apr. 20, 2011) .......... 3, 4

*In re United States*
583 U.S. 29 (2017) .......... 6, 7

*Lunney v. United States*
2001 WL 1636965 (S.D.N.Y. Dec. 20, 2001), *aff'd*, 319 F.3d 550 (2d Cir. 2003) .......... 5

*Ragbir v. Homan*
2018 WL 11365231 (S.D.N.Y. Mar. 26, 2018) .......... 7

*Shrader v. CSX Transp., Inc.*
70 F.3d 255 (2d Cir. 1995) .......... 3

*Torres v. Curry*
672 F. Supp. 2d 346 (S.D.N.Y. 2009) .......... 4

*Travelers Ins. Co. v. Buffalo Reins. Co.*
739 F. Supp. 209 (S.D.N.Y. 1990) ........ 3

*U.S. Army Corps of Engineers v. Hawkes Co., Inc.*
578 U.S. 590 (2016) ........ 4

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*
956 F.2d 1245 (2d Cir. 1992) ........ 3

**STATUTES**

5 U.S.C. § 704 ........ 4

42 U.S.C. § 616 ........ 5

Defendants the Administration for Children and Families ("ACF"), Alex J. Adams, in his official capacity as Assistant Secretary of ACF, the U.S. Department of Health and Human Services ("HHS"), Robert F. Kennedy Jr., in his official capacity as Secretary of HHS (together with ACF, Assistant Secretary Adams, and HHS, "HHS Defendants") the Office of Management and Budget ("OMB") and Russell Vought, in his official capacity as Director of OMB (together with OMB, "OMB Defendants") (collectively, "Defendants" or the "Government") by their attorney James M. McDonald, United States Attorney for the Southern District of New York respectfully submit this memorandum of law in support of their motion for reconsideration of two components of the Court's September 23, 2026 Discovery Order, ECF No. 163 ("Order").[1]

**PRELIMINARY STATEMENT**

By this motion, Defendants respectfully request that the Court reconsider its decision requiring OMB to (1) provide an administrative record in this APA action in which it was not the statutory decision-maker; and (2) search for and produce responsive non-privileged documents from OMB Director Russell Vought as part of the extra-record discovery the Court ordered Defendants to provide to Plaintiffs. As explained below, Defendants submit that both rulings, reached without the benefit of full briefing, are contrary to law.

First, HHS, not OMB, is the only proper agency to provide a certified administrative record in this case. It is undisputed that HHS is the sole agency authorized by statute to take the administrative actions Plaintiffs challenge: HHS' imposition of temporary restrictions on Plaintiffs' ability to draw down funds for certain programs that are regulated by HHS. Plaintiffs have articulated no legal or factual basis for requiring OMB to provide an administrative record in

---

[1] On September 30, 2026, Defendants filed an objection to the Court's September 16, 2026 order granting in part Plaintiffs' motion to compel, ECF No. 155. That objection is currently pending. ECF No. 165.

this case, and it is not practicable for OMB to provide an administrative record for an agency decision or action it had no statutory authority to make or take. To the extent that Plaintiffs assert that OMB can be compelled to provide an administrative record because they named OMB as a defendant in their Amended Complaint, Supreme Court precedent requires that the Court withhold decision on the production of any OMB administrative record until after Defendants' dispositive motion to dismiss OMB and Director Vought for failure to state a claim has been resolved.

Second, Plaintiffs likewise fail to show why extra-record discovery is warranted from OMB Director Vought, the top-level official of a federal agency. Plaintiffs have made no showing, and the Court has not held, that the discovery Plaintiffs will obtain from multiple other HHS and OMB officials is not sufficient to afford Plaintiffs the "limited" discovery the Court determined they should receive, in addition to the certified administrative record HHS has already filed. Accordingly, Defendants submit that the Court should defer ruling on this issue until after Defendants' motion to dismiss has been resolved and/or Plaintiffs have reviewed the other extra-record discovery the Court has already ordered and made an evidentiary showing that further discovery from such a high-level federal official is justified.

**BACKGROUND**

Plaintiffs moved to compel discovery in this case on September 9, 2026. ECF No. 143. On September 16, 2026, the Court granted in part Plaintiffs' motion to compel and directed the parties to propose a discovery order detailing the scope of discovery. ECF No. 155. The parties proposed an order containing the provisions to which they agreed, subject to Defendants' reservation of rights to file objections to the September 16 order, and each party proposed their own order, reflecting areas of disagreement. ECF Nos. 160, 161. Plaintiffs' proposed order directed Defendant OMB to produce an administrative record within the same time frame set for document

discovery and included Director Vought as a custodian. ECF No. 160-2 at 3. Defendants' proposed order did not include those two provisions. ECF No. 161. On September 23, 2026, the Court entered a discovery order, which directed OMB to produce an administrative record within 60 days of the order and included Director Vought as a custodian. Order at 2, 3. Thus far, there has not been full briefing, and the Court has not explained why OMB should provide an administrative record or why extra-record discovery from such a high-level official is warranted.

