**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

STATE OF NEW YORK, *et al.*,

Plaintiffs,

v.

ADMINISTRATION FOR CHILDREN AND FAMILIES, *et al*.

Defendants.

Case No. 26-cv-00172-VSB-RFT

**PLAINTIFFS' RESPONSE IN OPPOSITION TO**
**DEFENDANTS' MOTION FOR RECONSIDERATION**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ ii

INTRODUCTION ........ 1

BACKGROUND ........ 2

LEGAL STANDARD ........ 3

ARGUMENT ........ 4

I. Defendants had ample opportunity to brief the issues they ask the Court to reconsider. ........ 4

II. The Court made no clear error. ........ 5

A. The Court's order that OMB produce an administrative record was not a clear error. ........ 5

B. The Court's order that Defendants search Russell Vought's records was not a clear error. ........ 7

## TABLE OF AUTHORITIES


**Page(s)**

**Cases**

*Analytical Survs., Inc. v. Tonga Partners, L.P.*,
684 F.3d 36 (2d Cir. 2012)........3, 8

*Authors Guild v. NEH*,
No. 25-cv-3657, 2025 WL 3678097 (S.D.N.Y. Dec. 18, 2025)........7, 10

*Bates v. Donley*,
935 F. Supp. 2d 14 (D.D.C. 2013)........6

*Campbell-Ewald Co. v. Gomez*,
577 U.S. 153 (2016)........10

*Cheney v. U.S. Dist. Ct. for D.C.*,
542 U.S. 367 (2004)........6-10

*Disney Enters., Inc. v. Sarelli*,
No. 16-cv-2340, 2018 WL 5019745 (S.D.N.Y. Sept. 26, 2018)........8

*Doe v. N.Y.C. Dep't. of Social Servs.*,
709 F.2d 782 (2d Cir. 1983)........11

*Drapkin v. Mafco Consol. Grp., Inc.*,
818 F. Supp. 2d 678 (S.D.N.Y. 2011)........3-5

*Espindola v. U.S. Dep't of Homeland Sec.*,
No. 1:20-CV-1596, 2021 WL 3569840 (N.D.N.Y. Aug. 12, 2021)........6

*Geismann v. ZocDoc, Inc.*,
909 F.3d 534 (2d Cir. 2018)........10

*Grabin v. Marymount Manhattan Coll.*,
No. 12-cv-3591, 2014 WL 3639136 (S.D.N.Y. July 22, 2014)........8

*Hall v. Mountain Valley Indem. Co.*,
No. 23-CV-2496, 2024 WL 4635329 (S.D.N.Y. Oct. 30, 2024)........4

*Icon Int'l, Inc. v. Elevation Health LLC*,
812 F. Supp. 3d 288 (S.D.N.Y. 2025)........4

*Illinois v. Vought*,
825 F. Supp. 3d 721 (N.D. Ill. 2026) ....................................................7

*In re U.S. Dep't of Com.*,
No. 18-2652, 2018 WL 6006904 (2d Cir. Sept. 25, 2018) ....................................................9

*In re U.S. Dep't of Com.*,
No. 18-2856, 2018 WL 6006885 (2d Cir. Oct. 9, 2018)....................................................9

*In re United States*,
583 U.S. 29 (2017)....................................................6

*Iowa Pub. Employees' Ret. Sys. v. Deloitte & Touche LLP*,
973 F. Supp. 2d 459 (S.D.N.Y. 2013)....................................................4, 6

*Lederman v. N.Y.C. Dep't of Parks & Recreation*,
731 F.3d 199 (2d Cir. 2013)....................................................9

*New Mexico v. Musk*,
770 F. Supp. 3d 192 (D.D.C. 2025) ....................................................10

*New York v. Trump*,
171 F.4th 1 (1st Cir. 2026)....................................................7

*New York v. U.S. Dep't of Com.*,
339 F. Supp. 3d 144 (S.D.N.Y. 2018)....................................................9

*Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*,
No. 14-CV-04394, 2017 WL 9802844 (S.D.N.Y. Sept. 15, 2017)....................................................11

*Sanders v. SUNY Downstate Med. Ctr.*,
No. 22-cv-4139, 2024 WL 4198355 (E.D.N.Y. Sept. 16, 2024) ....................................................8

*Thakur v. Trump*,
No. 3:25-cv-04737 (N.D. Cal. 2025) ....................................................7

*United States v. Elk Assocs. Funding Corp*,
No. 13-CV-1326, 2026 WL 1733543 (E.D.N.Y. June 15, 2026) ....................................................8

**Rules**

Civ. R. 7(n)(1)....................................................6

Local Rule 6.3 ....................................................3

## INTRODUCTION

Reconsideration of a court order is an extraordinary remedy, appropriate only where the controlling law has changed, new evidence has emerged, or the initial order resulted from clear error or created manifest injustice. Defendants do not even attempt to satisfy any of these requirements. Instead, they seek reconsideration of two aspects of the Court's recent order, ECF 163 ("the Scope Order"), because they believe the order was wrong. But reconsideration based on disagreement is not permitted.

