**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

STATE OF NEW YORK, *et al.*,

Plaintiffs,

v.

ADMINISTRATION FOR CHILDREN AND FAMILIES, *et al.*,

Defendants.

Case No. 26 Civ. 172 (VSB)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE ORDER**

JAMES M. MCDONALD
United States Attorney
Southern District of New York
86 Chambers St., 3rd Floor
New York, New York 10007

*Attorney for Defendants*

KAMIKA S. SHAW
MALLIKA BALACHANDRAN
Assistant United States Attorneys

Pursuant to Federal Rule of Civil Procedure 72 and the Local Rules of the Southern District of New York, Defendants the Administration for Children and Families ("ACF"), Alex J. Adams, in his official capacity as Assistant Secretary of ACF, the U.S. Department of Health and Human Services ("HHS"), Robert F. Kennedy Jr., in his official capacity as Secretary of HHS (together with ACF, Assistant Secretary Adams, and HHS, "HHS Defendants") the Office of Management and Budget ("OMB") and Russell Vought, in his official capacity as Director of OMB (together with OMB, "OMB Defendants") (collectively, "Defendants" or the "Government") by their attorney James M. McDonald, United States Attorney for the Southern District of New York, respectfully object to Magistrate Judge Robyn F. Tarnofsky's October 28, 2026 Opinion and Order (ECF No. 179) (the "Order") denying Defendants' motion for reconsideration. Defendants respectfully request that the Court sustain Defendants' objection and grant Defendants' motion.

## INTRODUCTION

Defendants respectfully object to Magistrate Judge Tarnofsky's decision requiring OMB and Director Vought to (1) provide an administrative record in this action under the Administrative Procedure Act ("APA") in which OMB was not the decision-maker; and (2) search for and produce responsive non-privileged documents from OMB Director Russell Vought as part of the limited extra-record discovery the Court ordered Defendants to provide to Plaintiffs. As explained below, Defendants submit that both rulings are contrary to law.

HHS, not OMB, is the only proper agency to provide a certified administrative record in this case. It is undisputed that HHS is the sole agency authorized by statute to take the administrative actions Plaintiffs challenge: HHS' imposition of temporary restrictions on Plaintiffs' ability to draw down funds for certain programs that are regulated by HHS. Plaintiffs have articulated no legal or factual basis for requiring OMB to provide an administrative record in

this case, and it is not practicable for OMB to provide an administrative record for an agency decision or action it did not, and lacked the statutory authority to, make or take. Judge Tarnofsky did not find that OMB had the statutory authority to take the action, rather, she found that because Defendants conceded OMB's involvement in the action, OMB should be required to produce an administrative record. But at most, this would require OMB to supplement the existing HHS administrative record, not provide an entirely separate record. Further, Judge Tarnofsky found that Supreme Court precedent does not require waiting until Defendants' motion to dismiss OMB and Director Vought from the action is adjudicated because the scope of the request is narrow here. Defendants submit that regardless of the size of the administrative record, the Court should withhold decision on the production of any OMB administrative record until after Defendants' dispositive motion to dismiss OMB and Director Vought for failure to state a claim has been resolved.

In addition, as a top-level official of a federal agency, ordering that Director Vought to provide discovery is not appropriate at this time. Plaintiffs have not provided any basis to think that the other custodians who are providing responsive materials would not provide adequate discovery such that discovery from a cabinet member is warranted. Further, any decision regarding Director Vought's inclusion should be deferred until after the pending dispositive motion to dismiss has been resolved.

## BACKGROUND

Plaintiffs moved to compel discovery in this case on September 9, 2026. ECF No. 143. On September 16, 2026, the Court granted in part Plaintiffs' motion to compel and directed the parties to propose a discovery order detailing the scope of discovery. ECF No. 155. The parties proposed an order containing the provisions to which they agreed, subject to Defendants' reservation of

rights to file objections to the September 16 order, and each party proposed their own order, reflecting areas of disagreement. ECF Nos. 160, 161. Plaintiffs' proposed order directed Defendant OMB to produce an administrative record within the same time frame set for document discovery and included Director Vought as a custodian. ECF No. 160-2 at 3. Defendants' proposed order did not include those two provisions. ECF No. 161. On September 23, 2026, the Court entered a discovery order, which directed OMB to produce an administrative record within 60 days of the order and included Director Vought as a custodian. ECF No. 163, at 2, 3. Defendants moved for reconsideration of the discovery order on October 7, 2026, ECF No. 171 ("Mot."). Plaintiffs objected to Defendants' motion on October 16, 2026, ECF No. 177 ("Pl. Opp."), and on October 23, 2026, Defendants replied, ("Rep.") ECF No. 178.

