**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATE OF NEW YORK, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ADMINISTRATION FOR CHILDREN AND FAMILIES, *et al.*<br>Defendants. | Case No. 26-cv-00172-VSB-RFT |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO**
**DEFENDANTS' OBJECTION TO THE MAGISTRATE JUDGE'S DENIAL OF**
**MOTION FOR RECONSIDERATION**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .......... ii

INTRODUCTION .......... 1

BACKGROUND .......... 1

I. District Court Review of a Magistrate Judge's Decision to Deny Reconsideration Is Extremely Limited .......... 3

II. Judge Tarnofsky's Denial of Reconsideration Was Not Contrary to Law .......... 5

A. Judge Tarnofsky's denial of reconsideration of her order that OMB produce an administrative record was not contrary to law. .......... 5

B. Judge Tarnofsky's decision to deny reconsideration of her order that Defendants search Russell Vought's records was not contrary to law. .......... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Analytical Survs., Inc. v. Tonga Partners, L.P.*,
684 F.3d 36 (2d Cir. 2012), *as amended* (July 13, 2012) ....................4

*Authors Guild v. Nat'l Endowment for the Humanities*,
No. 25-CV-3657, 2025 WL 3678097 (S.D.N.Y. Dec. 18, 2025) .................... 6-7, 10

*Campbell-Ewald Co. v. Gomez*,
577 U.S. 153 (2016)....................11

*Cheney v. U.S. District Court for the District of Columbia*,
542 U.S. 367 (2004).................... 7-9

*Ctr. for Biological Diversity v. U.S. Env't Prot. Agency*,
279 F. Supp. 3d 121 (D.D.C. 2017)....................10

*Geismann v. ZocDoc, Inc.*,
909 F.3d 534 (2d Cir. 2018)....................11

*Gualandi v. Adams*,
385 F.3d 236 (2d Cir. 2004)....................4

*Hall v. Mountain Valley Indem. Co.*,
No. 23-CV-2496, 2024 WL 4635329 (S.D.N.Y. Oct. 30, 2024)....................8

*In re Initial Pub. Offering Sec. Litig.*,
399 F. Supp. 2d 298 (S.D.N.Y. 2005)....................4

*MASTR Adjustable Rate Mortgs. Tr. 2006-OA2 v. UBS Real Estate Secs. Inc.*,
No. 12-CV-7322, 2013 WL 6840282 (S.D.N.Y. Dec. 27, 2013) ....................4

*Mestecky v. New York City Dep't of Educ.*,
No. 13 Civ. 4302, 2016 WL 7217637 (E.D.N.Y. Dec. 12, 2016) ....................5

*Nat'l Day Laborer Org. Network v. U.S. Immigr. & Customs Enf't Agency*,
877 F. Supp. 2d 87 (S.D.N.Y. 2012)....................10

*Rouviere v. DePuy Orthopaedics, Inc.*,
560 F. Supp. 3d 774 (S.D.N.Y. 2021)....................1, 3, 11

*Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*,
No. 14-CV-04394, 2017 WL 9802844 (S.D.N.Y. Sept. 15, 2017)..........10

*Sanders v. SUNY Downstate Med. Ctr.*,
No. 22 CV 4139, 2024 WL 4198355 (E.D.N.Y. Sept. 16, 2024)..........10

*Thai Lao Lignite (Thai.) Co. v. Gov't of Lao People's Dem. Rep.*,
924 F. Supp. 2d 508 (S.D.N.Y. 2013).......... 4-5, 8

*United States v. Williams*,
102 F.4th 618 (2d Cir. 2024) ..........8

*Weiss v. La Suisse*,
161 F. Supp. 2d 305 (S.D.N.Y. 2001)..........4, 8

*Williams v. Rosenblatt Sec., Inc.*,
236 F. Supp. 3d 802 (S.D.N.Y. 2017)..........5

**Rules**

Fed. R. Civ. P. 72(a) ..........4

## INTRODUCTION

Judge Tarnofsky is afforded broad discretion to resolve discovery disputes in this action. She has appropriately exercised that discretion by denying Defendants' request to stay discovery; granting in part Plaintiffs' motion for limited discovery beyond the deficient administrative record; and issuing an order for limited discovery (the "Scope Order"). Most recently, in a carefully reasoned, fifteen-page opinion, Judge Tarnofsky also denied Defendants' motion for reconsideration of two elements of the Scope Order: its direction that the Office of Management and Budget (OMB) produce an administrative record and its inclusion of the OMB Director, Russell Vought, as a document custodian. ECF 179.

