UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X

STATE OF NEW YORK, *et al.*,
Plaintiffs,

- against -

ADMINISTRATION FOR CHILDREN AND FAMILIES, *et al.*,

Defendants.

---------------------------------------------------------X

26-CV-172 (VSB)

**OPINION & ORDER**

Appearances:

Jessica Grace Ranucci
Molly Anne Thomas-Jensen
Philip Levitz
Stephen Christopher Thompson
Victoria Ochoa
Rabia Claire Muqaddam
NYS Office of The Attorney General
New York, NY
*Counsel for Plaintiff State of New York*

Alexis Martin Piazza
California Department of Justice
Los Angeles, CA

Christine Hsiao-Ting Chuang
Office of The Attorney General of California
San Francisco, CA

Harald H. Kirn
California Attorney General's Office
Sacramento, CA

Jesse P. Basbaum
Office of The Attorney General of California
Oakland, CA
*Counsel for Plaintiff State of California*

David Moskowitz
Nora Q.E. Passamaneck
Colorado Department of Law
Denver, CO
*Counsel for Plaintiff State of Colorado*

Michael M. Tresnowski
Sherief Gaber
Vikas Didwania
Illinois Attorney General's Office
Chicago, IL
*Counsel for Plaintiff State of Illinois*

Lindsey E. Middlecamp
Minnesota Attorney General's Office
St. Paul, Minnesota
*Counsel for Plaintiff State of Minnesota*

Kamika Shaw
Mallika Balachandran
U.S. Attorney's Office, SDNY
New York, NY
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

Before me is Defendants' Rule 72 objection to Magistrate Judge Robyn F. Tarnofsky's September 16, 2026 Order, (Doc. 155 (the "Order")), granting Plaintiffs' motion to compel discovery in part. Because I find that Defendants fail to demonstrate any clear error in Judge Tarnofsky's Order, Defendants' objection is OVERRULED.

## I. **Background and Procedural History**[1]

On January 8, 2026, the States of New York, California, Colorado, Illinois, and Minnesota ("Plaintiffs" or "Plaintiff States") brought suit challenging federal attempts to freeze billions of dollars in childcare funding to their States. (Doc. 1.) Plaintiffs challenged the actions

[1] For purposes of this Opinion & Order, I presume familiarity with the facts of this case and include only those necessary to resolve the instant objection.

of the HHS Defendants[2] as in excess of HHS's statutory authority and arbitrary and capricious pursuant to the Administrative Procedure Act ("APA"), ultra vires, and in violation of separation of powers, the Spending Clause, and the Appropriations Clause. (*Id.*)

On April 1, 2026, the HHS Defendants produced an administrative record. (Doc. 85 (the "Administrative Record").) The Administrative Record consists of letters to each of the Plaintiff States announcing the challenged funding freezes, as well as two decision memos (with attachments) and one YouTube video featuring allegations of fraud at a small number of daycare centers in Minnesota. (*Id.*) On April 9, 2026, Plaintiffs sent a letter to Defendants stating Plaintiffs' position that the Administrative Record was substantially incomplete. (*See* Doc. 86 at 1.) On April 17, 2026, the parties jointly represented to me that Defendants had "conduct[ed] further searches for relevant material" and "agreed to amend the Administrative Record with any additional relevant materials on or before May 1." (Doc. 86 at 1.) On May 11, 2026, Defendants produced a single additional document: an email chain (the "Email Chain") over which the parties subsequently litigated redactions. (*See* Doc. 159-1.) Defendants also advised Plaintiffs that they had identified one more document that "they declined to add to the record," but "would agree to produce the record with appropriate redactions pursuant to a discovery request." (Doc. 89 at 2.) The parties also jointly represented to me that they "agree that Plaintiffs may conduct some discovery in this matter," though Defendants "reserve[d] their rights to object to the scope of such discovery and any individual discovery requests." (*Id.*)

In May and June, Plaintiffs served requests for production and interrogatories. (Docs. 125-1, 125-2.) Defendants served responses and objections and, notwithstanding those

[2] The HHS Defendants include the Administration for Children and Families; Alex J. Adams, in his official capacity as the Assistant Secretary of the Administration for Children and Families; the U.S. Department of Health and Human Services; and Robert F. Kennedy, Jr., in his official capacity as the Secretary of the U.S. Department of Health and Human Services.

objections, agreed to produce certain responsive records. (Docs. 125-3, 125-4.) On June 12, 2026, the parties jointly represented to the Court that, with a few minor exceptions, Defendants "would not object [to Plaintiffs' requests] on the basis that they are outside of the scope of discovery in this case." (Doc. 100 at 1.) On June 15, 2026, Defendants provided responses to Plaintiffs' interrogatories, in which they indicated that Defendant Russell Vought, the director of the Office of Management and Budget ("OMB"), and another OMB staff member "held a decision-making role and/or directly participated" in the deliberations regarding the funding freeze. (Doc. 125-4 at 5–6.) Plaintiffs subsequently amended their complaint to add OMB and Vought as Defendants. (Doc. 121.)