## ARGUMENT

### I. STANDARD ON A MOTION FOR RECONSIDERATION

"A motion for reconsideration of an order is appropriate pursuant to Local Civil Rule 6.3 to correct clear error, prevent manifest injustice, or upon the availability of new evidence." *Fireman's Fund Ins. Co. v. Great American Ins. Co.*, 10 F. Supp. 3d 460, 475 (S.D.N.Y. 2014), *aff'd* 822 F.3d 620 (2d Cir. 2016) (citing *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). A party seeking reconsideration under Local Civil Rule 6.3 "must demonstrate that the Court overlooked controlling decisions or factual matters that were put before the Court on the underlying motion." *Advanced Analytics, Inc. v. Citigroup Global Markets, Inc.*, 301 F.R.D. 31, 45 (S.D.N.Y. 2014) (citations and quotation marks omitted). Thus, a court should reconsider its prior order where the court (1) "has overlooked controlling decisions that may have influenced the earlier result had they been considered by the court," or (2) "the court failed to consider factual matters that were put before the court on the underlying motion." *Travelers Ins. Co. v. Buffalo Reins. Co.*, 739 F. Supp. 209, 211 (S.D.N.Y. 1990) (citations and quotation marks omitted); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (reconsideration proper where the "moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court"). Reconsideration is also justified by "an intervening change of controlling

law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Doe v. NYC Dep't. of Social Servs.*, 709 F.2d 782, 789 (2d Cir. 1983) (citation omitted); *see also In re Emanuel*, No. 10 Civ. 2964 (JGK), 2011 WL 1560919, at *1 (S.D.N.Y. Apr. 20, 2011), *aff'd* 460 F. App'x 48 (2012) (same). However, a party seeking reconsideration may not "advance new facts, issues or arguments not previously presented to the Court." *In re Emanuel*, 2011 WL 1560919, at *1 (quoting *Torres v. Curry*, 672 F. Supp. 2d 346, 348 (S.D.N.Y. 2009)).

## II. THE COURT SHOULD RECONSIDER ITS RULING DIRECTING OMB TO PRODUCE AN ADMINISTRATIVE RECORD

The Court should reconsider its ruling with respect to its direction to OMB to produce an administrative record within 60 days of the Order because it is unsupported by law.[2]

First, the agency action at issue in this litigation is an action that only HHS, by statute, could take. As such, the appropriate administrative record is what was before the HHS decision makers, not OMB or Director Vought. The APA limits review to "final agency action[s]" 5 U.S.C. § 704; *accord Dalton v. Specter,* 511 U.S. 462, 469 (1994). Agency action is final only when it (1) "'mark[s] the consummation of the agency's decisionmaking process'" and (2) is "'one by which rights or obligations have been determined, or from which legal consequences will flow.'" *U.S. Army Corps of Engineers v. Hawkes Co., Inc.*, 578 U.S. 590, 597 (2016) (quoting *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997)).

[2] The issue of whether an administrative record from OMB is required has not been fully briefed. Plaintiffs' motion to compel, ECF No. 143, did not raise the issue of whether OMB should be compelled to produce an administrative record. Plaintiffs raised the issue when the parties submitted their competing discovery orders, ECF No. 160 at 2, and argued that because the Court denied Defendants' request to stay discovery pending Defendants' motion to dismiss, an OMB administrative record must be produced. But the production of an administrative record is separate from discovery. At minimum, the Court should allow the parties to submit full briefing on the issue of whether an administrative record by OMB is required.

Plaintiffs named OMB and its director as Defendants, but they have not alleged any final agency action OMB or Director Vought took. They vaguely allege that OMB and Director Vought "played an important role" in the challenged conduct. ECF No. 121 ¶ 9. According to Plaintiffs, OMB "directed and/or participated in the decision-making for the ACF Funding Freeze" and ACF "implemented the ACF Funding Freeze" pursuant to "one or more" unidentified directives by OMB, which they define as the "OMB Directive." *Id.* ¶¶ 137, 138. Plaintiffs make no specific allegations as to what the "OMB Directive" was or who was involved. These vague allegations fail to articulate any separate agency action on the part of OMB, much less one that is final.

OMB's alleged involvement "carr[ies] no direct consequences" for the funding at issue because "[t]he action that [] directly affect[ed]" the streams of funding was taken by ACF, not OMB. *Dalton*, 511 U.S. at 469 (quoting *Franklin v. Massachusetts*, 505 U.S. 788, 798 (1992)). Even if, as Plaintiffs claim, OMB had a hand in determining the scope or states to be included, that is immaterial. "What is crucial is the fact that [ACF], not [OMB], takes the final action that affects" the flow of funds. *Dalton*, 511 U.S. at 470. By statute, the authority to administer the funds at issue rests with HHS. *See* Sec. 416. **[**42 U.S.C. 616**]**. As such, the only agency that could have taken a final action that affected the funds is HHS through ACF. *See, e.g., Lunney v. United States*, No. 01 Civ. 0897 (LMM), 2001 WL 1636965, at *3 (S.D.N.Y. Dec. 20, 2001), *aff'd*, 319 F.3d 550 (2d Cir. 2003) (concluding that Congress delegated responsibility regarding custody of the Congressional Medal of Honor to the President of the United States, not the Secretary of the Navy and as such, it was the President, not the Secretary, who took the final binding action that affected the custody of the medal.). An administrative record reflects the materials "that the agency decision-makers directly or indirectly considered" in making the final agency action. *Comprehensive Cmty. Dev. Corp. v. Sebelius*, 890 F. Supp. 2d 305, 308 (S.D.N.Y. 2012). Here,

because the only agency action being challenged is the action taken by HHS, there is no administrative record for OMB to compile.[3]