First, Defendants ask this Court to reconsider its order that Defendant OMB must produce an administrative record, arguing that their pending motion to dismiss should excuse their obligation to produce the administrative record and that HHS is the only relevant agency. But these are arguments Defendants have already made. A reconsideration motion does not provide a disappointed litigant a second bite at the apple. In any case, Defendants' arguments are meritless. Defendants provide no basis for why OMB's discovery obligations should be delayed further, especially given that this Court already rejected Defendants' motion to stay discovery. And, as the Court is well aware, Defendants' own evidence shows OMB's central involvement in the decision-making at issue in this case.

Second, Defendants ask this Court to reconsider its order that Defendants search OMB Director Russell Vought's records for responsive documents, arguing that Plaintiffs must first seek records from lower-level OMB employees. Again, this argument already was considered and rejected by the Court. Defendants point to no new law or evidence that demands a different result, and their effort to rely on case law they could have cited the first time is waived.

Defendants' motion falls well short of the extraordinary standard required for reconsideration, and it should be denied.

## BACKGROUND

Defendants' refusal to produce documents, despite their earlier agreement to do so, has been a matter of dispute for nearly six months, resulting in a string of conferrals, correspondence filings, and conferences. After an initial dispute over the sufficiency of the HHS administrative record, Defendants consented to some discovery in this matter beyond their initial administrative record. ECF 89. Defendants added to the record an Email Chain showing OMB's direct involvement in the agency action Plaintiffs challenge, ECF 159-1, and Defendants expressly identified Russell Vought and another high-ranking OMB official as "individuals who held a decision-making role and /or directly participated" in "HHS' deliberations with respect to HHS' decision to implement pre-payment documentation requirements." ECF 125-4 at 5–6.

Plaintiffs have since raised the need for OMB records numerous times. The necessity and scope of documents from OMB was raised in conferrals on May 26, June 17 and July 1, and the subject of correspondence exchanged on June 22, June 29, and July 1. Plaintiffs ultimately raised the dispute regarding Director Vought as a custodian in a motion before Magistrate Judge Tarnofsky, ECF 125. Defendants did not directly contest Plaintiffs' argument, instead seeking a discovery stay by letter on July 22, ECF 127, and by motion on July 27, ECF 130. In seeking a stay, Defendants raised several arguments they raise here, including the argument that OMB and Director Vought did not undertake any agency action and that "the only agency that could have implemented the ACF Funding Freeze is HHS." ECF 130 at 2.

The Parties also litigated the OMB and Director Vought records issues in Plaintiffs' motion to compel, ECF 143 at n.2, 6–8, but Defendants did not directly address them, instead raising broader arguments regarding the propriety of any discovery. ECF 150. The Court granted Plaintiffs' motion to compel in part on September 16, 2026, finding that "Plaintiffs have made a

non-speculative argument based on the chronology of the agency decision that the record does not include all documents that agency decision-makers considered in making their decision." ECF 155 at 6. The Court ordered the Parties to submit a joint proposed order specifying the scope of discovery, as well as separate proposed orders addressing areas of disagreement. *Id*. at 7.

The Parties submitted a joint proposed order, ECF 160-1, and also identified four areas of disagreement, two of which Defendants now raise in their reconsideration motion: (1) whether Defendant OMB is required to produce an administrative record, and (2) whether Defendant Russell Vought's records must be searched. The Parties each filed letters on September 22, 2026, providing the Court with their separate proposed orders and arguments regarding their positions on those disputed issues. ECF 160, 161 (the "Scope Letters"). The next day, the Court issued the Scope Order, ordering Defendants to produce an administrative record for OMB and search Defendant Vought's records. ECF 163.

Defendants have not asked this Court to reconsider its order granting the motion to compel. Instead, Defendants have filed an objection with Judge Broderick regarding that order. ECF 165, 166. In the reconsideration motion now before this Court, they ask this Court to reconsider the extent of the Scope Order only as to the two discrete issues noted above. ECF 170, 171.