On October 28, 2026, Judge Tarnofsky entered the Order denying Defendants' motion, finding that the parties had a sufficient opportunity to brief the issues, OMB defendants are required to produce an administrative record, and Director Vought is designated as a custodian, and in sum, Defendants had not met the high burden for a motion for reconsideration.

## STANDARD OF REVIEW

In reviewing a magistrate judge's order, a district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Mendez v. Katonah Station, Ltd. d/b/a Pizza Station & Tatjana Novakovic*, No. 25 Civ.10792 (NSR) (VR), 2026 WL 2859859, at *1 (S.D.N.Y. Sept. 23, 2026) (internal citation and quotations omitted). "It is well-settled that a magistrate judge's resolution of a nondispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion." *Jablonski v. Special Couns., Inc.*, No. 16 Civ. 5243 (ALC)(OTW) 2023 WL 2644212, at *1 (S.D.N.Y. Mar. 27, 2023) (internal quotations and citations omitted). A ruling is "contrary to law

if it fails to apply or misapplies relevant statutes, case law, or rules of procedure, and is clearly erroneous if the district court is left with the definite and firm conviction that a mistake has been committed." *Thai Lao Lignite (Thai.) Co. v. Gov't of Lao People's Dem. Rep.*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013) (citations and internal quotation marks omitted). "In reviewing the decision of a magistrate judge, a district judge should not consider factual evidence that was not presented to the magistrate judge." *Verint Sys. Inc. v. Red Box Recorders Ltd.*, 183 F. Supp. 3d 467, 470 (S.D.N.Y. 2016) (citations and internal quotation marks omitted).

## ARGUMENT

### I. The Order Directing OMB to Produce an Administrative Record Is Contrary to Law

The agency action at issue in this litigation is an action that only HHS, by statute, could and did take and so the appropriate administrative record is one produced by HHS with materials considered by the relevant decisionmakers, one produced by HHS with materials considered by the relevant decisionmakers, not an administrative record produced by OMB or Director Vought. Mot. at 4. While Defendants do not contest that OMB was involved in the decision, Plaintiffs have not alleged any final agency action taken by OMB or Director Vought. Rep. at 3.

Judge Tarnofsky did not address Plaintiffs' insufficient allegations; instead, she found that "even though the statutory authority to make the challenged final agency decision may technically rest with HHS," that "it is appropriate for OMB and Director Vought to provide the documents reflecting their contributions to the decision-making process." Order at 8. But if the statutory authority rests with HHS, the appropriate administrative record is one produced by HHS with materials considered by the relevant decisionmakers, not an administrative record produced by OMB or Director Vought, There is no basis to conclude that the authority to make the decision

rested with OMB. At most, Defendants should be directed to supplement the existing administrative record with any additional materials that are applicable from OMB.[1]

Furthermore, Supreme Court precedent instructs that any order directing OMB to provide an administrative record should come after the Court has decided the threshold issue of whether OMB and Director Vought are appropriate parties to this action. Mot. at 6 (citing to *In re United States*, 583 U.S. 29, 32 (2017), and *Cheney v. U.S. District Court for the District of Columbia*, 542 U.S. 367, 385 (2004)). Judge Tarnofsky found that neither *Cheney* nor *In re United States*, say anything about "resolving threshold questions . . . before requiring production of the record where, as here, the scope of the record sought is reasonable." Order at 9. While the scope of the administrative record between this case and those two cases might be different (because the actions in question were different), the principle still stands—if OMB and Director Vought are dismissed from the case, it "likely would eliminate the need for the District Court to examine a complete administrative record." *In re United States*, 583 at 32. That is particularly relevant here, where "special considerations control when the Executive Branch's interests in maintaining the autonomy of its office and safeguarding the confidentiality of its communications are implicated." *Cheney*, 542 U.S. at 385. Thus, following Supreme Court precedent, OMB and Director Vought should not be required to produce an administrative record at this time.

.

[1] In the Order, Judge Tarnofsky states that "supplementing the administrative record," is necessary, as she previously "concluded that the administrative record as produced did not reflect the entire record within the meaning of the APA." Order at 7–8. While Defendants maintain that discovery is inappropriate in this moot APA case, the sufficiency of the HHS administrative record is not what is at issue, here. Directing Defendants to supplement the existing HHS administrative record with any documents in OMB's possession is separate and distinct from ordering the OMB defendants to provide their own administrative record.