Defendants now object to the denial of reconsideration. Because Defendants initially elected only to seek reconsideration of the Scope Order and did not file a timely objection to that Order, they cannot challenge the Scope Order here and may object only to the reconsideration decision, providing two layers of deference. *Rouviere v. DePuy Orthopaedics, Inc.*, 560 F. Supp. 3d 774, 788 (S.D.N.Y. 2021). Defendants come nowhere close to satisfying the clear-error standard for reconsideration, under which Defendants must show that the magistrate judge overlooked controlling precedent that requires reversal. Defendants should not be granted a third bite at the apple. Their objection should be denied.

## BACKGROUND

On April 1, the HHS Defendants[1] produced an administrative record composed of the letters to the States announcing the funding freezes at issue, two decision memos dated after the letters were sent (with attachments), and a single YouTube video. ECF 85. After Plaintiffs notified

---

[1] Defendants U.S. Department of Health and Human Services, Secretary Kennedy, Administration for Children and Families, and Alex. J. Adams

Defendants that the Administrative Record was deficient and sent Defendants their portion of a motion to compel discovery, Defendants "agree[d] that Plaintiffs may conduct some discovery in this matter." ECF 90 at 2. In May and June, Defendants responded to Plaintiffs' Requests for Production and Interrogatories. *See* ECF 125-1 to 125-4. In their Interrogatory Responses, Defendants averred that Director Vought "held a decision-making role and /or directly participated" in the deliberations regarding the funding freeze. ECF 125-4 at 5.

Shortly thereafter, on July 8, Defendants suddenly purported to "rescind[]" the January 5 and 6 letters, *see* ECF 114; Plaintiffs amended their complaint to add OMB and Vought as Defendants, ECF 121; and the Court denied Defendants' motion to enter a permanent injunction against themselves, ECF 164. Judge Tarnofsky denied Defendants' motion to stay discovery during the pendency of Defendants' Motion to Dismiss. ECF 135.

When Defendants still refused to produce discovery, Plaintiffs filed a motion to compel. ECF 143. On September 16, Judge Tarnofsky granted Plaintiffs' motion in part. She "conclude[d] Plaintiffs have demonstrated that discovery is warranted in this case brought under the APA," highlighting the record "does not include the materials on which the decision-makers actually relied," "does not clearly identify all decision-makers," and does not explain why "certain states" were targeted. ECF 155 at 6.

Rather than directing Defendant to respond to the Requests for Production Plaintiffs served earlier in the case, Judge Tarnofsky directed the Parties to confer and agree to a narrowly-tailored scope of discovery. *Id.*[2] The Parties submitted an agreed-on discovery proposal and proposals showing a handful of areas of disagreement. *See* ECF 160, 161. As relevant here, Plaintiffs

[2] Defendants' separate objection to Judge Tarnofsky's September 16 Order remains pending. ECF 166, 175.

proposed that OMB should be required to produce an administrative record and that Director Vought be a custodian for Defendants' document search, which Defendants opposed. *Id.*

On September 23, Judge Tarnofsky entered the Scope Order, which in relevant part ordered OMB to produce an administrative record and Director Vought to be a custodian. ECF 163.[3] On October 7, Defendants moved Judge Tarnofsky for reconsideration of these two elements of the Scope Order. ECF 171. Plaintiffs opposed and Defendants replied. ECF 177, 178. On October 28, Judge Tarnofsky issued a fifteen-page opinion denying Defendants' motion for reconsideration. ECF 179 ("Op."). Defendants now object to that Opinion. ECF 181 ("Obj.").