On July 8, 2026, Defendants purported to "rescind[]" the letters announcing the challenged funding freezes and, on that basis, argued the case was moot and that discovery should not proceed. (Doc. 114.) Since that time, Magistrate Judge Tarnofsky denied Defendants' motion to stay discovery during the pendency of Defendants' motion to dismiss, (Doc. 135), and I denied Defendants' motion to enter a permanent injunction against themselves, "without prejudice for possible later renewal, once I issue a decision on the motion to dismiss and the parties have conducted further discovery," (Doc. 164).

On September 9, 2026, after Defendants had repeatedly failed to produce discovery on the previously agreed-upon timeline, Plaintiffs filed a motion to compel discovery. (Doc. 143 (the "Motion" or "Mot.").) On September 14, 2026, Defendants filed a response in opposition to Plaintiffs' Motion. (Doc. 150.) On September 15, 2026, Magistrate Judge Tarnofsky held a conference, at which the parties argued the Motion. (*See* Doc. 172.)

On September 16, 2026, Magistrate Judge Tarnofsky issued the Order, which granted in part Plaintiffs' motion to compel. (Doc. 155.) Upon finding that "Plaintiffs have made a

credible showing that the administrative record in this case is incomplete," Magistrate Judge Tarnofsky concluded that "Plaintiffs have demonstrated that discovery is warranted in this case brought under the APA." (Order 6–7.) Magistrate Judge Tarnofsky reasoned that "Plaintiffs have made a non-speculative argument based on the chronology of the agency decision that the record does not include all documents that agency decision-makers considered in making their decision." (*Id.* at 6.) In other words, that "the agency decision preceded the assembly of the record, which does not include the materials on which the decision-makers actually relied." (*Id.*) However, Magistrate Judge Tarnofsky recognized that "any discovery to supplement the administrative record should not transform the litigation into one involving all the liberal discovery available under the Federal Rules" of Civil Procedure. (*Id.* (internal quotation marks omitted).) Accordingly, rather than ordering Defendants to respond to the discovery requests Plaintiffs had already served, she directed the parties to meet and confer in an effort to reach agreement concerning the "appropriate limited scope of discovery." (*Id.* at 7.)

On September 30, 2026, Defendants filed an objection to the Order, (Doc. 165), and a memorandum of law in support, (Doc. 166 (the "Objection" or "Obj.")). Although Defendants acknowledged that courts have allowed for extra-record discovery in APA actions, they argued that Plaintiffs have failed to "come forward with the requisite concrete evidence to overcome the presumption of completeness." (*Id.* at 1.) On October 14, 2026, Plaintiffs filed a response in opposition to Defendants' objection. (Doc. 175 ("Opp.").)

## II. <u>Legal Standard</u>

"It is well-settled that a magistrate judge's resolution of a nondispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion." *Jablonski v. Special Couns., Inc.*, No. 16-CV-5243, 2023 WL 2644212, at *1

(S.D.N.Y. Mar. 27, 2023) (internal quotation marks omitted). In particular, a district court's review of a magistrate judge's discovery order is "highly deferential," *Thai Lao Lignite (Thai.) Co. v. Gov't of Lao People's Dem. Rep.*, 924 F. Supp. 2d 508, 511 (S.D.N.Y. 2013), as "magistrates are afforded broad discretion in resolving discovery disputes," *MASTR Adjustable Rate Mortgs. Tr. 2006-OA2 v. UBS Real Estate Secs. Inc.*, No. 12-CV-7322, 2013 WL 6840282, at *1 (S.D.N.Y. Dec. 27, 2013) (citing *Botta v. Barnhart*, 475 F. Supp. 2d 174, 185 (E.D.N.Y. 2007)). In reviewing a magistrate judge's discovery order, a district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). A ruling is "clearly erroneous" when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Gualandi v. Adams*, 385 F.3d 236, 240 (2d Cir. 2004) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A ruling is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Weiss v. La Suisse*, 161 F. Supp. 2d 305, 321 (S.D.N.Y. 2001) (internal quotation marks omitted). "A party may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a). "In reviewing the decision of a magistrate judge, a district judge should not consider factual evidence that was not presented to the magistrate judge." *Verint Sys. Inc. v. Red Box Recorders Ltd.*, 183 F. Supp. 3d 467, 470 (S.D.N.Y. 2016) (internal quotation marks omitted).