Second, as Defendants noted in their letter dated September 22, 2026, Defendants have moved to dismiss both OMB and Director Vought from this action for failure to state a claim. ECF No. 161 at 2. That motion is still pending before this Court. If successful, OMB and Director Vought would not be parties to this action, and so an administrative record would be entirely improper.[4] Whether Plaintiffs state a claim against OMB and Director Vought are threshold questions and as such, the Supreme Court's decision in *In re United States*, 583 U.S. 29 (2017), is instructive. In that case, the district court ordered the government to complete the administrative record by turning over a broad swath of documents regarding the government's decision to rescind the Deferred Action for Childhood Arrivals ("DACA") program, including "all materials actually seen or considered, however briefly, by Acting Secretary [Elaine] Duke in connection with the potential or actual decision to rescind DACA." *In re United States*, 583 U.S. at 31. However, the government had raised a "threshold argument[] . . . that the Immigration and Nationality Act deprives the District Court of jurisdiction." *Id.* at 32. Finding that "[this] argument[], if accepted, likely would eliminate the need for the District Court to examine a complete administrative record," *id.*, the Supreme Court ruled that the order should have been stayed, *id*. So too here. *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 385 (2004), likewise requires restraint where, as here, the request for the administrative record is to OMB, a component of the Executive Office of

---

[3] At most, any documents or materials that relate to this case that are in OMB's possession would be collected by Plaintiffs' existing discovery requests.

[4] In this district, there is no set deadline for the Government to produce the administrative record in a case involving the APA, although typically it is filed with the Court after the Government responds to the Complaint, which is due sixty days following service.

the President. *Cheney*, 542 U.S. at 385. Accordingly, OMB should not be compelled to produce an administrative record, and the Court's order directing OMB to do so is contrary to authority. *See, e.g., Ragbir v. Homan*, No. 18 Civ. 1159 (PKC), 2018 WL 11365231, at *2 (S.D.N.Y. Mar. 26, 2018) ("granting plaintiffs' application would result in the Court similarly putting the cart before the horse").

## III. THE COURT SHOULD RECONSIDER ITS RULING DESIGNATING DIRECTOR RUSSELL VOUGHT AS A CUSTODIAN

The Court should reconsider its ruling designating Director Vought as a custodian. First, Plaintiffs have made no showing, and the Court has not found, that the five other lower-level officials at HHS and OMB that are already providing any responsive materials would not be sufficient to afford Plaintiffs the limited discovery the Court has allowed beyond the administrative record. Plaintiffs should be required to review materials produced by Defendants from lower-level agency officials, and make an evidentiary showing that it is not sufficient, before Defendants should be required to provide discovery from the top-level official at the head of a federal agency. "This is not a routine discovery dispute. The discovery requests are directed to . . . [a] senior Government official[]." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 385 (2004). *Cheney* dictates that "special considerations" control when discovery relates to the "Executive branch's interests."

Second, as Defendants stated in their September 22 Letter, Defendants have moved to dismiss Director Vought from this action, arguing that Plaintiffs have failed to state a claim as to Director Vought, and have moved to dismiss the entire action on the basis that this Court lacks jurisdiction because the action is moot. At minimum, any decisions regarding Director Vought as a custodian should be deferred pending the adjudication of Defendants' motion to dismiss. *In re United States*, 583 U.S. at 32.

Accordingly, Defendants submit that the Court should not consider the question of whether to allow Plaintiffs extra-record discovery from the OMB Director until after the dispositive motion to dismiss has been resolved and/or Plaintiffs have reviewed the upcoming discovery and made an adequate evidentiary showing that additional discovery from the head of a federal agency is necessary and appropriate.

**CONCLUSION**

For the foregoing reasons, the Government respectfully requests that the Court reconsider the portions of the Order addressed above.

Dated: October 7, 2026

Respectfully submitted,
JAMES M. MCDONALD
United States Attorney
Southern District of New York
*Attorney for Defendants*

By: /s/ *Mallika Balachandran*
KAMIKA S. SHAW
MALLIKA BALACHANDRAN
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: 212-637-2768/2781
Email:kamika.shaw@usdoj.gov
mallika.balachandran@usdoj.gov

**Certificate of Compliance**

Pursuant to Local Civil Rule 6.3, the above-named counsel hereby certifies that this memorandum complies with the word-count limitation of this Court's Local Civil Rules. As measured by the word processing system used to prepare it, this memorandum contains 2,452 words.