**LEGAL STANDARD**

A motion for reconsideration is "not a vehicle for . . . presenting the case under new theories. . . or otherwise taking a 'second bite at the apple.'" *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012) (citation omitted). Instead, reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (cleaned up). Local Rule 6.3 regarding reconsideration must

"be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Iowa Pub. Employees' Ret. Sys. v. Deloitte & Touche LLP*, 973 F. Supp. 2d 459, 463 (S.D.N.Y. 2013).

Courts may grant reconsideration only in the following circumstances: "(1) an intervening change in controlling law; (2) the availability of new evidence or (3) a need to correct a clear error or prevent manifest injustice." *Drapkin*, 818 F. Supp. 2d. at 696 (citations omitted). A motion asserting clear error or manifest injustice "'will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'" *Icon Int'l, Inc. v. Elevation Health LLC*, 812 F. Supp. 3d 288, 298 (S.D.N.Y. 2025) (citations omitted).

**ARGUMENT**

Defendants do not identify any of the required circumstances for reconsideration—no change in law, no new evidence, nor any "clear error" or "manifest injustice." Instead, Defendants seek reconsideration on different grounds, neither of which has merit. First, Defendants argue the Scope Order was issued "without the benefit of full briefing." ECF 171 at 1. But the *quantity* of briefing is not a ground for reconsideration, and in any event, the Court afforded the parties ample opportunity to provide their positions on the disputed issues. Second, Defendants claim the Scope Order is "contrary to law." *Id*. But "mere disagreement with the Court's legal determination is not a valid basis for reconsideration." *Hall v. Mountain Valley Indem. Co*., No. 23-CV-2496, 2024 WL 4635329, at *3 (S.D.N.Y. Oct. 30, 2024). Further, the Court properly applied the law here.

**I. Defendants had ample opportunity to brief the issues they ask the Court to reconsider.**

Defendants initially argue that reconsideration is required because the Court's order was issued "without the benefit of full briefing." ECF 171 at 1, 3. This is not one of the three permissible bases for reconsideration. *Supra* at 4. Defendants cite no case in which the Parties

briefed an issue, the Court ruled, and the Court could then reconsider that ruling based on the size of the Parties' briefs. But in any case, the Parties had ample opportunity to argue the two issues Defendants raise here. The Court specifically allowed Defendants to file a separate proposed order, which Defendants did along with their Scope Letter. ECF 155 at 7; ECF 161. Defendants' Scope Letter included the same arguments they are making now. *Id*. at 2. Defendants also could have raised arguments regarding whether Director Vought was an appropriate custodian in opposition to Plaintiffs' discovery motions, but they chose not to. ECF 127, 150. To the extent Defendants wish they had written more in their earlier filings, that was their strategic decision, not an error by this Court. Regardless, as discussed below, writing more does not help Defendants. They are still wrong.

**II. The Court made no clear error.**

**A. The Court's order that OMB produce an administrative record was not a clear error.**

Defendants argue that the Court's order for OMB to produce an administrative record was wrong because (1) they have moved to dismiss OMB, ECF 171 at 6, and (2) they view HHS as the only relevant agency in this dispute, because "the agency action at issue in this litigation is an action that only HHS, by statute, could take." ECF 171 at 4. But the Court's decision was correct—and certainly not the clear error required for the "extraordinary remedy" of reconsideration. *Drapkin*, 818 F. Supp. 2d at 695.

As an initial matter, Defendants raised the *exact same arguments* in their Scope Letter: "First . . . Defendants have moved to dismiss both OMB and Director Vought from this case for failure to state a claim. Second . . . the agency action at issue in this litigation is an action that only

HHS, by statute, could take." ECF 161 at 2.[1] A reconsideration motion is not an appropriate vehicle for Defendants to repeat arguments and ask the Court to try again. *Iowa Pub. Employees' Ret. Sys.*, 973 F. Supp. 2d at 463.