**II. Director Vought is Not An Appropriate Custodian At This Time**

A cabinet-level official like Director Vought should not be ordered to provide discovery at this stage of the litigation because Plaintiffs have not provided any basis to think that the multiple other lower-level agency officials who are producing responsive materials not be sufficient such that discovery from the apex of the agency would be warranted. Mot. at 7–8; Rep. at 4–6. In the alternative, any decision regarding discovery from Director Vought should be deferred until after the pending motion to dismiss as against Director Vought and OMB has been resolved. *Id.* Judge Tarnofsky, relying on *Authors Guild v. Nat'l Endowment for the Humans*., No. 25 Civ. 3657 (CM), 2025 WL 3678097, (S.D.N.Y. Dec. 18, 2025), concluded that *Cheney*, which Defendants cite in the Opposition/reply, does not preclude discovery here and that Director Vought's seniority does not support a finding that Director Vought is not an appropriate custodian. Order at 11–13.

The principle expressed in *Cheney*—that "special considerations control when the Executive Branch's interests in maintaining the autonomy of its office and safeguarding the confidentiality of its communications are implicated" counsel against the inclusion of Director Vought as a custodian. *Cheney.,* 542 U.S. at 385 (2004). As an initial matter, the inclusion of Director Vought, a cabinet member, as a custodian at this time should be analyzed in the context of the general prohibition on discovery in APA cases. See *Bellion Spirits, LLC v. United States*, 335 F. Supp. 3d 32, 37-38 (D.D.C. 2018) "(In reviewing agency action, it is black-letter administrative law that ... a reviewing court should have before it neither more nor less information than did the agency when it made its decision.") (internal quotation marks omitted). In instances where discovery does proceed in an APA case, it "should not transform the litigation into one involving all the liberal discovery available under the Federal Rules." *Ali v. Pompeo*, No. 16 Civ. 3691 (KAM) (SJB), 2018 WL 2058152, at *4 (E.D.N.Y. May 2, 2018). Instead, where deemed necessary, the Court "must permit only that discovery necessary to effectuate the Court's judicial

review." *Id.* *Authors Guild*, which the Court cites in its determination that Director Vought is an appropriate discovery custodian at this time, does not involve discovery requests directed to Cabinet-level government officials and as such, do not implicate the same weighty considerations articulated in *Cheney*.[2] Here, those considerations should bar the inclusion of Director Vought as a custodian in light of the discovery demands that provide document discovery from a number of other, non-cabinet-level HHS and OMB officials.

## CONCLUSION

For the foregoing reasons, the Court should sustain Defendant's objection to Magistrate Judge Tarnofsky's October 28, 2026 Order and grant Defendants' motion for reconsideration.

Dated: New York, New York
November 11, 2026

[2] Additionally, the other cases the Court relies on in support of its finding that "It [] was not unreasonably, let alone clear error, to conclude that Director Vought was an appropriate custodian[,]" Order at 13, are inapposite. *Ctr. for Biological Diversity v. U.S. Env't Prot. Agency,* 279 F. Supp. 3d 121 (D.D.C. 2017) and *Nat'l Day Laborer Org. Network v. U.S. Immigr. & Customs Enf't Agency*, 877 F. Supp. 2d 87, 98 (S.D.N.Y. 2012) both involve the adequacy of designated custodians in the FOIA context, not in the APA context. *Sanders v. SUNY Downstate Med. Ctr.*, No. 22 Civ. 4139 (KAM) (CLP), 2024 WL 4198355 (E.D.N.Y. Sept. 16, 2024) did not involve the designation of a federal official as a custodian and as such, does not implicate any of the interests discussed in *Cheney*.

Respectfully submitted,
JAMES M. MCDONALD
United States Attorney
Southern District of New York
*Attorney for Defendants*

By: /s/ *Kamika S. Shaw*
KAMIKA S. SHAW
MALLIKA BALACHANDRAN
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: 212-637-2768/2781
Email:Kamika.shaw@usdoj.gov
mallika.balachandran@usdoj.gov

**Certificate of Compliance**

Pursuant to Local Civil Rule 6.3, the above-named counsel hereby certifies that this memorandum complies with the word-count limitation of this Court's Local Civil Rules. As measured by the word processing system used to prepare it, this memorandum contains 2,186 words.