## I. District Court Review of a Magistrate Judge's Decision to Deny Reconsideration Is Extremely Limited.

Where, as here, "a party chooses to file a motion for reconsideration instead of a Rule 72 objection . . . and that party later files an objection to the reconsideration decision, that objection brings up only the reconsideration decision, not the underlying order." *Rouviere*, 560 F. Supp. 3d at 788. Accordingly, Defendants' objection is limited to challenging Judge Tarnofsky's October 28 decision denying reconsideration, ECF 179, rather than her original Scope Order, ECF 163. Although Defendants frame many arguments as though they could challenge the original Scope Order, Defendants acknowledge that the *only* issue for the Court's review is the propriety of the "October 28, 2026 Opinion and Order . . . denying Defendants' motion for reconsideration." Obj. 1; *see id.* 7 (similar).

[3] Defendants sought, and Judge Tarnofsky granted, 60 days from the order compelling discovery in order for them to "review for responsive documents, assess responsive documents for privileged materials, confer with both agencies regarding assertions of privilege, compile a privilege log, and prepare any declarations that might accompany certain privilege assertions." ECF 161 at 1. That deadline remains in place, and Plaintiffs expect Defendants to produce all discovery by then unless ordered otherwise.

Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Initial Pub. Offering Sec. Litig.*, 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005), *aff'd*, 2006 WL 1423785 (2d Cir. May 19, 2006). A motion for reconsideration is "not a vehicle for . . . presenting the case under new theories. . . or otherwise taking a 'second bite at the apple.'" *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012) (quotation omitted). A motion seeking reconsideration based on clear error or manifest injustice "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Id.*.

A district court's review of an objection to a magistrate judge's discovery order is "highly deferential," *Thai Lao Lignite (Thai.) Co. v. Gov't of Lao People's Dem. Rep.*, 924 F. Supp. 2d 508, 511 (S.D.N.Y. 2013), as "magistrates are afforded broad discretion in resolving discovery disputes," *MASTR Adjustable Rate Mortgs. Tr. 2006-OA2 v. UBS Real Estate Secs. Inc.*, No. 12-CV-7322, 2013 WL 6840282, at *1 (S.D.N.Y. Dec. 27, 2013) (cleaned up). The district court may "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). An order is "clearly erroneous" when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Gualandi v. Adams*, 385 F.3d 236, 240 (2d Cir. 2004) (quotation omitted), and a decision is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Weiss v. La Suisse*, 161 F. Supp. 2d 305, 321 (S.D.N.Y. 2001) (quotation omitted).

Where, as here, the "Objection is directed at the Magistrate Judge's denial of [a party's] request for reconsideration," the "burden is even higher," and the party "must show that the Magistrate Judge's decision—that the plaintiff failed to point to controlling decisions or data that the court overlooked which might reasonably be expected to alter the conclusion reached by the

court—was clearly erroneous or contrary to law." *Williams v. Rosenblatt Sec., Inc.*, 236 F. Supp. 3d 802, 803 (S.D.N.Y. 2017). Courts have characterized such a motion as a "third (and undue) bite of the apple." *Mestecky v. New York City Dep't of Educ.*, No. 13 Civ. 4302, 2016 WL 7217637, at *2 (E.D.N.Y. Dec. 12, 2016).

## II. Judge Tarnofsky's Denial of Reconsideration Was Not Contrary to Law.

### A. Judge Tarnofsky's denial of reconsideration of her order that OMB produce an administrative record was not contrary to law.

Defendants assert that Magistrate Judge Tarnofksy acted "contrary to law" when ordering OMB to produce an administrative record, arguing that (1) only HHS engaged in a final agency action thus only HHS must produce a record, and (2) OMB's production obligations must be stayed pending the resolution of Defendants' motion to dismiss. Obj. 4–5.