## III. **Discussion**

As an initial matter, Defendants raise two "threshold issues" regarding the proper timing of discovery in this case, (Obj. 2 n.2.), both of which relate to arguments advanced in Defendants' pending motion to dismiss the amended complaint, (*see* Doc. 129 at 7–16 (mootness) and 18–22 (OMB Defendants)). First, Defendants claim that this case is moot

because they rescinded the challenged funding freeze letters, and now argue that I should "resolve the threshold issue[] of whether or not there is a live case or controversy before making any determination regarding extra-record discovery." (Obj. 2 n.2) Second, Defendants argue that "[o]rdering OMB to provide discovery is particularly inappropriate here when the Court has not yet ruled on whether it has been properly named as a defendant." (*Id.*)

Neither "threshold issue[]" provides a basis to disturb Magistrate Judge Tarnofsky's Order, which concerns the propriety of limited discovery in this case. Whether to stay such discovery pending resolution of a motion to dismiss is a distinct question, which Magistrate Judge Tarnofsky separately considered and rejected in an order dated August 7, 2026. (Doc. 135.) Defendants neither objected to that order nor moved for reconsideration, and the deadline for a timely Rule 72 objection has long passed. *See* Fed. R. Civ. P. 72(a) ("A party may serve and file objections to the order within 14 days after being served with a copy."). Defendants provide no explanation here why this fact should not preclude them from seeking to stay discovery now. Accordingly, Defendants' arguments regarding the appropriate timing of discovery in this case are not properly before me.

Turning to the propriety of limited discovery in this case, Defendants first argue that the Order is contrary to law because Magistrate Judge Tarnofsky "misapplied" the applicable legal standard. (Obj. 11.) I disagree. Magistrate Judge Tarnofsky began by acknowledging the general presumption that judicial review in APA cases is confined to the administrative record compiled by the agency. (Order 1–2, 5.) This is a correct recitation of the law. As the Second Circuit has explained, judicial review of agency action is generally "confined to the administrative record compiled by that agency when it made the decision." *Nat'l Audubon Soc'y v. Hoffman*, 132 F.3d 7, 14 (2d Cir. 1997); *see also Camp v. Pitts,* 411 U.S. 138, 142 (1973)

(noting that the "focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court.") That is because, although courts have a statutory obligation to review "the whole record" when considering an APA challenge to agency action, 5 U.S.C. § 706, which includes "all documents and materials directly or indirectly considered by agency decision-makers," *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989); *see also Schicke v. Romney*, 474 F.2d 309, 315 (2d Cir. 1973) (noting, in reviewing agency action under the APA, that a court "must have before it the full administrative record which was before the agency and on which the agency determination was based"); *accord Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971), an agency's designation of an administrative record, "like any established administrative procedure, is entitled to a presumption of administrative regularity," *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 740 (10th Cir. 1993); *see also Comprehensive Cmty. Dev. Corp. v. Sebelius*, 890 F.Supp.2d 305, 309 (S.D.N.Y. 2012).

However, as Magistrate Judge Tarnofsky went on to acknowledge, (Order 2), the presumption of completeness is only a presumption. "An agency may not unilaterally determine what constitutes the Administrative Record." *Bar MK Ranches*, 994 F.2d at 739; *Home Box Office, Inc. v. FCC*, 567 F.2d 9, 54 (D.C. Cir. 1977) (noting that an agency's unilateral decision to exclude material from the administrative record cannot "stand[ ] between [a court] and fulfillment of [its] obligation" under the APA). Ultimately, what constitutes the "whole record" for purposes of judicial review is a question of fact. *Dopico v. Goldschmidt*, 687 F.2d 644, 654 (2d Cir. 1982). Where a factfinder determines that the presumption of completeness has been rebutted, "limited discovery" as to the completeness of the record may be warranted. *Id.* Magistrate Judge Tarnofsky correctly articulated this standard, (Order 2–3), found that the

presumption was rebutted by Plaintiffs' "credible showing that the administrative record in this case is incomplete," (*id.* at 6), and ordered "limited discovery" on that basis, (*id.* at 6–7). Her Order, therefore, was not contrary to law.

Defendants insist that Magistrate Judge Tarnofsky applied the wrong standard because she did not find that Plaintiffs had identified "particular documents" that were improperly omitted from the Administrative Record. (Obj. 11–12.) This argument is not persuasive. Defendants point to no controlling precedent holding that the only permissible basis for a finding that the presumption of completeness has been rebutted is a finding that "particular documents," identified by plaintiffs without the aid of limited discovery, were improperly omitted from the record. Absent such a brightline rule, Defendants' objection essentially boils down to disagreement with Magistrate Judge Tarnofsky's factfinding, which I am bound to review under a clear error standard. Fed. R. Civ. P. 72(a); *see, e.g.*, *Calvary Hosp., Inc. v. Kennedy*, No. 1:23-CV-8479-GHW, 2025 WL 2106156, *7–8 (S.D.N.Y. July 25, 2025) (clear error review of magistrate judge's denial of a motion to complete the administrative record in social security context).