But even if the Court takes up these arguments again, they still fail. *First*, a pending dispositive motion does not automatically stay an agency's obligation under the APA to produce an administrative record, and the Court already denied Defendants' motion to stay discovery pending resolution of the motion to dismiss. ECF 135. District courts routinely consider the administrative record at the motion to dismiss stage. *Espindola v. U.S. Dep't of Homeland Sec.*, No. 1:20-CV-1596, 2021 WL 3569840, at *5 (N.D.N.Y. Aug. 12, 2021); *Bates v. Donley*, 935 F. Supp. 2d 14, 17 (D.D.C. 2013). Indeed, the District of Columbia District Court, where many APA cases are filed, *requires* an agency to file the administrative record "within 30 days following service of the answer to the complaint *or simultaneously with the filing of a dispositive motion*, whichever occurs first." D.D.C. Loc. Civ. R. 7(n)(1) (emphasis added). Neither *In re United States*, 583 U.S. 29, 32 (2017) nor *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367 (2004)—on which Defendants now rely, but did not cite in their Scope Letter, *compare* ECF 171 *with* ECF 161—set out any general rule regarding the resolution of a motion to dismiss before administrative record production.

*Second*, Defendants are incorrect that the only agencies that took action with "direct consequences" in this case were HHS and ACF. ECF 171 at 9. As the Plaintiffs explained when opposing Defendants' stay request, ECF 132 at 6, and in their Scope Letter, ECF 160 at 2, Defendants' own evidence shows OMB directing the freeze against states and offering post-hoc

---

[1] Defendants also made these arguments in seeking to stay and opposing Plaintiffs' motion to compel, ECF 130, 150.

justifications. ECF 159-1. Defendants' Email Chain shows it was OMB—not HHS and ACF—that made the decision that "We will be including Colorado for child care." *Id*. at 2. Furthermore, Plaintiffs' Amended Complaint specifically alleges that ACF acted pursuant to an OMB directive. ECF 121, ¶ 137. Defendants' laser focus on the fact that *only* ACF issued letters to the Plaintiff States on January 5 and 6 ignores the principle that "nothing prevents a plaintiff from challenging more than a single discrete final agency action in a single suit." *New York v. Trump*, 171 F.4th 1, 18 (1st Cir. 2026). Courts have consistently rejected efforts to limit APA review to only implementing agencies. *Authors Guild v. NEH*, No. 25-cv-3657, 2025 WL 3678097, at *8 (S.D.N.Y. Dec. 18, 2025) (administrative record should contain all documents "considered by, or relied upon by the officials and personnel – whether within [the primary agency] or other Executive Branch agencies . . . – who participated in or influenced the decision-making"); *Illinois v. Vought*, 825 F. Supp. 3d 721, 728–29 (N.D. Ill. 2026) (finding OMB agency action where OMB directed funding cuts and "the government has not explained why or how plaintiffs were selected" for cuts); *Thakur v. Trump*, No. 3:25-cv-04737 (N.D. Cal. 2025), ECF 211-6.

### B. The Court's order that Defendants search Russell Vought's records was not a clear error.

Defendants make two arguments in support of their effort to have the Court reconsider its order designating Russell Vought as a custodian as to Plaintiffs' limited discovery requests. Each lacks merit—much less enough merit to demonstrate the requisite clear error—and neither is properly preserved.

*First*, Defendants argue that Plaintiffs "should be required to review materials produced by Defendants from lower-level agency officials" before obtaining records from Director Vought. Defendants made a nearly identical argument in their Scope Letter. *Compare* ECF 161 at 2 *with* ECF 171 at 7. The primary difference is that Defendants now cite for the first time to *Cheney v.*

*U.S. Dist. Ct. for D.C.*, 542 U.S. 367 (2004). ECF 171 at 6. But a reconsideration motion cannot "advance new facts, issues or arguments not previously presented to the Court." *United States v. Elk Assocs. Funding Corp*, No. 13-CV-1326, 2026 WL 1733543, at *2 (E.D.N.Y. June 15, 2026); *see also* ECF 171 at 4 (Defendants' acknowledgment). Plaintiffs brought the dispute regarding Director Vought as a custodian to the Court three times: in their July discovery motion, ECF 125 at 7; in their September discovery motion, ECF 143 at n.2; and in their Scope Letter, ECF 160-2 at 3. Defendants responded to all three motions *without* raising *Cheney. See* ECF 127, 150 (general arguments against discovery); ECF 161 at 2 (arguing, without explanation, that "Plaintiffs should be required to review materials produced by lower-level agency officials"). A reconsideration motion is "is not a vehicle for . . . presenting the case under new theories . . . or otherwise taking a 'second bite at the apple'"—or, here, fourth bite at the apple. *Analytical Survs., Inc.*, 684 F.3d at 52 (citation omitted). Where, as here, a party's reconsideration motion "merely cites new case law . . . that it failed to cite or advance" originally, the motion should be denied. *Grabin v. Marymount Manhattan Coll.*, No. 12-cv-3591, 2014 WL 3639136, at *2 (S.D.N.Y. July 22, 2014); *Disney Enters., Inc. v. Sarelli*, No. 16-cv-2340, 2018 WL 5019745, at *3 (S.D.N.Y. Sept. 26, 2018).