The only question before this Court is whether Judge Tarnofsky acted contrary to law in denying reconsideration—essentially that she misapplied the "case law [] or rules of procedure" governing reconsideration. *Thai Lao Lignite (Thai.) Co.*, 924 F. Supp. 2d at 512 (cleaned up). Because Defendants make no argument that Judge Tarnofsky did so, their objection fails. Instead, Defendants simply repeat the exact arguments they have made and lost twice before. Nor could Defendants show that Judge Tarnofsky acted contrary to law in denying reconsideration. Judge Tarnofsky correctly noted that reconsideration requires the movant to show a change in controlling law, new evidence, the need to correct a clear error, or manifest injustice. Op. 3. Defendants argued only clear error—a high standard that avoids giving the losing party simply another bite at the apple—and Judge Tarnofsky applied that standard. Defendants make no showing that Judge Tarnofsky misunderstood the standard or failed to apply it. Defendants point to no controlling law imposing their proposed limits on APA record production and thus fail to show Judge Tarnofsky committed "clear error." Disagreement with the decision to include OMB is not before this Court.

In any event, Judge Tarnofsky correctly rejected Defendants' argument that only HHS must produce an administrative record because only HHS had the statutory authority to implement the ACF funding freeze. Op. 7. Contrary to Defendants' assertion, the scope of a complete administrative record is not bound by one agency's statutory implementation authority. An administrative record must include all materials directly and indirectly relied upon for the agency action, regardless of where the records are kept. *Authors Guild v. Nat'l Endowment for the Humanities*, No. 25-CV-3657, 2025 WL 3678097, at *6 (S.D.N.Y. Dec. 18, 2025) ("The relevant inquiry is not custodial location, but whether the materials were considered – directly or indirectly – by agency decisionmakers").

Here, as Judge Tarnofsky correctly found—and Defendants do not contest—OMB participated in the decision-making about the challenged agency action. Op. 7. This uncontested finding means that OMB records *must* be provided insofar as they are part of the "entire record" of the decision-making. *Id.* at 8. As Judge Tarnofsky correctly recognized, because the agency action here involved OMB, in addition to HHS, "'the administrative record cannot lawfully be confined to documents maintained' within HHS alone." Op. 7 (quoting *Authors Guild,* 2025 WL 3678097). *Authors Guild*, which Judge Tarnofsky cited, involved grant terminations by the National Endowment for the Humanities (NEH). *Id.* at *6. NEH's statutory authority to administer the grants did not protect another defendant, the Department of Government Efficiency (DOGE) from its discovery obligations where it participated in the process—the "whole record" included DOGE records in addition to NEH records. *Id.* at *7. So too, here, as Judge Tarnofsky correctly concluded. Op. 8.

Defendants attempt to avoid an order requiring Defendant OMB to produce an administrative record by conceding that "[a]t most," Defendants (including OMB), should be

directed to "supplement" the existing administrative record with "any additional materials that are applicable from OMB." Obj. 5. But this semantic point concedes that Defendants must produce documents within OMB's possession that will make the administrative record whole. Judge Tarnofsky appropriately relied on *Author's Guild*, where there the court ordered DOGE, which held an "admitted, integral role," to produce documents DOGE "relied upon, directly or indirectly, in shaping or effectuating" the agency action. *Authors Guild*, 2025 WL 3678097, at *7.[4] Judge Tarnofsky correctly concluded a complete record includes OMB documents, Op. 8, and OMB must produce such documents.