In the context of this case, I find no clear error in Magistrate Judge Tarnofsky's finding that Plaintiffs "made a credible showing that the administrative record . . . is incomplete," sufficient to rebut the presumption of regularity and warrant limited discovery as to the completeness of the record. (Order 6.)[3] Magistrate Judge Tarnofsky credited the ample factual

---

[3] In a footnote, Defendants take issue with Magistrate Judge Tarnofsky's statement that she "fail[ed] to see how the Court can assess Plaintiffs' credible challenge to the completeness of the record without permitting at least limited discovery." (Obj. 11 n.5 (quoting Order 6).) In Defendants' view, this sentence indicates that Magistrate Judge Tarnofsky did not find that the presumption of completeness had been rebutted, but instead improperly deferred such a finding until after limited discovery. I disagree. Read in context, it is clear that Magistrate Judge Tarnofsky found Plaintiffs had shown a "strong suggestion that the record before the Court was not complete," *Dopico*, 687 F.2d at 654, sufficient to rebut the presumption of completeness and warrant limited discovery on that issue.

evidence Plaintiffs presented on the issue of completeness of the record, including but not limited to:

- "[T]he chronology of the agency decision," (Order 6)—including, *e.g.*, that the Email Chain in the Administrative Record shows that the documents that were attached to the "decision memoranda" were provided by OMB to HHS after the decision to impose the challenged funding freezes had already been made, (*compare* Doc. 159-1 at *3 (11:23 a.m. email sending draft letters for OMB review and noting that the letters were already being reviewed by the Office of General Counsel), *with id.* at *1–2 (2:06 p.m. email from OMB providing HHS with links to various news articles later attached to the decision memoranda); *see also* Mot. 6–7; Opp. 10–12);

- "[T]hat the record does not clearly identify all decision-makers," (Order 6)—as evinced by Defendants' interrogatory responses confirming that a number of individuals "held a decision-making role and/or directly participated in" the decision-making for whom the Administrative Record includes absolutely nothing about their involvement, (*see* Doc. 125-4 at 5–6; Mot. 5–6; Opp. 12), such as documents they reviewed or created in connection with their decision-making role; and

- "[T]hat the record contains no explanation for important aspects of the agency decision, such as its application to certain states but not others," (Order 6)—notwithstanding Plaintiffs' showing that Defendants initially made a decision to withhold funds from all states and subsequently decided to narrow this withholding to only Plaintiff States, (Mot. 5).

Moreover, I am mindful that Magistrate Judge Tarnofsky's factfinding proceeded against a backdrop in which Defendants repeatedly represented to the Court that they "agree[d] that Plaintiffs may conduct some discovery in this matter." (Doc. 89 at 2; *see also* Doc. 100 at (Defendants "would not object [to Plaintiffs' requests] on the basis that they are outside of the scope of discovery in this case."); Doc. 89 at 2 (Defendants advised Plaintiffs that they had identified one more document that "they declined to add to the record," but "would agree to produce the record with appropriate redactions pursuant to a discovery request.").) Plaintiffs have relied for months upon Defendants' assurances that they would produce documents beyond the Administrative Record in response to discovery requests. (Mot. 9–10.) As such, Plaintiffs

had little reason to anticipate needing to identify specific documents that had been withheld using other means, such as a request under the Freedom of Information Act ("FOIA"). *Cf. Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*, No. 21-CV-5706 (LJL), 2022 WL 2805464, *5 (S.D.N.Y. July 18, 2022) (affording Plaintiffs an opportunity to rebut presumption of completeness with reference to documents obtained pursuant to FOIA request). This unique context lends further support to my conclusion that Magistrate Judge Tarnofsky did not commit clear error in finding that Plaintiffs had successfully rebutted the presumption of completeness using evidence other than "particular documents" that the agency withheld.

In sum, considering the evidence and unique procedural history outlined above, I am not "left with the definite and firm conviction that a mistake has been committed," *Gualandi*, 385 F.3d at 240 (quoting *U.S. Gypsum Co.*, 333 U.S. at 395), and accordingly will not disturb Magistrate Judge Tarnofsky's factual findings.

## IV. Conclusion

For the reasons outlined above, the Objection is OVERRULED.

SO ORDERED.

Dated: November 20, 2026
New York, New York

Vernon S. Broderick
United States District Judge