In any event, Defendants' argument that review of materials from lower-level agency officials must precede production of Director Vought's records is wrong. *See* ECF 171 at 7. Defendants designated Director Vought as someone who "held a decision-making role and/or directly participated" in the agency action challenged in this case in their own interrogatory responses. ECF 125-4 at 5–6. The Court reasonably concluded that, as one of only a handful of individuals so identified, *see id.*, Director Vought is an appropriate custodian. And Defendants have pointed to no law—let alone, binding law—saying otherwise. Most fundamentally, Defendants have failed to cite any law at all relating to document custodians, where courts focus

on individuals' personal involvement in the challenged conduct. *See, e.g.*, *Sanders v. SUNY Downstate Med. Ctr.*, No. 22-cv-4139, 2024 WL 4198355, at *4 (E.D.N.Y. Sept. 16, 2024) (finding hospital CEO appropriate custodian when personally involved in relevant conduct). In fact, binding precedent permits *even depositions* of a "high-ranking government official" when "the official has unique first-hand knowledge related to the litigated claims." *Lederman v. N.Y.C. Dep't of Parks & Recreation*, 731 F.3d 199, 203 (2d Cir. 2013). For instance, the Second Circuit has affirmed orders requiring depositions of the Acting Assistant Attorney General and the U.S. Secretary of Commerce based on their relevant knowledge—even when the federal government had consistently contested their relevant knowledge, unlike in this case. *In re U.S. Dep't of Com.*, No. 18-2856, 2018 WL 6006885, at *1 (2d Cir. Oct. 9, 2018); *In re U.S. Dep't of Com.*, No. 18-2652, 2018 WL 6006904, at *1 (2d Cir. Sept. 25, 2018).[2]

Nothing about *Cheney* affects the Court's conclusion. In *Cheney*, the Supreme Court held that the lower courts erred in refusing to narrow overbroad discovery requests seeking "everything under the sky" from the Vice President and his advisors, based on the mistaken belief that the only basis to narrow the requests was for the defendants to assert executive privilege as to each response. 542 U.S. at 387. No such circumstances exist here, where the discovery requests have already been narrowly tailored—indeed, the Court already rejected Plaintiffs' prior discovery requests as too broad and entered an order limiting discovery to a limited time period further narrowed by specific search terms that are further narrowed by precise document categories. *See* ECF 155, 160-1, 163. Further, unlike *Cheney*, the limited discovery here is not directed at "process

[2] Consistent with this precedent, "where a court finds that the relevant government official 'has unique first-hand knowledge related to the litigated claims,' it need not make a separate finding 'that the necessary information cannot be obtained through other, less burdensome or intrusive means.'" *New York v. U.S. Dep't of Com.*, 339 F. Supp. 3d 144, 152 (S.D.N.Y. 2018).

by which those in closest operational proximity to the President advise" him, and so would not be subject to executive privilege. 542 U.S. at 381. Indeed, Defendants' arguments do not even raise the question of executive privilege in opposing production of Director Vought's documents. Courts have routinely rejected federal agencies' efforts to invoke *Cheney* to block discovery in similar circumstances. *See, e.g.*, *Authors Guild*, 2025 WL 3678097, at *8.; *New Mexico v. Musk*, 770 F. Supp. 3d 192, 202 (D.D.C. 2025).

*Second*, Defendants err in arguing that "any decisions regarding Director Vought as a custodian should be deferred pending the adjudication of Defendants' motion to dismiss." ECF 171 at 7. Defendants' pending motion does not warrant a stay of discovery, as this Court already held. *See* ECF 132, 135. Indeed, the Court already found "that there would be prejudice to Plaintiffs in delaying discovery." ECF 135 at 3. And, as explained above, the Court has taken steps to ensure the discovery going forward is not "broad and burdensome." *Id.* at 3-4. The motion to dismiss also provides no basis for deferring discovery because the motion is unlikely to succeed. Although Court stated that Defendants "provide[d] colorable arguments for dismissal of all claims," it emphasized that it did "not, by this observation, predict the outcome of the motion." *Id.* at 2-3. And Defendants' position is now weaker. Their lead argument for dismissal was that their proposed permanent injunction renders this case moot. *See* ECF 129 at 7-18. The Court has since denied that proposal, finding "that an entry of a permanent injunction at this stage, *without further discovery* or adjudication of the merits in the case, would be premature." ECF 164 (emphasis added). Now, all Defendants have is an unaccepted settlement offer, which "'like any unaccepted contract offer—is a legal nullity'" that cannot moot the case. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 162 (2016), *as amended* (Feb. 9, 2016) (citation omitted); *accord Geismann v. ZocDoc, Inc.*, 909

F.3d 534, 541 (2d Cir. 2018). For reasons similar to those detailed above, Defendants' remaining motion-to-dismiss arguments as to OMB and Director Vought also lack merit.