Finally, Defendants' request to stay the OMB production given the pending motion to dismiss fails. Judge Tarnofsky's decision denying a stay was not clearly erroneous. Indeed, Defendants neither identify any clearly erroneous factual findings nor cite any controlling precedent that Judge Tarnofsky overlooked. Neither of Defendants' cases is controlling precedent requiring reconsideration, as they appear to acknowledge when they instead ask to extend the "principle" articulated in those cases. Obj. 5. *Cheney v. U.S. District Court for the District of Columbia*, 542 U.S. 367 (2004), said nothing about staying discovery pending a dismissal motion. And in *In re United States*, the Supreme Court stayed a discovery order "[u]nder the specific facts of this case" where the order was "overly broad," an argument Defendants have not pursued. 583 U.S. 29, 31 (2017). That case did not establish a broad rule prohibiting discovery pending a dismissal motion, and Defendants cannot challenge on reconsideration Judge Tarnofsky's discretionary decision allowing discovery after weighing relevant factors. "Mere disagreement"

---

[4] Even more, the Court ordered discovery from OMB "and any other non-NEH agency, office, or official within the Executive Branch if analyses, directives, recommendations, or communications from those offices were before, informed, or influenced the purported NEH decisionmakers involved." *Id.*

with the Court's application of the law is not a basis for reconsideration, nor grounds to object to its denial. *Hall v. Mountain Valley Indem. Co.*, No. 23-CV-2496, 2024 WL 4635329, at *3 (S.D.N.Y. Oct. 30, 2024). Further, Judge Tarnofsky correctly denied the renewed request for a stay, as discussed below.

**B. Judge Tarnofsky's decision to deny reconsideration of her order that Defendants search Russell Vought's records was not contrary to law.**

Judge Tarnofsky's well-reasoned denial of reconsideration of her decision to include Director Vought as a custodian was not contrary to law—let alone so erroneous as to meet the doubly "highly deferential" standard for this Court's review. *Thai Lao Lignite (Thai.) Co.*, 924 F. Supp. 2d at 511. Defendants have identified no instance where Judge Tarnofsky "fail[ed] to apply or misapplie[d] relevant statutes, case law or rules of procedure" governing reconsideration. *Weiss*, 161 F. Supp. 2d at 321. Indeed, Defendants do not argue that Judge Tarnofsky misapplied the reconsideration standard—nor could they—so their objection fails. As Defendants acknowledge in seeking to extend *Cheney*'s "principle" to this case, *Cheney* is not controlling authority that requires reversal. A mere disagreement with a court's application of non-controlling authority is not a valid basis for reconsideration.[5] *Icon Int'l*, 812 F. Supp. 3d at 298.

In any event, Judge Tarnofsky's ruling was correct by any standard. First, Judge Tarnofsky correctly concluded that the lone case upon which Defendants relied, *Cheney v. U.S. District Court for the District of Columbia*, 542 U.S. 367, 385 (2004), "does not preclude targeted discovery that is unlikely to interfere with the President's Article II prerogatives." Op. 12. Judge Tarnofsky noted that the discovery ordered by the Court is "reasonably circumscribed" and that Defendants *did not*

[5] As Judge Tarnofsky noted, Defendants raised *Cheney* for the first time on reconsideration, which provides an independent basis to deny this objection. *United States v. Williams*, 102 F.4th 618, 622 n.1 (2d Cir. 2024) ("[A] motion for reconsideration is not a vehicle for presenting new facts, issues, or arguments not previously before the court."); *Lopez Espiritu*, 2020 WL 93891, at *3.

*even argue* "that the discovery that has been ordered would interfere with the President's constitutional prerogatives." *Id.* This conclusion is well-supported by the applicable law, including *Cheney*. In *Cheney*, the Supreme Court held that the lower courts erred in refusing to narrow overbroad discovery requests seeking "everything under the sky" from the Vice President and his advisors, based on the mistaken belief that the only basis to narrow the requests was for the defendants to assert executive privilege as to each response. 542 U.S. at 387. Here, by contrast, Judge Tarnofsky already limited discovery to a brief time period further narrowed by specific search terms that are further narrowed by precise document categories. *See* ECF 155, 160-1, 163. Further, unlike *Cheney*, the limited discovery here is not directed at "process by which those in closest operational proximity to the President advise" him, and so would not be subject to executive privilege. 542 U.S. at 381. As Judge Tarnofsky demonstrated, courts have rejected federal agencies' efforts to invoke *Cheney* to block discovery in similar circumstances. Op. 12 (citing *Authors Guild*, 2025 WL 3678097, at *8; *New Mexico v. Musk*, 770 F. Supp. 3d 192, 202 (D.D.C. 2025)). Defendants now assert that "weighty considerations" counsel against including Director Vought, Obj. 7, but still fail to identify any actual concerns with specificity.