Independently, Defendants have failed to properly preserve this argument. The Court already denied Defendants' motion for a discovery stay. ECF 135. In that motion, Defendants made arguments nearly identical to the ones they make now. ECF 130 at 2-3. Defendants did not object to, seek reconsideration of, or seek to appeal that August 7 ruling, and the time to do so has now expired. Defendants cannot collaterally attack that ruling here. *See Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, No. 14-CV-04394, 2017 WL 9802844, at *5 (S.D.N.Y. Sept. 15, 2017) ("[B]ecause no party objected or sought reconsideration, [the Magistrate Judge's] ruling is now the law of the case.") (collecting cases). And even if they could attack that ruling now, they have pointed to no "'intervening change of controlling law [or] the availability of new evidence'" that would render reconsideration appropriate. *See Doe v. N.Y.C. Dep't. of Social Servs.*, 709 F.2d 782, 789 (2d Cir. 1983).

Dated: October 16, 2026

Respectfully submitted,

**LETITIA JAMES**
Attorney General for the State of New York

By: /s/ Jessica Ranucci
Jessica Ranucci
Molly Thomas-Jensen
*Special Counsel*
Rabia Muqaddam
*Chief Counsel for Federal Initiatives*
28 Liberty St.
New York, NY 10005
(212) 416-8333
rabia.muqaddam@ag.ny.gov
jessica.ranucci@ag.ny.gov
molly.thomas-jensen@ag.ny.gov

*Attorneys for the State of New York*

**ROB BONTA**
Attorney General for the State of California

By: <u>*/s/ Daniel C. Sheehan*</u>
Daniel C. Sheehan*
*Deputy Attorney General*
Paul Stein*
Christine Chuang
*Supervising Deputy Attorneys General*
Jesse Basbaum
Alexis Piazza
Harald Kirn
James Bowen
*Deputy Attorneys General*
California Department of Justice
300 South Spring Street, Los Angeles, CA 90013
(213) 269-6078
Daniel.Sheehan@doj.ca.gov

*Attorneys for the State of California*

**PHILIP J. WEISER**
Attorney General for the State of Colorado

By: <u>*/s/ David Moskowitz*</u>
David Moskowitz
*Deputy Solicitor General*
Nora Passamaneck
*Senior Assistant Attorney General*
Colorado Department of Law
1300 Broadway, #10
Denver, CO 80203
(720) 508-6000
david.moskowitz@coag.gov

*Attorneys for the State of Colorado*

**KWAME RAOUL**
Attorney General of Illinois

By: <u>*/s/ Vikas Didwania*</u>
Vikas Didwania
*Complex Litigation Counsel*
Sherief Gaber
Michael Tresnowski
*Assistant Attorneys General*
Office of the Illinois Attorney General
115 South LaSalle Street
31st Floor
Chicago, Illinois 60603
(312) 814-3000
Vikas.Didwania@ilag.gov
Sherief.Gaber@ilag.gov
Michael.Tresnowski@ilag.gov

*Attorneys for the State of Illinois*

**KEITH ELLISON**
Attorney General of the State of Minnesota

By: <u>*/s/ Lindsey E. Middlecamp*</u>
Lindsey E. Middlecamp
Special Counsel, Rule of Law
445 Minnesota Street, Suite 600
St. Paul, Minnesota, 55101
(651) 300-0711
Lindsey.middlecamp@ag.state.mn.us

*Attorneys for the State of Minnesota*

*Pro hac vice application forthcoming

**CERTIFICATION**

I certify that, excluding the caption, table of contents, table of authorities, signature block, and this certification, the foregoing Memorandum of Law contains 3,420 words, calculated using Microsoft Word, which complied with Rule 6.3 of the Local Rules of the United States District Court for the Southern District of New York.

Dated: New York, New York
October 16, 2026

LETITIA JAMES
Attorney General of the State of New York
By: /s/ Jessica Ranucci
Jessica Ranucci
Special Counsel
28 Liberty Street
New York, NY 10005