Second, Judge Tarnofsky rightly determined that Director Vought was an appropriate custodian" because "Defendants' own interrogatory responses identify Director Vought as one of two individuals, other than agency attorneys and Secretary Robert F. Kennedy, who 'held a decision-making role and/or directly participated' in the agency action challenged in this case." Op. 12-13 (quoting ECF 125-4). Citing nearly a full page of relevant case law, Judge Tarnofsky reached the commonsense conclusion that Director Vought is an appropriate custodian because by Defendants' own admission he was directly involved in the decision-making underlying the case. *Id.* 13. Judge Tarnofsky distinguished Vought's role as a document custodian from cases cited by

Defendants "aris[ing] in the context of depositions, which are fundamentally more intrusive [than] producing documents," and found that no caselaw supported Defendants' apparently novel position that document custodians must have unique knowledge. *Id.* 13-14. Defendants now complain that the cases cited by Judge Tarnofsky are "inapposite" and can be distinguished on their facts. Obj. 7 & n.2. This is not only wrong,[6] but also the precise sort of Monday morning quarterbacking inappropriate on an objection—much less an objection to a reconsideration denial.

Third, Judge Tarnofsky correctly rejected Defendants' argument that any decision regarding discovery from Director Vought should be deferred until after the pending motion to dismiss as against Director Vought and OMB has been resolved—an argument they make again here. Op. 14-15; Obj. 6. In her decision denying reconsideration, Judge Tarnofsky noted that she had previously "declined to grant" Defendants' "requested stay" of discovery. Op. 14 (citing ECF 135).[7] In the denial of reconsideration, Judge Tarnofsky "again explain[ed] the basis for [her] conclusion that Defendants have not shown the requisite good cause to warrant a stay of discovery, including as to Director Vought," including that—for a second time—she found that "the reasonable scope of the requested discovery" and potential prejudice to Plaintiffs both weigh

[6] As Judge Tarnofsky correctly found, each of these cases involves the same key issue as here: when an individual is an appropriate custodian based on their own personal involvement in or knowledge of the events giving rise to the lawsuit. *See generally* Op. 13; *see also Authors Guild*, 2025 WL 3678097, at *6 ("admitted involvement" of DOGE staff rendered them proper custodians); *Ctr. for Biological Diversity v. U.S. Env't Prot. Agency*, 279 F. Supp. 3d 121, 141-42 (D.D.C. 2017) (government officials copied on emails were appropriate custodians); *Nat'l Day Laborer Org. Network v. U.S. Immigr. & Customs Enf't Agency*, 877 F. Supp. 2d 87, 98 (S.D.N.Y. 2012); *Sanders v. SUNY Downstate Med. Ctr.*, No. 22 CV 4139, 2024 WL 4198355, at *4 (E.D.N.Y. Sept. 16, 2024) (hospital CEO appropriate custodian when he personally corresponded and met with the plaintiff regarding her complaints).

[7] Although Judge Tarnofsky did not rely upon it, Defendants' failure to object to, seek reconsideration of, or seek to appeal her original denial of the stay of discovery precluded them from collaterally attacking that ruling later, providing an independent basis for affirmance here. *See Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, No. 14-CV-04394, 2017 WL 9802844, at *5 (S.D.N.Y. Sept. 15, 2017).

against a stay. Op. 14-15; *see also* ECF 135 at 3-4. And Defendants' position is now substantially weaker than when Judge Tarnofsky originally denied the stay, since their lead argument for dismissal was that their proposed permanent injunction renders this case moot, but the Court has since denied that proposal. *See* ECF 129 at 7-18; ECF 164. Now, all Defendants have is an unaccepted settlement offer, which "'like any unaccepted contract offer—is a legal nullity'" that cannot moot the case. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 162 (2016), *as revised* (Feb. 9, 2016) (citation omitted); *accord Geismann v. ZocDoc, Inc.*, 909 F.3d 534, 541 (2d Cir. 2018). Defendants' objection addresses none of these issues and, indeed, makes no specific arguments on this point. *See* Obj. 6-7.

***

"[I]n the hands of a crafty litigant," filing an objection to a denial of reconsideration of an adverse discovery ruling can "be a tool to delay the inevitable, delaying discovery and delaying the final adjudication of the matter." *Rouviere*, 560 F. Supp. 3d at 790. As Plaintiffs have previously detailed, *see* ECF 175 at 15, Defendants are pursuing every possible avenue to avoid producing discovery that they agreed six months ago they would produce. Judge Tarnofsky's decision on reconsideration was correct under any standard, and easily clears the doubly-deferential standard applicable here. The Court should reject Defendants' gambit and deny their objection.

Dated: November 20, 2026

Respectfully submitted,

**LETITIA JAMES**
Attorney General for the State of New York

By: */s/ Jessica Ranucci*
Jessica Ranucci
Molly Thomas-Jensen
*Special Counsel*
Rabia Muqaddam
*Chief Counsel for Federal Initiatives*
28 Liberty St.
New York, NY 10005
(929) 736-3392
jessica.ranucci@ag.ny.gov
molly.thomas-jensen@ag.ny.gov
rabia.muqaddam@ag.ny.gov

*Attorneys for the State of New York*

**ROB BONTA**
Attorney General for the State of California

By: */s/ Daniel C. Sheehan*
Daniel C. Sheehan*
*Deputy Attorney General*
Paul Stein*
Christine Chuang
*Supervising Deputy Attorneys General*
Jesse Basbaum
Alexis Piazza
Harald Kirn
James Bowen
*Deputy Attorneys General*
California Department of Justice
300 South Spring Street, Los Angeles, CA 90013
(213) 269-6078
Daniel.Sheehan@doj.ca.gov

*Attorneys for the State of California*

**PHILIP J. WEISER**
Attorney General for the State of Colorado

By: */s/ David Moskowitz*
David Moskowitz
*Deputy Solicitor General*
Nora Passamaneck
*Senior Assistant Attorney General*
Colorado Department of Law
1300 Broadway, #10
Denver, CO 80203
(720) 508-6000
david.moskowitz@coag.gov

*Attorneys for the State of Colorado*

**KWAME RAOUL**
Attorney General of Illinois

**KEITH ELLISON**
Attorney General of the State of Minnesota

By: /s/ *Vikas Didwania*
Vikas Didwania
*Complex Litigation Counsel*
Sherief Gaber
Michael Tresnowski
*Assistant Attorneys General*
Office of the Illinois Attorney General
115 South LaSalle Street
31st Floor
Chicago, Illinois 60603
(312) 814-3000
Vikas.Didwania@ilag.gov
Sherief.Gaber@ilag.gov
Michael.Tresnowski@ilag.gov

*Attorneys for the State of Illinois*

By: /s/ *Lindsey E. Middlecamp*
Lindsey E. Middlecamp
Special Counsel, Rule of Law
445 Minnesota Street, Suite 600
St. Paul, Minnesota, 55101
(651) 300-0711
Lindsey.middlecamp@ag.state.mn.us

*Attorneys for the State of Minnesota*

*Pro hac vice application forthcoming

**CERTIFICATION**

I certify that, excluding the caption, table of contents, table of authorities, signature block, and this certification, the foregoing Memorandum of Law contains 3,489 words, calculated using Microsoft Word, which complied with Rule 6.3 of the Local Rules of the United States District Court for the Southern District of New York.

Dated: New York, New York
November 20, 2026

LETITIA JAMES
Attorney General of the State of New York
By: /s/ Jessica Ranucci
Jessica Ranucci
Special Counsel
28 Liberty Street
New York, NY 10005